**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
**STAR AUTO SALES OF QUEENS LLC**
**d/b/a STAR SUBARU,**

                                    **Plaintiff,**

        -against-                                        **COMPLAINT**

**HANIE ISKANDER a/k/a "John Alexander"**
**AND NAGWA YOUSEIF a/k/a "Nagwa F Youseif,**

                                   **Defendants.**
-------------------------------------------------------------------------x

Plaintiff, Star Auto Sales of Queens LLC d/b/a Star Subaru ("Star Subaru" or "Plaintiff") brings this Complaint by and through its attorneys, Milman Labuda Law Group PLLC, against Defendants Hanie Iskander a/k/a John Alexander ("Alexander") and Nagwa Youseif a/k/a Nagwa F Youseif ("Youseif") (collectively, "Defendants") in the above-captioned action and hereby alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings this Complaint against Defendants for (1) fraud and deceit; (2) aiding and abetting of fraud; (3) civil conspiracy of fraud; (4) unjust enrichment; (5) aiding and abetting breach of fiduciary duty; (6) conversion; (7) civil conspiracy of conversion; (8) breach of contract; and (9) constructive trust.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 since the controversy involves citizens of different states and the value of the amount in controversy exceeds $75,000, exclusive of attorney' fees, costs and interest.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2). At all times material hereto, Plaintiff and Defendants operated, conducted, engaged in, and/or carried on a business or business venture in this state. There is the requisite nexus between the business and this action and Defendants engaged in substantial and not isolated activity within New York. At all times material hereto, a substantial portion of the events giving rise to this action arose in this judicial district.

## PARTIES

4. Plaintiff, Star Subaru is a limited liability company formed in the state of New York.

5. Star Subaru is a car dealership with its principal place of business and new car dealership is located at 206-26 Northern Boulevard in Bayside, New York.

6. Defendant, Hanie Iskander a/k/a John Alexander ("Alexander") is a natural person who resides at 288 Crew Ct., Sarasota, Florida 34243.

7. Defendant, Nagwa Youseif a/k/a Nagwa F. Youseif ("Youseif") is a natural person who resides at 288 Crew Ct., Sarasota, Florida 34243.

## FACTS

8. Alexander operates two (2) sole proprietorships: (1) New Vision Advertising ("New Vision") and (2) NV Productions ("NV"). The two (2) sole proprietorships' principal place of business is 1751 Mound St. Ste 208, Sarasota, Florida 34236.

9. Alexander is the founder, executive director, and creative director of NV and New Vision.

10. NV and New Vision are unincorporated businesses that claim to provide marketing and advertising services. On New Vision's website, it states that it delivers "a wide variety of creative services ranging from web design production to print advertising and direct marketing."

It also advertises as being able to "create cutting-edge marketing solutions for small to large sized companies."

11. Youseif is the executive producer of NV and New Vision.

12. Youseif works with Alexander and is in a relationship with Alexander. Youseif resides with Alexander.

13. From in or around November 2007 until in or around December 2017, Star Subaru hired and paid Defendants to provide marketing and advertising services.

14. Defendants failed to perform any marketing and advertising services for Star Subaru.

15. Instead, as fully outlined below, Defendants generated fake adertisements and made misrepresentations to Star Subaru that they placed these advertisements with local television/cable stations and circulated mailer advertisements. However, Defendants never placed or circulated any such advertisements but invoiced and collected fees from Star Subaru for these unplaced advertisements.

16. As the sole proprietor, Alexander was doing business and using NV and New Vision as a vehicle to commit fraud against Star Subaru. Alexander is directly responsible for any fraud committed by NV and New Vision and is responsible for any fraud committed by NV and New Vision.

17. Youseif assisted Alexander with the fraud while she was the executive producer of NV and New Vision.

18. In addition, an employee of Star Subaru, Douglas Filardo ("Filardo"), also assisted Defendants in this fraud.

**DEFENDANTS' ILLEGAL AND IMPROPER CONDUCT**

19. Star Subaru employed Filardo as a sales manager from in or around March 2006 until in or around November 2017.

20. As the sales manager, Filardo specifically oversaw sales operations (including the advertising) of Star Subaru since it began operating in or around March 2006 until he quit in or around November 2017.

