# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

———

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Jamie S. Felsen, Esq - Member
Direct E-Mail Address: jamie@mllaborlaw.com
Direct Dial: (516) 303-1391

October 26, 2020

**VIA ECF**
Magistrate Judge Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom N504
Brooklyn, New York 11201

> **Re:** **Star Auto Sales of Queens LLC v. Hanie Iskander, *et al.***
> **Case No.: 1:19-cv-06791-RPK-ST**

Dear Judge Tiscione:

This firm represents Plaintiff Star Auto Sales of Queens LLC d/b/a Star Subaru in the above-referenced action.

Plaintiff respectfully submits this motion, pursuant to Fed. R. Civ. Proc. 37, seeking an order compelling Defendant, Hanie Iskander, to produce documents that he was previously directed to produce.

On August 4, 2020, following Defendant Iskander's deposition, Plaintiff sent an e-mail to Defendant Iskander memorializing twenty-four (24) requests for documents/information that were made at Defendant Iskander's deposition. **(A copy of the August 4, 2020 e-mail containing the 24 document demands is annexed hereto as Exhibit "A").**

On September 8, 2020, after Defendant Iskander refused to answer certain questions at his deposition and failed to produce the documents requested of him at his deposition, the Court, *inter alia*, ordered Defendant Iskander to "produce documents as requested or specifically identify which documents he does not possess by October 8, 2020." **(A copy of the Order is annexed hereto as Exhibit "B").**

On October 7, 2020, Defendant Iskander served a response to document demands to which he previously responded and which were not responsive to the document demands requested in the August 4, 2020 e-mail. After Plaintiff informed Defendant Iskander of same, on October 16, 2020, Defendant Iskander responded to the August 4, 2020 document demands. **(A copy of Defendant**

Magistrate Judge Steven L. Tiscione
United States District Court Eastern District of New York
October 26, 2020
P a g e | **2**

**Iskander's October 16, 2020 response to the discovery demands is annexed hereto as Exhibit "C").** However, Defendant Iskander's responses contain numerous deficiencies which I informed him about on October 16, 2020.  Despite my attempts to have Defendant Iskander cure his deficiencies, he has refused, stating that he has already responded and he has no involvement with the claims against him, a statement he has repeatedly made throughout this litigation in an attempt to avoid his discovery obligations.  (**A copy of Defendant Iskander's October 26, 2020 e-mail is annexed hereto as Exhibit "D").**

Below is a summary of the requests for which Defendant Iskander has refused to produce responsive documents:

2.  **Copy of your current driver's license.**

Upon information and belief, Defendant Iskander has used various aliases to hide behind his fraudulent conduct.  His driver's license will provide discoverable information regarding his true identity and should be produced.

7.  **The double-sided document you were viewing during your deposition that lists New Vision Advertising's clients.**

In his response, Defendant Iskander states "You can find it on the previous website" apparently referring to New Vision Advertising's website which he has altered during the instant litigation. However, Defendant Iskander is obligated to produce the actual documents that he was viewing during his deposition.  Plaintiff is not obligated to perform its own independent search for responsive documents.

8.  **Complete the attached 4506-T so that we can obtain the tax returns for New Vision Advertising for 2010-2016.**
9.  **Tax returns for Hanie Iskander/John Alexander since 2010.  If you do not have any of the tax returns, complete a form 4506-T and provide to me.**

In his response, as he states in most of his responses, Defendant Iskander states "I do not have any related document to previous business".  However, Defendant Iskander is obligated under Fed. R.Civ. Proc. 34 to produce documents not only in his possession, but also documents in his custody or control.  Therefore, he should be directed to complete Form 4506-T so that Plaintiff can obtain the tax returns.

10.  **Tax returns for Nagwa Youseif since 2010.  If you do not have any of the tax returns, complete a form 4506-T and provide to me.**
17.  **The bank account number for Nagwa Youseif's Bank of America account.**
23.  **All documents regarding Nagwa Youseif's position as Executive Producer with New Vision and NV as previously indicated on New Vision's website, "www.nvadvertising.net"**

Magistrate Judge Steven L. Tiscione
United States District Court Eastern District of New York
October 26, 2020
P a g e | 3

In response to each of these demands, Defendant Iskander states that Nagwa Youseif was never involved in the business of New Vision Advertising. While Defendants are entitled to defend the claims by asserting that Nagwa Youseif was not involved in New Vision Advertising (even though its website listed her as Executive Producer of New Vision until they removed same during this litigation), this defense does not absolve them of their discovery obligations to produce responsive documents in their possession, custody or control.

