# LAW OFFICE OF BRIAN L. GREBEN

| | |
|---|---|
| **316 Great Neck Road** | **Office:   (516) 304-5357** |
| **Great Neck, NY 11021** | **Fax:       (516) 726-8425** |
| www.grebenlegal.com | brian@grebenlegal.com |

February 26, 2021

**Via ECF**
Judge Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   *Star Auto Sales of Queens LLC v. Hanie Iskander a/k/a John Alexander et al.*
              Case No. 19 cv 6791 (RPK)

Dear Judge Kovner:

     My firm was retained by defendants on the afternoon of February 15, 2020 to represent them in the above-referenced action; prior to that date, defendants had been proceeding *pro se*. Please allow this letter to serve as defendants' request for a pre-motion conference to discuss defendants moving for an Order: a) dismissing the Complaint for failure to state a claim upon which relief can be granted, pursuant FRCP 12(b)(6), and for failure to join a necessary party, pursuant to FRCP 12(b)(7) and 19; or, in the alternative, b) granting defendants leave of court to serve a Third-Party Summons and Complaint against Douglass Filardo, the individual who is the subject of the instant action but was not named as a defendant.[1]

     As noted above, the undersigned was retained slightly more than one week prior to the filing of the instant letter. As an experienced attorney, I quickly determined that the Complaint is invalid in several respects that defendants would not have recognized as *pro se* litigants.

**I.    The Action Fails to Name a Necessary Party**

     The Complaint does not name the individual who is the subject of all of plaintiffs' claims, Douglass Filardo, as a party. The Complaint is about Filardo and his alleged actions; the Complaint hardly mentions defendants, and treats its allegations against them as afterthoughts. The Complaint (Doc. 1) alleges that Mr. Filardo was a sales manager of plaintiff (a Subaru dealer in Lake Success, New York) from March 2006 until November 2017. *See* Complaint, ¶19, annexed hereto as Exhibit "A." The Complaint further alleges that Filardo created a business called "Subaru Motorsports d/b/a Motorsports Advertising" ("Motorsports"); that plaintiff "hired Motorsports to manage, in part, its advertising"; that "Motorsports, in turn, hired Defendants to perform advertising services for [plaintiff]"; that defendants invoiced Motorsports; that plaintiff paid Motorsports for these invoices; and that "Motorsports split the income generated by…false advertisements and false invoices." *See* Complaint, ¶¶20-24. The Complaint further alleges that: "Filardo told Defendants not speak [*sic*] with…the dealer principal for [plaintiff] or they

---

[1] There does not appear to be a formal "Answer" filed on the Court's electronic docket, suggesting that defendants do not actually require leave of court to serve third-party pleadings. However, in light of the fact that the Complaint was filed in December 2019, defendants are seeking the Court's permission.

Hon. Rachel P. Kovner
February 26, 2021
-2-

would lose [plaintiff's] business" (Complaint, ¶26); Filardo entered an improper tax identification number into plaintiff's management system "as a means to disguise and willfully conceal this scheme from [plaintiff]" (Complaint, ¶27); and "Filardo deposited the money he received from [plaintiff] through this scheme into a Motorsports bank account belonging to Filardo" and then "wired this money from Motorsports to pay the invoices issued by Defendants" (Complaint, ¶28).

Upon information and belief, Filardo is a New York resident. Defendants respectfully submit that the only possible reason for plaintiff's failure to name Filardo as a defendant is that his inclusion would destroy diversity jurisdiction, and plaintiff apparently prefers litigating in Federal Court.

It is well established that "Rule 19 sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party. A court must first determine whether an absent party belongs in the lawsuit." *Berkley Acquisitions, LLC v., Mallow, Konstam & Hager, P.C.*, 262 F.R.D. 269, 272 (S.D.N.Y. 2009) (citing *Viacom Int'l., Inc. v. Kearney,* 212 F.3d 721, 724 (2d Cir. 2000). Moreover, "[a] party must be joined to the lawsuit if…in that person's absence, the court cannot accord complete relief to the existing parties." *Berkley, supra*, 262 F.R.D. at 272. (citing FRCP 19(a)(1)).

Defendants respectfully submit that a cursory review of the Complaint demonstrates that relief cannot be afforded between the current parties without Filardo's inclusion as a defendant. Virtually even action or omission alleged in the Complaint is described as being done by Filardo. The business that is accused of direct involvement with plaintiff – Motorsports – is alleged to be the creation of Filardo, but is not alleged to be owned by, or to have any connection to, defendants. Moreover, defendants are not described as being involved with, or even privy to, most of the actions and omissions at issue therein. Furthermore, plaintiffs claim that their alleged damages consist of money paid directly to Filardo/Motorsports, and not defendants. *See* Complaint, ¶24(f).

As noted above, Filardo cannot be added as a defendant without destroying diversity jurisdiction. Because there is no way to resolve the instant dispute without Filardo, and there is no way to include Filardo without rendering the case ineligible for diversity jurisdiction, the case must be dismissed. *TMT Co. v. JPMorgan Chase Bank*, 16 cv 8757, 2019 WL 1511024, *5–6 (S.D.N.Y. Mar. 28, 2019); *Brown v. Kay*, 889 F. Supp. 2d 468, 487–88 (S.D.N.Y. 2012), *aff'd*, 514 F. App'x 58 (2d Cir. 2013); *Berkley, supra*, 262 F.R.D. at 273-74.

## II.     The Complaint Fails to State a Valid Claim

The Complaint is inadequately drafted, and fails to assert a valid claim upon which relief could be granted. Each of the Complaint's nine claims for relief are deficient on their face.

