# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Jamie S. Felsen, Esq - Member
Direct E-Mail Address: jamie@mllaborlaw.com
Direct Dial: (516) 303-1391

March 8, 2021

**VIA ECF**
Rachel P. Kovner, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom N504
Brooklyn, New York 11201

      Re:    **Star Auto Sales of Queens LLC v. Hanie Iskander,** *et al.*
             **Case No.: 1:19-cv-06791-RPK-ST**

Dear Judge Kovner:

      This firm represents plaintiff, Star Auto Sales of Queens LLC d/b/a Star Subaru, in the above-referenced action. This letter is submitted in opposition to defendants' request for a pre-motion conference concerning their motion to dismiss. [ECF Doc. No. 43].

      Defendants are precluded from filing a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) and (7) because they previously filed an Answer. [ECF Doc. No. 11]. Indeed, Fed. R. Civ. Proc. 12(b) states "[a] motion asserting any of these defenses [the defenses under 12(b) (1)-(7)] must be made before pleading if a responsive pleading is allowed."

      Even assuming *arguendo* that defendants had not filed an Answer, their anticipated motion to dismiss would otherwise lack merit for the reasons discussed below.

      With regard to defendants' motion to dismiss under Fed. R. Civ. Proc. 12(b)(7), contrary to defendants' argument, Douglas Filardo ("Filardo") is not a necessary party. Defendants' arguments that relief cannot be afforded between the current parties without Filardo's inclusion as a defendant" because "[t]he Complaint is about Filardo and his alleged actions; the Complaint hardly mentions defendants, and treats its allegations against them as afterthoughts" and "there is no way to resolve the instant dispute without Filardo", must be rejected.

      The Complaint alleges that from November 2007 until in or around December 2017, defendant Alexander, through his companies New Vision Advertising and NV Productions, which claim to provide marketing and advertising services, was paid by plaintiff to provide

Rachel P. Kovner, U.S.D.J.
United States District Court Eastern District of New York
March 8, 2021
P a g e | 2

advertisements with local television/cable stations and circulated mailer advertisements, none of which they provided despite their representations to the contrary through the issuance of invoices. (Complaint ¶¶ 8-10, 13-15, 29-36).

Although the Complaint alleges that Filardo assisted Alexander in this fraudulent scheme, that does not make Filardo a necessary party.[1] Plaintiff can surely obtain relief against defendants without Filardo's inclusion in this action. Merely because defendants may, themselves, have claims against Filardo (for which they have the right to bring an action against him) does not mean that Filardo is a necessary party concerning plaintiff's claims against defendants. Accordingly, Filardo is not a necessary party.

With regard to defendants' anticipated motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), for the reasons discussed below, that motion would fail.

As for the fraud claim, defendants' argument that the Complaint "contains almost no details about defendants' alleged acts or omissions" and that "the Complaint merely provides conclusory allegations that defendants were aware of Filardo's activities and/or helped him" makes it clear that defendants have not sufficiently reviewed the Complaint. Indeed, as noted *supra*, plaintiffs allege that from November 2007 until in or around December 2017, defendant Alexander, through his companies, was paid by plaintiff to provide advertisements with local television/cable stations and circulated mailer advertisements, none of which were provided despite their representations to the contrary through issuance of invoices. (Complaint ¶¶ 8-10, 13-15, 29-36).

As for the claim for aiding and abetting fraud against defendant Youseif, her argument that she had no involvement in the business, of course, cannot be considered on a motion to dismiss. Her argument that plaintiffs fail to allege any details of her involvement is mistaken. Indeed, the Complaint alleges she is the executive producer of NV and New Vision who is in a relationship with Alexander and resides with him and substantially assisted Alexander in committing fraud against plaintiff by creating false advertisements she knew would never be used and generating bogus invoices in order to receive payment for no services that they rendered. (Complaint ¶¶ 11-12, 17, 25). In fact, discovery uncovered that she was listed on the website for New Vision with a detailed profile of the work she provides for New Vision's clients.

As for the claim for civil conspiracy of fraud, as discussed *supra*, plaintiff sufficiently alleges a fraud claim, so this claim is not subject to dismissal.

As for the unjust enrichment claim, on one side of their mouth defendants argue that plaintiff has not alleged a breach of contract claim against them and plaintiff alleges that it had a contract only with Filardo (which, in fact, is not what the Complaint alleges), while on the other side of their mouth they argue that plaintiff cannot allege an unjust enrichment claim because they allege a breach of contract claim. They can't have it both ways. In any event, plaintiff is permitted

---

[1] A separate action was filed on December 15, 2017 against Filardo in the Supreme Court of New York, Queens County. The instant action against defendants was commenced on December 3, 2019.

Rachel P. Kovner, U.S.D.J.
United States District Court Eastern District of New York
March 8, 2021
P a g e | 3

to plead a claim for unjust enrichment in the alternative. <u>Bancorp Servs., LLC v Am. Gen. Life Ins. Co.</u>, 2016 U.S. Dist. LEXIS 18330 (S.D.N.Y. Feb. 11, 2016).

As for the aiding and abetting breach of fiduciary duties claim, defendants' argument that plaintiff does not allege the elements beyond bare, conclusory allegations must be rejected. Indeed, plaintiff alleges that defendants knew that Filardo, as a sales manager, was a fiduciary to plaintiff and they knowingly participated in the fraud with Filardo and aided and abetted in the breach of his fiduciary duties by engaging in a scheme with Filardo to defraud plaintiff.

As for the claims for civil conspiracy and conversion, contrary to defendants' argument that plaintiff does not identify the specific property that was allegedly converted, plaintiff, in fact, alleges that defendants collected fees from plaintiff for advertisements that they never placed. (Complaint ¶ 15).

As for the breach of contract claim, contrary to defendants' argument that the Complaint does not allege that defendants had a contractual relationship with plaintiff, the Complaint alleges "Plaintiff (through Filardo [as a manager for plaintiff]) and Defendant Alexander entered into an agreement whereby Defendants would perform advertising services and Star Subaru would pay for those services." (Complaint ¶ 22).

As for the constructive trust claim, plaintiff alleges that it had a confidential or fiduciary relationship with defendants (through their business relationship), defendants promised to provide advertising services, plaintiff transferred money in reliance on defendants' promise to provide advertising services, and defendants were unjustly enriched because they received money from plaintiff for services that they never rendered.

Accordingly, defendants' anticipated motion to dismiss is futile.

Defendants request, in the alternative, to join Filardo as a third-party counterclaim defendant. To avoid the instant anticipated motion practice, Plaintiff would consent to having Filardo joined as a third-party counterclaim defendant.

Respectfully submitted,

/s/ Jamie S. Felsen

cc:   Counsel of Record