21. As part of his sales responsibilities, Filardo, *inter alia*, hired Defendants to perform advertising services on behalf of Star Subaru.

22. Plaintiff (through Filardo) and Defendant Alexander entered into an agreement whereby Defendants would perform advertising services and Star Subaru would pay for those services.

23. Instead of hiring a legitimate advertising firm, Filardo schemed with Defendants to defraud Star Subaru by invoicing Star for advertising that was never actually performed.

24. The scheme was not complicated. It worked as follows:

   a. Filardo created a business, Subaru Motorsports d/b/a Motorsports Advertising (a sole proprietorship) ("Motorsports") which was used as an intermediary between Star Subaru and Defendants;

   b. Star Subaru had no knowledge that Motorsports was a sole proprietorship operated by Filardo;

   c. Star Subaru hired Motorsports to manage, in part, its advertising;

   d. Motorsports, in turn, hired Defendants to perform advertising services for Star Subaru;

   e. Defendants created fake invoices for advertising services that were never actually provided to Star Subaru;

    f. Star Subaru paid Motorsports as per Defendants' invoices for Defendants' work; and

    g. Motorsports and Defendants split the income generated by these false advertisements and false invoices.

25. Upon information and belief, Youseif knew of Alexander's scheme and substantially assisted Alexander in the fraud by creating false advertisements she knew would never be used and generating bogus invoices in order to receive payment for no services rendered by NV and New Vision.

26. In furtherance of the scheme, Filardo told Defendants not speak with Michael Koufakis, the dealer principal for Star Subaru or they would lose Star Subaru's business.

27. Furthermore, Filardo entered New Vision's Tax Identification Number as the Tax Identification Number for Motorsports in Star Subaru's Dealership Management System ("DMS") as a means to disguise and willfully conceal this scheme from Star Subaru.

28. Filardo deposited the money he received from Star Subaru through this scheme into a Motorsports bank account belonging to Filardo. After depositing the money, Filardo wired this money from Motorsports to pay the invoices issued by Defendants.

29. In reality, Defendants provided zero advertising services for Star Subaru.

30. For example, Defendants created fake advertising mailers for Star Subaru which were never distributed.

31. The marketing production company listed on one of the mailers is Velaasis, located at 101 Targeting Center, Windsor, Connecticut 06093. Upon information and belief, this company and address do not exisit.

5

32. There is another marketing production company used by many auto dealers which has a silmilar name called, Valassis, which is located at 235 Great Pond Drive, Windsor, CT 06095.

33. Moreover, upon information and belief, an affiliate of Valassis, RedPlum.com, is or was located nearby at "1 Targeting Center."

34. Defendants used a similar name and address as a means to further disguise their fraud on Plaintiff.

35. Additionally, on New Vision's Facebook page, website, and on YouTube, there is a video commerical New Vision allegedy made to broadcast on Chinese TV channels/networks. Instead, New Vision pirated this video clip from another Subaru Chinese commercial and simply added Star Subaru's information at the end of the commercial. New Vision did this on multiple occasions with commercials in various languages.

36. These commercials were never aired on any channel.

37. Defendants knew their representations about the advertisements were false in order to induce Star Subaru to pay Defendants.

38. Plaintiff's reliance on Defendants' represenations were justifiable given the lengths Defendants went to cover up their misrepresentations.

39. As a result of Defendants' conduct, Plaintiff suffered at least $500,000.00 in damages.

## AS AND FOR A FIRST CLAIM FOR RELIEF

### Fraud and Deceit

40. Plaintiff repeats and re-alleges each and every allegation contained in the complaint as if fully set forth herein.

41. Defendants committed fraud and deceit against Plaintiff.

42. As a result, Plaintiff was injured.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### Aiding and Abetting of Fraud (Youseif only)

43. Plaintiff repeats and re-alleges each and every allegation contained in the complaint as if fully set forth herein.

44. Defendant Youseif knew of Defendant Alexander's scheme to defraud Plaintiff and substantially assisted Alexander in the fraud.