### 11. Copy of insurance licenses

Again, Defendant Iskander states "I do not have any related document to previous business. However, when I met and conferred with him to resolve the issues discussed herein, I clarified to Defendant Iskander that this demand has nothing to do with his previous business and instead addresses his deposition testimony that he is currently licensed in the insurance industry. However, he responded nonsensically to Plaintiff's deficiency letter, as he did to all of the issues raised therein, by stating that he has already responded to all of Plaintiff's requests and he has no involvement with the claims against him. As the Court previously explained to Defendant Iskander, his belief that he did nothing wrong does not absolve him of his discovery obligations.

### 12. The full names, last known addresses, and phone numbers for Kristy and Anita, the two office employees that worked on Star Subaru for New Vision Advertising
### 14. The names, addresses and telephone numbers of the four (4) companies that performed mailings for New Vision Advertising

Again, Defendant Iskander states that he does not have any documents related to his previous business. However, these requests are for information, not the production of documents.

### 15. Cell phone records establishing all communications with Douglas Filardo

In response to Defendant Iskander's response "I do not have any record of previous business since 2017", Plaintiff requested that he provide the cell phone number and the identity of the provider he used when he communicated with Douglas Filardo concerning New Vision and informed Defendant Iskander that Plaintiff will provide Defendant Iskander with an authorization so that Plaintiff can obtain responsive documents. However, Defendant Iskander responded nonsensically that he has already responded and he has no involvement with the claims against him.

### 18. The bank account number for New Vision's Wells Fargo account.

In its deficiency letter, Plaintiff clarified that it meant to request the identity of the bank account number for New Vision's Suntrust Bank account (not Wells Fargo) with whom he testified New Vision had an account. However, Defendant Iskander responded nonsensically that he has already responded and he has no involvement with the claims against him.

Magistrate Judge Steven L. Tiscione
United States District Court Eastern District of New York
October 26, 2020
P a g e | **4**

22. **All documents related to any lawsuit or criminal proceedings in which you were involved.**

Defendant Iskander responded "I do not have any related document".  However, Defendant Iskander is obligated under Fed. R.Civ. Proc. 34 to produce documents in his possession, custody or control.  Therefore, if the attorney that represented him in any prior civil or criminal cases has responsive documents, Defendant Iskander should be directed to obtain them from him or her and produce them to Plaintiff.

24. **All screenshots you took of Plaintiff's documents during your deposition.**

Defendant Iskander responded "What screenshots?"  During the meet and confer, Plaintiff reminded Defendant Iskander that during the deposition, he took pictures of the screen and he needs to produce those pictures.  However, Defendant Iskander responded nonsensically that he has already responded and he has no involvement with the claims against him.

Lastly, in response to demands nos. 3-6, 13, 16, and 19-21, Defendant Iskander states he "do[es]not have any related document to previous business".  However, based on Defendant Iskander's repeated statements that he has no involvement with the claims against him and his failure to produce any documents in this litigation, it appears that Defendant Iskander did not attempt to locate documents responsive to these demands.

Accordingly, Plaintiff seeks an Order directing Defendant Iskander to respond to each of the demands discussed herein.

Respectfully submitted,

/s/ Jamie S. Felsen

cc:   Hanie Iskander a/k/a John Alexander (via email: jalexander@myhst.com)

# EXHIBIT "A"

## Jamie Felsen

| | |
|---|---|
| **From:** | Jamie Felsen |
| **Sent:** | Tuesday, August 4, 2020 10:41 AM |
| **To:** | jalexander@myhst.com |
| **Cc:** | Jeremy Koufakis |
| **Subject:** | Star Auto Sales of Queens LLC v. Iskander |

Mr. Alexander ,

This email memorializes the documents we requested at your deposition that you produce:

1. Copy of your current passport
2. Copy of your current driver's license.
3. All communications and documents, including, but not limited to, correspondence, notes, transcripts, facsimiles, emails and related metadata (including but not limited to emails to and from both "john@nvadvertising.net" and "jalexander@myhst.com"), transmission records, text messages, instant messages, phone messages, voicemails, or audio or video tapes, and emails related to any communications between you and Ansira concerning work to be performed for Star Auto Group and/or Filardo.
4. All communications (including but not limited to emails and text messages) between you and Douglas Filardo and/or Motorsports Advertising concerning Star Auto Sales of Queens LLC, including but not limited to, services you and or New Vision Advertising performed for Star Auto Sales of Queens LLC on behalf of Douglas Filardo and/or Motorsports Advertising.
5. All communications (including but not limited to emails and text messages) between you and Douglas Filardo and/or Motorsports Advertising concerning the lawsuit filed by Star Auto Sales of Queens LLC against you.
6. All documents received by New Vision Advertising and/or Hanie Iskander from Subaru's corporate office authorizing the use of certain images in advertisements for Star Subaru.
7. The double-sided document you were viewing during your deposition that lists New Vision Advertising's clients.
8. Complete the attached 4506-T so that we can obtain the tax returns for New Vision Advertising for 2010-2016.
9. Tax returns for Hanie Iskander/John Alexander since 2010.  If you do not have any of the tax returns, complete a form 4506-T and provide to me.
10. Tax returns for Nagwa Youseif  since 2010.  If you do not have any of the tax returns, complete a form 4506-T and provide to me.
11. Copy of insurance licenses
12. The full names, last known addresses, and phone numbers for Kristy and Anita, the two office employees that worked on Star Subaru for New Vision Advertising
13. All checks issued to Kristy and Anita
14. The names, addresses and telephone numbers of the four (4) companies that performed mailings for New Vision Advertising
15. Cell phone records establishing all communications with Douglas Filardo
16. Sample of an invoice for New Vision Advertising
17. The bank account number for Nagwa Youseif's  Bank of America account.
18. The bank account number for New Vision's Wells Fargo account.
19. All documents related to the payment/transfer of money from Motorsports Advertising, Douglas Filardo, and/or Francine Filardo to New Vision Advertising and or Hanie Iskander/John Alexander.
20. All bank records and statements related to deposits into and withdrawals from any bank account onto which the defendants and/or New Vision Advertising are or were a signatory while performing work for Douglas Filardo/Motorsports Advertising
21. All documents, including, but not limited to, correspondence, notes, transcripts, facsimiles, emails and related metadata (including but not limited to emails to and from both "john@nvadvertising.net" and

"jalexander@myhst.com"), transmission records, text messages, instant messages, phone messages, voicemails, or audio or video tapes, and emails related to any communications between Defendants and Star Auto Group and/or Filardo concerning work to be performed for Star Auto Group and/or Filardo.

22. All documents related to any lawsuit or criminal proceedings in which you were involved.

23. All documents regarding Nagwa Youseif's position as Executive Producer with New Vision and NV as previously indicated on New Vision's website, "www.nvadvertising.net"

24. All screenshots you took of Plaintiff's documents during your deposition.


Please produce these documents on or before August 18, 2020.


Jamie S. Felsen - Partner
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
Telephone (516) 328-8899
Fax (516) 328-0082


This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately.  Thank you.

# EXHIBIT "B"

## CIVIL MINUTE ENTRY

| | |
|---|---|
| **BEFORE:** | Magistrate Judge Steven L. Tiscione |
| **DATE:** | September 8, 2020 |
| **TIME:** | 3:30 P.M. |
| **DOCKET NUMBER(S):** | CV-19-6791 (RPK) |
| **NAME OF CASE(S):** | **STAR AUTO SALES OF QUEENS LLC -V- ISKANDER ET AL.** |
| **FOR PLAINTIFF(S):** | Felsen, Koufakis |
| **FOR DEFENDANT(S):** | Iskander, pro se |
| **NEXT CONFERENCE(S):** | **See rulings below** |
| **FTR/COURT REPORTER:** | 3:30 - 3:45 (AT&T) |

### RULINGS FROM MOTION HEARING:

For the reasons discussed on the record, Plaintiff's MOTION to Compel [18] is granted in part and denied in part. Defendant shall be deposed again and is directed to answer the specific questions that he previously refused to answer. Defendant is also directed to produce documents as requested or specifically identify which documents he does not possess by October 8, 2020. The September 10, 2020 conference is canceled.