The First Claim for Relief is for "Fraud and Deceit." It is well established that FRCP 9 requires that all claims for fraud must be pleaded with particularly, and that the details behind each element of fraud must be provided. As noted above, however, the Complaint contains almost no details about defendants' alleged acts or omissions. Instead, the Complaint merely provides conclusory allegations that defendants were aware of Filardo's activities and/or helped him. This is insufficient to survive dismissal. *Langer v. Paysafe Partners LP*, 19 cv 4388, 2020 WL 7684885, **8-9 (E.D.N.Y. May 22, 2020); *Katz 737 Corp. v. Cohen*, 104 A.D.3d 144, 151,

957 N.Y.S.2d 295, 300 (1ˢᵗ Dep't 2012); *Couri v. Westchester Country Club, Inc.,* 186 A.D.2d 712, 714, 589 N.Y.S.2d 491, 494 (2d Dep't 1992).

The Complaint's second claim for relief is against Nagwa F. Youseif – defendant John Alexander's wife – for aiding and abetting fraud. Ms. Youseif had absolutely nothing to do with the events at issue in the Complaint, did not work for any of the companies involved, and had no knowledge thereof. Indeed, the Complaint supplies no details whatsoever to suggest otherwise. Because the Complaint does not adequately allege that Ms. Youseif had actual knowledge of any alleged fraud, the Complaint's second claim for relief must be dismissed. *de Abreu v. Bank of Am. Corp.*, 812 F. Supp. 2d 316, 322–23 (S.D.N.Y. 2011).

The Complaint's Third Claim for Relief alleges "Civil Conspiracy of Fraud." However, because the underlying claim of fraud is insufficiently pleaded, and must be dismissed for lack of particularity, the conspiracy to commit fraud claim must also be dismissed. *Langer, supra*, 2020 WL 7684885, **8-9 ("Where, as here, a civil conspiracy claim is based on an underlying fraud claim, the failure to plead fraud with particularity is also fatal to the civil conspiracy claim because the requirement to allege an underlying tort is not met.") (citations omitted).

The Complaint's Fourth Claim for Relief sounds in unjust enrichment. This claim is unsustainable on its face because the relationship between the parties is alleged to have been contractual. *Goldman v. Metropolitan Life Ins. Co.,* 5 N.Y.3d 561, 572, 807 N.Y.S.2d 583, 587 (2005) ("Here, in each case, there was no unjust enrichment because the matter is controlled by contract"); *Goldstein v. CIBC World Mkts. Corp.,* 6 A.D.3d 295, 296, 776 N.Y.S.2d 12, 14 (1ˢᵗ Dep't 2004) ("A claim for unjust enrichment, or quasi contract, may not be maintained where a contract exists between the parties covering the same subject matter.") (citations omitted); *Pratt v. Kilo Int'l, LLC*, 2015 U.S. Dist. LEXIS 29045, *6 (E.D.N.Y. 2015).

The Complaint's Fifth Claim for Relief is for "Aiding and Abetting Breach of Fiduciary Duties." The elements of this cause of action include, *inter alia,* breach of a fiduciary duty, and that defendant knowingly induced or participated in this breach. The Complaint, however, does not allege either of these elements beyond bare, conclusory assertions. Plaintiff's claim for aiding and abetting breach of fiduciary duty is therefore untenable. *21ˢᵗ Century Diamond, L.L.C. v. Allfield Training, L.L.C.*, 119 A.D.2d 489, 989 N.Y.S.2d 291, 292 (1ˢᵗ Dep't 2014); *In re Hydrogen, L.L.C.*, 431 B.R. 337, 352 (S.D.N.Y. 2010).

The Complaint's Sixth and Seventh Claims for Relief respectively sound in Conversion and Civil Conspiracy of Conversion. However, plaintiff does not identify the specific property that was allegedly converted. It is not enough to allege unidentifiable, non-specific "funds and assets" (i.e. money) in an attempt to allege manufacture a claim for conversion out of whole cloth. *Berman v. Sugo, LLC,* 580 F.Supp.2d 191, 206-07 (S.D.N.Y. 2008) (citations omitted). 206-07. Accordingly, the Sixth Claim for Relief must be dismissed. Furthermore, because the Conversion claim for relief is insufficient, the claim for Civil Conspiracy of Conversion must also be dismissed. *McCall v. Chesapeake Energy Corp.*, 817 F.Supp.2d 307, 321 (S.D.N.Y. 2011).

The Complaint's Eighth Claim for Relief is for Breach of Contract. However, plaintiff never alleges that defendants had a contractual relationship with plaintiffs – they claim that defendants had a contractual relationship with Filardo, but not with plaintiff. The Eighth Claim for Relief is therefore untenable.

Hon. Rachel P. Kovner
February 26, 2021
-4-

      The Complaint's Ninth for Relief is for a constructive trust.  It is well established that: "[u]nder New York law, 'in order to establish a constructive trust claim, there generally must be proof of; (1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment.'" *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 949 F. Supp. 2d 486, 515 (S.D.N.Y. 2013).  The Complaint does not include any of these necessary allegations, however, and its claim for a constructive trust must therefore be dismissed.

**III.**     **If the Complaint Survives Dismissal, Defendants Should be Granted Leave to Serve a Third-Party Complaint Upon Douglas Filardo.**

      Defendants respectfully submit that if the Complaint survives dismissal, they should be granted leave of Court to serve a Third-Party Complaint upon Filardo for the reasons described above.

      We thank you for your time and consideration.

                                         Respectfully submitted,

                                         /s/ Brian L. Greben

                                         Brian L. Greben

cc:      All current counsel of record (via ECF)