45. As a result, Plaintiff was injured.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### Civil Conspiracy of Fraud

46. Plaintiff repeats and re-alleges each and every allegation contained in the complaint as if fully set forth herein.

47. There was an agreement between Defendants to defraud Plaintiff.

48. As a result, Plaintiff was injured.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### Unjust Enrichment

49. Plaintiff repeats and re-alleges each and every allegation contained in the complaint as if fully set forth herein.

50. Defendants were enriched by their fraud at Plaintiff's expense and detriment.

51. As a result, Plaintiff was injured.

52. It is against equity and good consciousness to permit Defendants to retain monies they received from Plaintiff.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

### Aiding and Abetting Breach of Fiduciary Duty

53. Plaintiff repeats and re-alleges each and every allegation contained in the complaint as if fully set forth herein.

54. Defendants knew that Filardo (as a sales manager) was a fiduciary to Plaintiff.

55. Defendants knowingly participated in the fraud with Filardo and aided and abetted in the breach of his fiduciary duties.

56. As a result, Plaintiff was injured.

### AS AND FOR A SIXTH CLAIM FOR RELIEF

### Conversion

57. Plaintiff repeats and re-alleges each and every allegation contained in the complaint as if fully set forth herein.

58. Through their scheme, Defendants intentionally and without authority took property belonging to Plaintiff and interfered with Plaintiff's right of possession to its property.

59. As a result, Plaintiff was injured.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF

### Civil Conspiracy of Conversion

60. Plaintiff repeats and re-alleges each and every allegation contained in the complaint as if fully set forth herein.

61. Defendants had an agreement to defraud Plaintiff and intentionally acted on that agreement by creating false invoices for advertisements that were never placed.

62. As a result, Plaintiff was injured.

### AS AND FOR AN EIGHTH CLAIM FOR RELIEF

### Breach of Contract (Alexander only)

63. Plaintiff repeats and re-alleges each and every allegation contained in the complaint as if fully set forth herein.

64. Plaintiff and Defendant Alexander (through his sole proprietorships, NV and New Vision) entered into an agreement whereby Defendant would provide advertising services to Plaintiff in exchange for compensation.

65. Plaintiff paid for such services.

66. However, Defendant breached his contract by failing to provide advertising services as agreed to for Plaintiff.

67. As a result, Plaintiff was injured.

## AS AND FOR A NINTH CLAIM FOR RELIEF

### Constructive Trust

68. Plaintiff repeats and re-alleges each and every allegation contained in the complaint as if fully set forth herein.

69. Defendants had a fiduciary and confidential relationship with Plaintiff.

70. Plaintiffs made a promise to provide advertising services to Plaintiff in exchange for compensation.

71. Plaintiff transferred money to Defendants in reliance on their promise and Defendants were unjustly enriched when Plaintiff paid Defendants for services not rendered.

72. As a result, Plaintiff was injured.

**WHEREFORE**, by reason of the foregoing, Plaintiff prays for a judgment against Defendants as follows:

1. On the first claim for relief for an order awarding damages in an amount that may be determined upon the trial in this action.

2. On the second claim for relief for an order awarding damages in an amount that may be determined upon the trial in this action.

3. On the third claim for relief for an order awarding damages in an amount that may be determined upon the trial in this action.

4. On the fourth claim for relief for an order awarding damages in an amount that may be determined upon the trial in this action.

5. On the fifth claim for relief for an order awarding damages in an amount that may be determined upon the trial in this action.

6. On the sixth claim for relief for an order awarding damages in an amount that may be determined upon the trial in this action.

7. On the seventh claim for relief for an order awarding damages in an amount that may be determined upon the trial in this action.

8. On the eighth claim for relief for an order awarding damages in an amount that may be determined upon the trial in this action.

9. On the ninth claim for relief for an order awarding damages in an amount that may be determined upon the trial in this action.

10. For an order awarding Plaintiff pre and post judgment interest.

11. For an order awarding Plaintiff's attorney's fees.

12. For such other and further relief as this court deems just and proper.

**Plaintiff demands a trial by jury of the within action of all issues so triable.**

Dated: Lake Success, New York
Dated: December 3, 2019

/s/ _____
Joseph M. Labuda, Esq.
Jamie S. Felsen, Esq.

MILMAN LABUDA LAW GROUP PLLC
*Attorneys for Plaintiff*
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
516-328-8899
joe@mllaborlaw.com
jamie@mllaborlaw.com

11