# EXHIBIT "C"

## Jamie Felsen

| | |
|---|---|
| **From:** | jalexander@myhst.com |
| **Sent:** | Friday, October 16, 2020 4:02 PM |
| **To:** | Jamie Felsen |
| **Subject:** | RE: QUESTION |
| **Attachments:** | Answers for Jamie Qs.pdf |

Attached...
-----Original Message-----
From: "Jamie Felsen" <jamiefelsen@mllaborlaw.com>
Sent: Friday, October 16, 2020 2:07pm
To: "jalexander@myhst.com" <jalexander@myhst.com>
Cc: "Jeremy Koufakis" <jeremy@mmmlaborlaw.com>
Subject: RE: QUESTION

Will you be sending responses today?

_____

Jamie S. Felsen - Partner
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
Telephone (516) 328-8899
Fax (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately. Thank you.

**From:** Jamie Felsen
**Sent:** Monday, October 12, 2020 3:57 PM
**To:** jalexander@myhst.com
**Cc:** Jeremy Koufakis <jeremy@mmmlaborlaw.com>
**Subject:** RE: QUESTION

These 24 questions are the ones that the judge directed you to respond to on September 9 in the attached Order which you were required to respond to by Oct. 8. Please respond by the end of the week as they are already overdue.

_____

Jamie S. Felsen - Partner
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
Telephone (516) 328-8899
Fax (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately. Thank you.

**From:** jalexander@myhst.com <jalexander@myhst.com>
**Sent:** Monday, October 12, 2020 3:54 PM

1

I don't understand your response. I made 24 requests for documents at your deposition which I memorialized in an email to you after your deposition. The judge ordered you to respond to each of them. What you sent is not responsive to these 24 requests, which, again, were the following:

These are different than the question you have asked before the last cession! YOU KEEP COMING UP WITH DIFFERENT QUESTION! Have answered all your questions and i do not have any record of any realted document to previous business. Been out of business since 2017 , all document were sent to Motorsport Advertising Doug Filardo.

1. Copy of your current passport / do not have one
2. Copy of your current driver's license. / this is not related to your case!
3. All communications and documents, including, but not limited to, correspondence, notes, transcripts, facsimiles, emails and related metadata (including but not limited to emails to and from both "john@nvadvertising.net" and "jalexander@myhst.com"), transmission records, text messages, instant messages, phone messages, voicemails, or audio or video tapes, and emails related to any communications between you and Ansira concerning work to be performed for Star Auto Group and/or Filardo. / I do not have any related document to previous business
4. All communications (including but not limited to emails and text messages) between you and Douglas Filardo and/or Motorsports Advertising concerning Star Auto Sales of Queens LLC, including but not limited to, services you and or New Vision Advertising performed for Star Auto Sales of Queens LLC on behalf of Douglas Filardo and/or Motorsports Advertising. /I do not have any related document to previous business
5. All communications (including but not limited to emails and text messages) between you and Douglas Filardo and/or Motorsports Advertising concerning the lawsuit filed by Star Auto Sales of Queens LLC against you. /I do not have any related document to previous business

6.  All documents received by New Vision Advertising and/or Hanie Iskander from Subaru's corporate office authorizing the use of certain images in advertisements for Star Subaru. /I do not have any related document to previous business

7.  The double-sided document you were viewing during your deposition that lists New Vision Advertising's clients. You can find it on the previous website.

8.  Complete the attached 4506-T so that we can obtain the tax returns for New Vision Advertising for 2010-2016. I do not have any related document to previous business

9.  Tax returns for Hanie Iskander/John Alexander since 2010.  If you do not have any of the tax returns, complete a form 4506-T and provide to me. I do not have any related document to previous business

10. Tax returns for Nagwa Youseif  since 2010.  If you do not have any of the tax returns, complete a form 4506-T and provide to me. She never been involved in business at all. I have no idea where you get that from.

11. Copy of insurance licenses. I do not have any related document to previous business

12. The full names, last known addresses, and phone numbers for Kristy and Anita, the two office employees that worked on Star Subaru for New Vision Advertising  I do not have any related document to previous business employees.

13. All checks issued to Kristy and Anita I do not have any related document to previous business

14. The names, addresses and telephone numbers of the four (4) companies that performed mailings for New Vision Advertising I do not have any related document to previous business either I have record of

15. Cell phone records establishing all communications with Douglas Filardo.I do not have any record of previous business since 2017

16. Sample of an invoice for New Vision Advertising. I do not have any related document to previous business but I told you many times how it looks like.

17. The bank account number for Nagwa Youseif's  Bank of America

account. She never been involved in business neither any transactions.

18. The bank account number for New Vision's Wells Fargo account. You hacked that account and you have the statement already which you showed me last time.

19. All documents related to the payment/transfer of money from Motorsports Advertising, Douglas Filardo, and/or Francine Filardo to New Vision Advertising and or Hanie Iskander/John Alexander. I do not have any related document to previous business.

20. All bank records and statements related to deposits into and withdrawals from any bank account onto which the defendants and/or New Vision Advertising are or were a signatory while performing work for Douglas Filardo/Motorsports Advertising I do not have any related document to previous business

21. All documents, including, but not limited to, correspondence, notes, transcripts, facsimiles, emails and related metadata (including but not limited to emails to and from both "john@nvadvertising.net" and "jalexander@myhst.com"), transmission records, text messages, instant messages, phone messages, voicemails, or audio or video tapes, and emails related to any communications between Defendants and Star Auto Group and/or Filardo concerning work to be performed for Star Auto Group and/or Filardo. I do not have any related document to previous business

22. All documents related to any lawsuit or criminal proceedings in which you were involved. I do not have any related document.

23. All documents regarding Nagwa Youseif's position as Executive Producer with New Vision and NV as previously indicated on New Vision's website, "www.nvadvertising.net" She never been in position with the company. Website was for advertising purpose only not a work contract

24. All screenshots you took of Plaintiff's documents during your deposition. What screenshots?

Before I write to the court, please confirm that you will not respond to

these 24 requests.

I wish that will help you

# EXHIBIT "D"

## Jamie Felsen

| | |
|---|---|
| **From:** | jalexander@myhst.com |
| **Sent:** | Monday, October 26, 2020 1:30 PM |
| **To:** | Jamie Felsen |
| **Subject:** | RE: QUESTION |

I did respond to every question as the judge requested! I do not have different answer to your non stop requests!
-----Original Message-----
From: "Jamie Felsen" <jamiefelsen@mllaborlaw.com>
Sent: Monday, October 26, 2020 1:24pm
To: "jalexander@myhst.com" <jalexander@myhst.com>
Cc: "Jeremy Koufakis" <jeremy@mmmlaborlaw.com>
Subject: RE: QUESTION

Just so that I understand, you will not be responding to my Oct. 16 email below regarding the deficiencies in your discovery responses?

_____
Jamie S. Felsen - Partner
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
Telephone (516) 328-8899
Fax (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately.  Thank you.

**From:** jalexander@myhst.com <jalexander@myhst.com>
**Sent:** Monday, October 26, 2020 1:17 PM
**To:** Jamie Felsen <jamiefelsen@mllaborlaw.com>
**Subject:** RE: QUESTION

I have responded to all your questions and I have sent a copy to the court. I have no relations to your claim further. You find all document related with Motorsport.  I wish I can help you. I am so busy till December 25th.

-----Original Message-----
From: "Jamie Felsen" <jamiefelsen@mllaborlaw.com>
Sent: Monday, October 26, 2020 9:29am
To: "jalexander@myhst.com" <jalexander@myhst.com>
Cc: "Jeremy Koufakis" <jeremy@mmmlaborlaw.com>
Subject: RE: QUESTION

Mr. Alexander,

I have not received a response to my below e-mail.  Please let me know today if you will be responding; otherwise, I will file a motion to with the court.

_____
Jamie S. Felsen - Partner
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042

1

Telephone (516) 328-8899
Fax (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately.  Thank you.

**From:** Jamie Felsen
**Sent:** Friday, October 16, 2020 4:32 PM
**To:** jalexander@myhst.com
**Cc:** Jeremy Koufakis <jeremy@mmmlaborlaw.com>
**Subject:** RE: QUESTION

Mr. Alexander,

I write to inform you about deficiencies in your responses that need to be cured.

2 - your driver's license is relevant to determine your formal name as you have used various aliases.
3-6, 13, 16, 19-21 – in response to each of these requests, you state you "do not have any related document to previous business".  Please note you have an obligation to search your records and you will need to testify truthfully under oath at your next deposition with regard to your efforts to respond to each and every one of these demands.
7 – you are obligated to produce the document; I am not obligated to find it from another source
8-9 – as stated in the demands, if you do not have the tax returns, you need to complete Form 4506-T so that we can obtain them
10, 17, 23 – your statement that she was not involved in the business does not provide a basis for you to withhold these documents and information.  She is a defendant in this action and must produce her tax returns, documents regarding her position with New Vision, and the identity of her bank account
11  - This demand has nothing to do with your previous business.  You testified that you are in licensed in the insurance industry.  You need to produce responsive documents.
12, 14 – these requests do not seek the production of documents.  They request that you provide information
15 – Please provide the cell phone number and the identity of the provider you used when you communicated with Douglas Filardo concerning New Vision.  We will provide you with an authorization so that we can obtain responsive documents
18 – You are correct that we have your bank records from Wells Fargo (which we obtained through a subpoena).  This request  was meant to seek the identity of your bank account number for Suntrust Bank – which you testified that you had an account with
22 – You are required to produce documents not only in your possession, but also in your custody and control.  Therefore, if the attorney that represented you in any prior civil or criminal cases has responsive documents, you must obtain them from him or her and produce them
24 – during the deposition, you took pictures of the screen.  You need to produce those pictures.

Please cure these deficiencies by October 24, otherwise we will file a motion with the court.  When you cure these deficiencies, please provide dates in November on which you are available to conclude your deposition and on which Nagwa Youseif is available for her deposition.

_____
Jamie S. Felsen - Partner
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
Telephone (516) 328-8899
Fax (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately.  Thank you.

**From:** jalexander@myhst.com <jalexander@myhst.com>
**Sent:** Friday, October 16, 2020 4:02 PM
**To:** Jamie Felsen <jamiefelsen@mllaborlaw.com>
**Subject:** RE: QUESTION

Attached...
-----Original Message-----
From: "Jamie Felsen" <jamiefelsen@mllaborlaw.com>
Sent: Friday, October 16, 2020 2:07pm
To: "jalexander@myhst.com" <jalexander@myhst.com>
Cc: "Jeremy Koufakis" <jeremy@mmmlaborlaw.com>
Subject: RE: QUESTION

Will you be sending responses today?

_____

Jamie S. Felsen - Partner
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
Telephone (516) 328-8899
Fax (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately.  Thank you.

**From:** Jamie Felsen
**Sent:** Monday, October 12, 2020 3:57 PM
**To:** jalexander@myhst.com
**Cc:** Jeremy Koufakis <jeremy@mmmlaborlaw.com>
**Subject:** RE: QUESTION

These 24 questions are the ones that the judge directed you to respond to on September 9 in the attached Order which you were required to respond to by Oct. 8.  Please respond by the end of the week as they are  already overdue.

_____

Jamie S. Felsen - Partner
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
Telephone (516) 328-8899
Fax (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately.  Thank you.

**From:** jalexander@myhst.com <jalexander@myhst.com>
**Sent:** Monday, October 12, 2020 3:54 PM
**To:** Jamie Felsen <jamiefelsen@mllaborlaw.com>
**Subject:** RE: QUESTION

These are different question than the ones in the complaint. I answer those questions in your cession. I need time to respond. I am very busy this week

-----Original Message-----
From: "Jamie Felsen" <jamiefelsen@mllaborlaw.com>
Sent: Monday, October 12, 2020 3:45pm
To: "jalexander@myhst.com" <jalexander@myhst.com>
Cc: "Jeremy Koufakis" <jeremy@mmmlaborlaw.com>
Subject: RE: QUESTION

I don't understand your response.  I made 24 requests for documents at your deposition which I memorialized in an email to you after your deposition.  The judge ordered you to respond to each of them.  What you sent is not responsive to these 24 requests, which, again, were the following:

1. Copy of your current passport
2. Copy of your current driver's license.
3. All communications and documents, including, but not limited to, correspondence, notes, transcripts, facsimiles, emails and related metadata (including but not limited to emails to and from both "john@nvadvertising.net" and "jalexander@myhst.com"), transmission records, text messages, instant messages, phone messages, voicemails, or audio or video tapes, and emails related to any communications between you and Ansira concerning work to be performed for Star Auto Group and/or Filardo.
4. All communications (including but not limited to emails and text messages) between you and Douglas Filardo and/or Motorsports Advertising concerning Star Auto Sales of Queens LLC, including but not limited to, services you and or New Vision Advertising performed for Star Auto Sales of Queens LLC on behalf of Douglas Filardo and/or Motorsports Advertising.
5. All communications (including but not limited to emails and text messages) between you and Douglas Filardo and/or Motorsports Advertising concerning the lawsuit filed by Star Auto Sales of Queens LLC against you.
6. All documents received by New Vision Advertising and/or Hanie Iskander from Subaru's corporate office authorizing the use of certain images in advertisements for Star Subaru.
7. The double-sided document you were viewing during your deposition that lists New Vision Advertising's clients.
8. Complete the attached 4506-T so that we can obtain the tax returns for New Vision Advertising for 2010-2016.
9. Tax returns for Hanie Iskander/John Alexander since 2010.  If you do not have any of the tax returns, complete a form 4506-T and provide to me.
10. Tax returns for Nagwa Youseif  since 2010.  If you do not have any of the tax returns, complete a form 4506-T and provide to me.
11. Copy of insurance licenses
12. The full names, last known addresses, and phone numbers for Kristy and Anita, the two office employees that worked on Star Subaru for New Vision Advertising
13. All checks issued to Kristy and Anita
14. The names, addresses and telephone numbers of the four (4) companies that performed mailings for New Vision Advertising
15. Cell phone records establishing all communications with Douglas Filardo
16. Sample of an invoice for New Vision Advertising
17. The bank account number for Nagwa Youseif's  Bank of America account.
18. The bank account number for New Vision's Wells Fargo account.
19. All documents related to the payment/transfer of money from Motorsports Advertising, Douglas Filardo, and/or Francine Filardo to New Vision Advertising and or Hanie Iskander/John Alexander.
20. All bank records and statements related to deposits into and withdrawals from any bank account onto which the defendants and/or New Vision Advertising are or were a signatory while performing work for Douglas Filardo/Motorsports Advertising
21. All documents, including, but not limited to, correspondence, notes, transcripts, facsimiles, emails and related metadata (including but not limited to emails to and from both "john@nvadvertising.net" and "jalexander@myhst.com"), transmission records, text messages, instant messages, phone messages, voicemails, or audio or video tapes, and emails related to any communications between Defendants and Star Auto Group and/or Filardo concerning work to be performed for Star Auto Group and/or Filardo.
22. All documents related to any lawsuit or criminal proceedings in which you were involved.

23. All documents regarding Nagwa Youseif's position as Executive Producer with New Vision and NV as previously indicated on New Vision's website, "www.nvadvertising.net"

24. All screenshots you took of Plaintiff's documents during your deposition.

Before I write to the court, please confirm that you will not respond to these 24 requests.

---

Jamie S. Felsen - Partner
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
Telephone (516) 328-8899
Fax (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately. Thank you.

**From:** jalexander@myhst.com <jalexander@myhst.com>
**Sent:** Monday, October 12, 2020 3:39 PM
**To:** Jamie Felsen <jamiefelsen@mllaborlaw.com>
**Subject:** RE: QUESTION

I did not invent those question, those were copy of what you sent me!   I sent a copy to the court as well.
I am not in violation of anything!

-----Original Message-----
From: "Jamie Felsen" <jamiefelsen@mllaborlaw.com>
Sent: Monday, October 12, 2020 2:47pm
To: "jalexander@myhst.com" <jalexander@myhst.com>
Cc: "Jeremy Koufakis" <jeremy@mmmlaborlaw.com>
Subject: RE: QUESTION

Mr. Alexander,

You did not respond to the correct requests for documents. Attached (again) are the 24 items I requested at your deposition that the Court directed you to respond to. You are now in violation of the Court's Order, but I will provide you until the end of the week to respond, otherwise I will file another motion with the court.

---

Jamie S. Felsen - Partner
Milman Labuda Law Group PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
Telephone (516) 328-8899
Fax (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately. Thank you.

**From:** jalexander@myhst.com <jalexander@myhst.com>
**Sent:** Wednesday, October 7, 2020 2:15 PM
**To:** Jamie Felsen <jamiefelsen@mllaborlaw.com>
**Subject:** QUESTION

John Alexander
Health Life Annuity
Broker/Adviser
C: 941 822 2597
O: 941 366 3757
jalexander@myhst.com
Healthcare Solutions team
http://www.myhst.com