UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STAR AUTO SALES OF QUEENS LLC
d/b/a STAR SUBARU,

        Plaintiff,

    -against-                            Docket Number: 19 cv 6791

HANIE ISKANDER a/k/a "John Alexander"
AND NAGWA YOUSEIF a/k/a "Nagwa F Youseif,

        Defendants,
------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Brian L. Greben, Esq.
THE LAW OFFICE OF BRIAN L. GREBEN
Attorney for Defendants
HANIE ISKANDER a/k/a "John Alexander"
AND NAGWA YOUSEIF a/k/a "Nagwa F
Youseif"
316 Great Neck Road
Great Neck, New York  11021
(516) 324-5357

## Table of Contents

PRELIMINARY STATEMENT ................................................................................................ 1

THE COMPLAINT .............................................................................................................. 2

ARGUMENT – POINT I.  THE ACTION FAILS TO NAME A NECESSARY PARTY .......... 3

POINT II. THE COMPLAINT FAILS TO STATE A VALID CLAIM ..................................... 4

A.  STANDARD GOVERNING MOTION TO
DISMISS………………………………………………………………………………….4

B.  THE COMPLAINT'S CLAIMS FOR FRAUD ARE IMPROPERLY PLEAD ..................... 5

C.  THE CLAIM FOR UNJUST ENRICHMENT IS INSUFFICIENTLY PLEAD..................... 8

D.  THE COMPLAINT DOES NOT ALLEGE THE REQUIRED ELEMENTS OF AIDING
AND ABBETTING BREACH OF FIDUCIARY DUTY ............................................................ 9

E  THE CLAIMS FOR CONVERSION AND CIVIL CONSPIRACY FOR CONVERSION
FAIL TO STATE A CLAIM FOR WHICH RELEIF MAY BE GRANTED............................. 12

F.  BREACH OF CONTRACT ............................................................................................. 13

G.  CONSTRUCTIVE TRUST ............................................................................................ 14

POINT III.  IF THE COMPLAINT SURVIVES DISMISSAL, DEFENDANTS SHOULD BE
GRANTED LEAVE TO SERVE A THIRD-PARTY COMPLAINT UPON DOUGLASS
FILARDO …………………………………………………………………………………....14

CONCLUSION.................................................................................................................. 15

# Table of Cases

*3 W. 16th St., LLC v. Commonwealth Land Title Ins. Co.*, 18 cv 1914 (AT) (HBP), 2019 WL 2453402, *3–4 (S.D.N.Y. Feb. 21, 2019), *report and recommendation adopted*, 18 cv 1914 (AT) (HBP), 2019 WL 1397135 (S.D.N.Y. Mar. 28, 2019)...…………………………………………5

*21st Century Diamond, L.L.C. v. Allfield Training, L.L.C.*, 119 A.D.2d 489, 989 N.Y.S.2d 291, 292 (1st Dep't 2014)...…………………………………………………………………9

*Am. Mayflower Life Ins. Co. of New York v Moskowitz,*
17 A.D.3d 289, 293 794 N.Y.S.2d 32(1st Dep't 2005)…………………………………………8

*Amity Loans v. Sterling Nat'l. Bank & Trust Co. of N.Y.,* 177 A.D.2d 277, 575 N.Y.S.2d 854 (1st Dep't 1991)…………………………………………………………………………….12

*Berkley Acquisitions, LLC v., Mallow, Konstam & Hager, P.C.*, 262 F.R.D. 269, 272 (S.D.N.Y. 2009)…………………………………………………………………………………….3, 4

*Berman v. Sugo, LLC,* 580 F.Supp.2d 191 (S.D.N.Y. 2008)………………………………..12, 13

*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*,
949 F. Supp. 2d 486, 515 (S.D.N.Y. 2013)……………………………………………………13

*Briarpatch Ltd., v. Geisler Roberdeau, Inc.*, 99 cv 9623 (RWS), 2007 WL 1040809, *22 (S.D.N.Y. Apr. 4, 2007)...………………………………………………………………………...10, 11

*Brown v. Kay*, 889 F. Supp. 2d 468, 487–88 (S.D.N.Y. 2012), *aff'd,*
514 F. App'x 58 (2d Cir. 2013)...……………………………………………………………..4

*Burry v. Madison Park Owner LLC*, 84 A.D.3d 699, 700,
924N.Y.S.2d 77 (1st Dep't 2011)...……………………………………………………………11

*Cachet Fin. Servs. v. MyPayrollHR*, 119 cv1181 (FJS) (CFH), 2020 WL 5232275,
*10 (N.D.N.Y. Sept. 2, 2020)...…………………………………………………………………9

*Citibank, N.A. v. Silverman*,
85 A.D.3d 463, 466, 925 N.Y.S.2d 442, 445 (1st Dep't 2011)………………………………10

*Cohen v. BMW Investments L.P.*, 144 F.Supp.3d 492, 500 (S.D.N.Y. 2015)…………………..8

*Cordaro v. AdvantageCare Physicians, P.C.*, 69 Misc. 3d 787, 793, 131 N.Y.S.3d 523, 530 (N.Y. Sup. Ct.), *judgment entered sub nom. Cordaro, D.O. v. Advantagecare Physicians, P.C.* (N.Y. Sup. Ct. 2020)………………………………………………………………………………11, 12

*Couri v. Westchester Country Club, Inc.,*
186 A.D.2d 712, 714, 589 N.Y.S.2d 491 (2d Dep't 1992)…………………………………6

*de Abreu v. Bank of Am. Corp.*, 812 F. Supp. 2d 316, 322–23 (S.D.N.Y. 2011)……………7, 10

*Elsky v. KM Ins. Brokers*, 139 A.D.2d 691, 527 N.Y.S.2d 446 (2d Dep't 1988)………..…………7

*Farrell Family Ventures, LLC v. Sekas & Associates, LLC*,
863 F.Supp.2d 324 (S.D.N.Y. 2012)………..………………………………………………14

*Fiorenti v. Central Emergency Physicians, PLLC,* 305 A.D.3d 453, 454-55,
762 N.Y.S.2d 402 (N.Y.App.Div.2003)………..……………………………………………12

*Georgia Malone & Co., Inc. v. Reider*,
19 N.Y.3d 511, 516, 950 N.Y.S.2d 333 (2012)……………….…………………………………8

*Goldman v. Metropolitan Life Ins. Co.*,
5 N.Y.3d 561, 572, 807 N.Y.S.2d 583, 587 (2005)…………………………………………..…8

*Goldstein v. CIBC World Mkts. Corp.*,
6 A.D.3d 295, 296, 776 N.Y.S.2d 12, 14 (1ˢᵗ Dep't 2004)………………………………………8

*H2O Swimwear, Ltd. v. Lomas*, 164 A.D.2d 804, 56 N.Y.S.2d 19 (1st Dep't
1990)………………………..……………………………………………..............11

*Harvest Moon, Inc. v. Arochas*,
270 A.D.2d 138, 706 N.Y.S.2d 308 (1ˢᵗ Dep't 2000)……………………………………......10

*In re Hydrogen, L.L.C.*, 431 B.R. 337, 352 (S.D.N.Y. 2010)..…………………………………9

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 11 MDL 2262 (NRB), 2019 WL 1331830,
at *20 (S.D.N.Y. Mar. 25, 2019)..………………………………………………………7

*Kamin v. American Express Company*,
86 Misc.2d 809, 815, 383 N.Y.S.2d 807, 812 (Sup. Ct., NY Cty., 1976)……………………10

*Katz 737 Corp. v. Cohen*,
104 A.D.3d 144, 151, 957 N.Y.S.2d 295, 300 (1ˢᵗ Dep't 2012)…………………………5, 6

*Kaufman v. Cohen,* 760 N.Y.S.2d 157, 169 (1st Dep't 2003)………………………………10

*Kirch v. Liberty Media Corp.,* 449 F.3d 388, 401 (2d Cir.2006)……………………………..13

*Langer v. Paysafe Partners LP*, 19 cv 4388, 2020 WL 7684885,
**8-9 (E.D.N.Y. May 22, 2020)…..……………………………………………………5, 7

*Lucker v. Bayside Cemetery*, 114 A.D.3d 162, 174, 979 N.Y.S.2d 8, 17 (2013)…..……………12

*Marini v. Adamo*, 644 Fed. Appx. 33 (2d Cir. 2016)…………………………..........................8

*McCall v. Chesapeake Energy Corp.*, 817 F. Supp. 2d 307, 321 (S.D.N.Y. 2011), *aff'd*, 509 F. App'x 62 (2d Cir. 2013)………………………………………………………………………13

*Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 197 (2d Cir. 2013)...……5

*New York Bay Capital, LLC v. Cobalt Holdings, Inc.*, 19 cv 3618 (GHW), 2020 WL 3181661, *2 (S.D.N.Y. Jun. 12, 2020)…………………………....................................................................14

*Pontos Renovation v. Kitano Arms Corp.*
 226 A.D.2d 191, 192, 640 N.Y.S.2d 525, 526 (1ˢᵗ Dep't 1996)……………………………....6

*Pratt v. Kilo Int'l, LLC*, 2015 U.S. Dist. LEXIS 29045 (E.D.N.Y. 2015)………………….....8

*Precision Concepts, Inc. v. Bonsanti*,
172 A.D.2d 737, 569 N.Y.S.2d 124, 125 (2d Dep't 1991)…………………………………….6

*Sidik v. Royal Sovereign International, Inc.*, 17 cv 7020 (ADS) (ARL), 2019 WL 8275239, *2 (E.D.N.Y. Mar. 5, 2019)…………………………………………………………………..……14

*Terry v. City of New York*, 19 cv 9688 (LGS), 2021 WL 517935, *1 (S.D.N.Y. Feb. 10, 2021)
*TMT Co. v. JPMorgan Chase Bank*, 16 cv 8757, 2019 WL 1511024, *5–6 (S.D.N.Y. Mar. 28, 2019)……………………………………………………………………………………………5

*Thys v. Fortis Securities LLC,* 74 A.D.3d 546, 903 N.Y.S.2d 368 (1st Dep't 2010)…………..13

*Viacom Int'l., Inc. v. Kearney,* 212 F.3d 721, 724 (2d Cir. 2000)………………………………3

*Volt Delta Resources LLC v. Soleo Comm's Inc.,* No. 601443/05, 2006 WL 800791, at *3 (N.Y. Sup. Ct. Mar. 29, 2006)……………………………………………………………………..13

## **PRELIMINARY STATEMENT**

This memorandum of law is submitted in support of defendants' motion an Order: a) dismissing the Complaint for failure to state a claim upon which relief can be granted, pursuant FRCP 12(b)(6), and for failure to join a necessary party, pursuant to FRCP 12(b)(7) and 19; or, in the alternative, b) granting defendants leave of court to serve a Third-Party Summons and Complaint against Douglass Filardo, the individual who is the subject of the instant action but was not named as a defendant, pursuant to FRCP 14(a).

The Complaint does not name the individual who is the subject of all of plaintiffs' claims, Douglass Filardo, as a party.  Upon information and belief, Filardo is a New York resident. Defendants respectfully submit that the only possible reason for plaintiff's failure to name Filardo as a defendant is that his inclusion would destroy diversity jurisdiction, and plaintiff apparently prefers litigating in Federal Court.

Plaintiff has argued that defendants cannot move to dismiss pursuant to FRCP 12(b) because defendants allegedly filed an answer as *pro se* litigants.  However, the document that plaintiff references – Doc. 11 – is not an answer.  Document 11 was filed as a "letter," and is written as a letter addressing some of plaintiff's allegations, but does not identify each allegation, and is not written in an organized manner that corresponds to the Complaint.  A copy of the Document 11 accompanies this letter as Exhibit "A."

In the event that the Court considers that defendants are precluded from moving to dismiss pursuant to FRCP 12(b), defendants respectfully request that the instant motion be viewed as addressing a motion for a judgment on the pleadings pursuant to FRCP 12(c).  FRCP 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party

1

may move for judgment on the pleadings." Motions for a judgment on the pleadings are decided under the "same standard as that applicable to a motion under Rule 12(b)(6)…" *Jenkins v. Collins Building Services, SEIU*, 500 Fed.Appx. 54, 55 (2d Cir. 2012).

## THE COMPLAINT

The Complaint is about Filardo and his alleged actions; it hardly mentions defendants, and treats its allegations against them as afterthoughts. The Complaint (Doc. 1) alleges that:

- Mr. Filardo was a sales manager of plaintiff (a Subaru dealer in Lake Success, New York) from March 2006 until November 2017. *See* Complaint, ¶19, annexed hereto as Exhibit "B.";

- Filardo created a business called "Subaru Motorsports d/b/a Motorsports Advertising" ("Motorsports") (Complaint, ¶24(a));

- plaintiff "hired Motorsports to manage, in part, its advertising" (Complaint, ¶24(c));

- "Motorsports, in turn, hired Defendants to perform advertising services for [plaintiff]" (Complaint, ¶24(d));

- defendants invoiced Motorsports, and plaintiff paid Motorsports for these invoices (Complaint, ¶24(e),(f));

- "Motorsports split the income generated by…false advertisements and false invoices." (Complaint, ¶24(g));

- "Filardo told Defendants not speak [*sic*] with…the dealer principal for [plaintiff] or they would lose [plaintiff's] business" (Complaint, ¶26);

- Filardo entered an improper tax identification number into plaintiff's management

2

system "as a means to disguise and willfully conceal this scheme from [plaintiff]"

(Complaint, ¶27); and

- "Filardo deposited the money he received from [plaintiff] through this scheme

  into a Motorsports bank account belonging to Filardo" and "wired this money

  from Motorsports to pay the invoices issued by Defendants" (Complaint, ¶28).

## ARGUMENT

### POINT I.

### THE ACTION FAILS TO NAME A NECESSARY PARTY

It is well established that FRCP "Rule 19 sets forth a two-step test for determining

whether the court must dismiss an action for failure to join an indispensable party.  A court must

first determine whether an absent party belongs in the lawsuit." *Berkley Acquisitions, LLC v.,*

*Mallow, Konstam & Hager, P.C.*, 262 F.R.D. 269, 272 (S.D.N.Y. 2009) (citing *Viacom Int'l.,*

*Inc. v. Kearney,* 212 F.3d 721, 724 (2d Cir. 2000).  Moreover, "[a] party must be joined to the

lawsuit if…in that person's absence, the court cannot accord complete relief to the existing

parties." *Berkley, supra*, 262 F.R.D. at 272*.* (citing FRCP 19(a)(1)).

Defendants respectfully submit that a cursory review of the Complaint demonstrates that

relief cannot be afforded between the current parties without Filardo's inclusion as a defendant.

Virtually even action or omission alleged in the Complaint is described as being done by Filardo.

The business that is accused of direct involvement with plaintiff – Motorsports – is alleged to be

the creation of Filardo, but is not alleged to be owned by, or to have any connection to,

defendants.  Moreover, defendants are not described as being involved with, or even privy to,

most of the actions and omissions at issue therein.  Furthermore, plaintiffs claim that their

alleged damages consist of money paid directly to Filardo/Motorsports, and not defendants.  *See* Complaint, ¶24(f).

Filardo is a New York resident.  Plaintiff also resides in New York.  Defendants respectfully submit that the only possible reason for plaintiff's failure to name Filardo as a defendant is that his inclusion would destroy diversity jurisdiction, and plaintiff apparently prefers litigating in Federal Court.  However, because there is no way to resolve the instant dispute without Filardo, and there is no way to include Filardo without rendering the case ineligible for diversity jurisdiction, the case must be dismissed.  *TMT Co. v. JPMorgan Chase Bank*, 16 cv 8757, 2019 WL 1511024, *5–6 (S.D.N.Y. Mar. 28, 2019); *Brown v. Kay*, 889 F. Supp. 2d 468, 487–88 (S.D.N.Y. 2012), *aff'd*, 514 F. App'x 58 (2d Cir. 2013); *Berkley, supra*, 262 F.R.D. at 273-74.

## POINT II.

## THE COMPLAINT FAILS TO STATE A VALID CLAIM

The Complaint is inadequately drafted, and fails to assert a valid claim upon which relief could be granted.  Each of the Complaint's nine claims for relief are deficient on their face.

### A. Standard Governing Motions to Dismiss

The standards pursuant to which motions to dismiss under FRCP 12(b) are determined are well established:

> On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Dettelis* [*v. Sharbaugh*], 919 F.3d at 163, but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of

4

action, supported by mere conclusory statements, do not suffice." *Id*. "In determining the adequacy of the complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." *Subaru Distribs. Corp. v. Subaru of Am., Inc*., 425 F.3d 119, 122 (2d Cir. 2005); *accord Boston Consulting Grp., Inc. v. NCR Corp*., No. 19 Civ. 10156, 2020 WL 5731963, at *2 (S.D.N.Y. Sept. 24, 2020).

*Terry v. City of New York*, 19 cv 9688 (LGS), 2021 WL 517935, *1 (S.D.N.Y. Feb. 10, 2021) (citations included in quote). *See also 3 W. 16th St., LLC v. Commonwealth Land Title Ins. Co*., 18 cv 1914 (AT) (HBP), 2019 WL 2453402, *3–4 (S.D.N.Y. Feb. 21, 2019), *report and recommendation adopted*, 18 cv 1914 (AT) (HBP), 2019 WL 1397135 (S.D.N.Y. Mar. 28, 2019); *In re LIBOR-Based Fin. Instruments Antitrust Litig*., 11 MDL 2262 (NRB), 2019 WL 1331830, at *20 (S.D.N.Y. Mar. 25, 2019).

**B. The Complaint's Claims for Fraud are Improperly Plead.**

The First Claim for Relief is for "Fraud and Deceit."  The Complaint's second claim relief (against Nagwa F. Youseif, defendant John Alexander's wife) is for aiding and abetting fraud.  The Complaint's Third Claim for Relief alleges "Civil Conspiracy of Fraud."  It is well established that FRCP 9 requires that all claims for fraud, such as these three claims for relief, must be pleaded with particularly, and that the details behind each element of fraud must be provided.  *Langer v. Paysafe Partners LP*, 19 cv 4388, 2020 WL 7684885, **8-9 (E.D.N.Y. May 22, 2020) ("As the Second Circuit has repeatedly held, Rule 9(b) 'requires the plaintiff '(1) to specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.') (citing *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 197 (2d Cir. 2013)); *Katz 737 Corp. v. Cohen*, 104 A.D.3d 144, 151, 957 N.Y.S.2d 295, 300 (1st Dep't

2012); *Couri v. Westchester Country Club, Inc.,* 186 A.D.2d 712, 714, 589 N.Y.S.2d 491, 494 (2d Dep't 1992).

A cause of action alleging fraud will be subject to dismissal unless it provides specific, detailed facts supporting the allegations.  Generalities, speculation, or conclusory statements are insufficient.  *Pontos Renovation v. Kitano Arms Corp.*, 226 A.D.2d 191, 192, 640 N.Y.S.2d 525, 526 (1st Dep't 1996) ("Plaintiffs also failed to plead a viable cause of action for fraud. Their conclusory allegations of fraud and deception with respect to the subcontract…do not meet the specificity requirements of CPLR 3016 (b).") (citations omitted); *Precision Concepts, Inc. v. Bonsanti*, 172 A.D.2d 737, 569 N.Y.S.2d 124, 125 (2d Dep't 1991) (affirming denial of cause of action for fraud based on "allegations [that] are, for the most part, conclusory in nature, and insufficient to sustain any of the causes of action asserted in the complaint in the face of the cross motions to dismiss.").

As noted above, the instant Complaint contains almost no details about defendants' alleged acts or omissions.  Instead, the Complaint merely provides conclusory allegations that defendants were aware of Filardo's activities and/or helped him.  This is insufficient to survive dismissal.  There is a well-developed body of caselaw holding that these kinds of conclusory, unsupported allegations are speculative, and are not substantial enough to support a claim sounding in fraud.  *Katz 737 Corp, supra*, 104 A.D.3d at 151, 957 N.Y.S.2d at 300 ("[T]he complaint fails to state a fraud claim with the requisite particularity. Katz's pleadings show that it placed no reliance upon the Cohens' statements of income or upon DHCR's findings on Katz's earlier petitions seeking luxury deregulation. …Further, Katz's fraud allegations are wholly speculative… .") (citations omitted); *Couri, supra,* 186 A.D.2d at 714, 589 N.Y.S.2d at 494

6

("[T]he vague and conclusory allegations of misrepresentation and reliance set forth in the plaintiffs' complaint and affidavits are insufficient to satisfy CPLR 3016 (b), which requires, in an action sounding in fraud, that 'the circumstances constituting the wrong shall be stated in detail'. Under these circumstances, the Supreme Court did not err in dismissing the plaintiffs' cause of action to recover damages for fraudulent inducement."); *Elsky v. KM Insurance Brokers*, 139 A.D.2d 691, 527 N.Y.S.2d 446 (2d Dep't 1988) ("the plaintiffs' first cause of action alleging fraud failed to state in detail the circumstances constituting the wrong.  The complaint is devoid of any facts to support the plaintiffs' allegation that defendant knowingly misrepresented or omitted any material facts to induce them to purchase the insurance policy from them.") (citations omitted).

The Complaint's second claim for relief, against defendant John Alexander's wife, Nagwa F. Youseif, for aiding and abetting fraud, is particularly shabby.  Ms. Youseif had absolutely nothing to do with the events at issue in the Complaint, did not work for any of the companies involved, and had no knowledge thereof.  Most importantly, *the Complaint supplies no details whatsoever to suggest otherwise*.  Because the Complaint does not adequately allege that Ms. Youseif had actual knowledge of any alleged fraud, the Complaint's second claim for relief must be dismissed.  *de Abreu v. Bank of Am. Corp.*, 812 F. Supp. 2d 316, 322–23 (S.D.N.Y. 2011)

The Complaint's Third Claim for Relief purports to sound in "Civil Conspiracy of Fraud."  However, because the underlying claim of fraud is insufficiently pleaded, and must be dismissed for lack of particularity, the conspiracy to commit fraud claim must also be dismissed. *Langer, supra*, 2020 WL 7684885, **8-9 ("Where, as here, a civil conspiracy claim is based on

an underlying fraud claim, the failure to plead fraud with particularity is also fatal to the civil conspiracy claim because the requirement to allege an underlying tort is not met.") (citations omitted).

### C. The Claim for Unjust Enrichment is Insufficiently Plead

The Complaint's Fourth Claim for Relief sounds in unjust enrichment.  The "elements of unjust enrichment are 1) the other party was enriched, 2) at the other's expense, and 3) that it is against equity and good conscience to permit the other party to regain what is sought to be recovered."  *Cohen v. BMW Investments L.P.*, 144 F.Supp.3d 492, 500 (S.D.N.Y. 2015) (quoting *Georgia Malone & Co., Inc. v. Reider*, 19 N.Y.3d 511, 516, 950 N.Y.S.2d 333 (2012)).

This claim is unsustainable on its face because the relationship between the parties is alleged to have been contractual.  *Goldman v. Metropolitan Life Ins. Co.,* 5 N.Y.3d 561, 572, 807 N.Y.S.2d 583, 587 (2005) ("Here, in each case, there was no unjust enrichment because the matter is controlled by contract"); *Goldstein v. CIBC World Mkts. Corp.,* 6 A.D.3d 295, 296, 776 N.Y.S.2d 12, 14 (1st Dep't 2004) ("A claim for unjust enrichment, or quasi contract, may not be maintained where a contract exists between the parties covering the same subject matter.") (citations omitted); *Pratt v. Kilo Int'l, LLC*, 2015 U.S. Dist. LEXIS 29045, *6 (E.D.N.Y. 2015).

Moreover, the unjust enrichment claim is duplicative of the Complaint's Fraud claims in that, *inter alia*, they assert the same underlying facts and seek the same damages as the fraud claims.  Because of this, the unjust enrichment cause of action is invalid.  *Marini v. Adamo*, 644 Fed. Appx. 33 (2d Cir. 2016) (holding that "plaintiff's common law claims of unjust enrichment and money had and received…were duplicative of the common law fraud and fiduciary duty claims."); *Am. Mayflower Life Ins. Co. of New York v Moskowitz,* 17 A.D.3d 289, 293 794

N.Y.S.2d 32(1st Dep't 2005) (affirming dismissal of claims for monies had and received and unjust enrichment as duplicative to the extent they allege underlying fraud); *Cachet Fin. Servs. v. MyPayrollHR*, 119 cv1181 (FJS) (CFH), 2020 WL 5232275, *10 (N.D.N.Y. Sept. 2, 2020) ("Plaintiff seeks the same amount of damages based on the same set of facts on its unjust enrichment claim against all the Defaulting Defendants as it does for its...fraud claim against Defendant Mann.  Thus, this claim is duplicative of its…fraud claims against these Defendants. Therefore, the Court denies Defendant's motion for entry of a default judgment against Defendants…with regard to its unjust enrichment claim.")

Defendants respectfully submits that for all the forgoing reasons, the Complaint's Fourth Claim for Relief should be dismissed by this Court for failure to state a claim.

### D. The Complaint does not Allege the Required Elements of Aiding and Abetting Breach of Fiduciary Duty

The Complaint's Fifth Claim for Relief is for "Aiding and Abetting Breach of Fiduciary Duties."  The elements of this cause of action include, *inter alia,* breach of a fiduciary duty, and that defendant knowingly induced or participated in this breach.  The Complaint, however, does not allege either of these elements beyond bare, conclusory assertions.  Plaintiff's claim for aiding and abetting breach of fiduciary duty is therefore untenable.  *21st Century Diamond, L.L.C. v. Allfield Training, L.L.C.*, 119 A.D.2d 489, 989 N.Y.S.2d 291, 292 (1st Dep't 2014); *In re Hydrogen, L.L.C.*, 431 B.R. 337, 352 (S.D.N.Y. 2010).

Plaintiff fails to allege that defendants owed it a fiduciary duty in anything other than in the most conclusory, unsupported manner.  The Complaint does not even allege a relationship between plaintiff and defendant; rather, it alleges that *Filardo* hired plaintiff ("[A]s part of his sales responsibilities, Filardo, *inter alia*, hired Defendants to perform advertising service on

9

behalf of Star Subaru." (*See* Complaint, ¶21)).  Plaintiff includes no supporting facts or detail to establish how the alleged business relationship between *Filardo* and defendants created a fiduciary relationship between *plaintiff* and defendants.  Because of this, the Complaint cannot satisfy the pleading standard claims involving breach of fiduciary obligations. *Citibank, N.A. v. Silverman*, 85 A.D.3d 463, 466, 925 N.Y.S.2d 442, 445 (1st Dep't 2011) (holding that conclusory allegations re insufficient to support negligent misrepresentation and breach of fiduciary duty causes of action); *Harvest Moon, Inc. v. Arochas*, 270 A.D.2d 138, 706 N.Y.S.2d 308 (1st Dep't 2000) (rejecting "self-serving conclusory assertions of breach of fiduciary duty, conversion, breach of contract and unjust enrichment."); *Kamin v. American Express Company*, 86 Misc.2d 809, 815, 383 N.Y.S.2d 807, 812 (Sup. Ct., NY Cty., 1976).

Moreover, plaintiff does not allege that defendants had actual knowledge of Filardo's alleged breach of fiduciary duties.  Any argument that defendants "should have known" that Filardo was breaching a fiduciary duty cannot save the Complaint from dismissal, because "'[c]onstructive knowledge of the breach of fiduciary duty by another is legally insufficient to impose aiding and abetting liability.'" *Briarpatch Ltd., v. Geisler Roberdeau, Inc.*, 99 cv 9623 (RWS), 2007 WL 1040809, *22 (S.D.N.Y. Apr. 4, 2007) (citing *Kaufman v. Cohen,* 760 N.Y.S.2d 157, 169 (1st Dep't 2003)) (other citations omitted).  This rule – that an individual cannot be held liable for the breaches of a third-party's fiduciary duty in the absence of actual knowledge – remains in place even if the individual received clear warning signs that the third party was acting in an improper or even fraudulent manner.  *de Abreu, supra*, 812 F.Supp.2d at ("…New York courts have routinely held that when a defendant is under no independent duty [to plaintiffs], even alleged ignorance of obvious warning signs of fraud will not suffice to

adequately allege 'actual knowledge.'") (citations and quotation marks omitted); *Briarpatch, supra*, 2007 WL 1040809 at *23. The contradictory paragraphs in the Compliant (such as plaintiff's inconsistent claims that defendants were hired by plaintiff through Filardo, that Filardo hired defendants in the course of his employment, and that plaintiffs hired defendants (*See* Complaint, ¶¶13, 21)) only serve to create ambiguity that is incompatible with a tenable claim for aiding and abetting breach of fiduciary duty. *H2O Swimwear, Ltd. v. Lomas*, 164 A.D.2d 804, 56 N.Y.S.2d 19 (1st Dep't 1990) ("The…causes of action against Gottex, which…assert that this defendant aided and abetted defendant…in the breaches of fiduciary duty and trust alleged against her, are…legally insufficient due to the ambiguity in the allegations of Gottex's knowledge of Lomas' wrongdoing.") (citations omitted).

Furthermore, plaintiff's breach of fiduciary duty claim relies on the identical allegations, and seeks identical damages, as its claim for fraud. As such, the Cause of Action is duplicative and therefore untenable:

> [W]ith respect to plaintiffs' claim for breach of fiduciary duty, this first cause of action must be dismissed because it is based on the same allegedly wrongful conduct as plaintiff's fraud claims and claim for negligent misrepresentation, and therefore fails to state a cause of action.

*Cordaro v. AdvantageCare Physicians, P.C.*, 69 Misc. 3d 787, 793, 131 N.Y.S.3d 523, 530 (N.Y. Sup. Ct.), *judgment entered sub nom. Cordaro, D.O. v. Advantagecare Physicians, P.C.* (N.Y. Sup. Ct. 2020) (citing *Burry v. Madison Park Owner LLC*, 84 A.D.3d 699, 700, 924 N.Y.S.2d 77 (1st Dep't 2011)).

Accordingly, defendant respectfully submits that the Complaint's Fifth Claim for Relief should be dismissed.

**E.  The Claims for Conversion and Civil Conspiracy for Conversion Fail to State a Claim for Which Relief May be Granted**

The Complaint's Sixth and Seventh Claims for Relief respectively sound in Conversion and Civil Conspiracy of Conversion.  To establish a claim of conversion, a plaintiff "must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question ... to the exclusion of the plaintiff's rights." *Berman v. Sugo, LLC,* 580 F.Supp.2d 191, 206 (S.D.N.Y. 2008) (citing *Fiorenti v. Central Emergency Physicians, PLLC,* 305 A.D.2d 453, 454-55, 762 N.Y.S.2d 402 (N.Y.App.Div.2003)).  The claimant must allege that the accused party exercised *complete control* over the allegedly converted item, to *the complete exclusion of the accusing party*.  Moreover, when the claim is for conversion of money that was voluntarily given to a defendant, the plaintiff must establish that at the time the funds were provided, it had a clear, well-defined right to repayment.  *Lucker v. Bayside Cemetery*, 114 A.D.3d 162, 174, 979 N.Y.S.2d 8, 17 (2013) ("[A]n action will lie for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question") (citing *Amity Loans v. Sterling Nat'l. Bank & Trust Co. of N.Y.,* 177 A.D.2d 277, 575 N.Y.S.2d 854 (1st Dep't 1991)); *Cordaro v. AdvantageCare Physicians, P.C.*, 69 Misc.3d 787, 794, 131 N.Y.S.3d 523, 530 (Sup. Ct., NY Cty, 2020).

Plaintiffs have not plead any of these elements – they are simply absent from the Complaint.  Indeed, the Complaint describes the opposite of conversion: it describes a business relationship where plaintiffs voluntarily paid Filardo and defendants for the services Filardo obtained by hiring defendants.  Because of this, the claims for conversion and conspiracy for conversion are untenable.

12

Moreover, plaintiff does not identify the specific property that was allegedly converted. It is not enough to allege unidentifiable, non-specific "funds and assets" (i.e. money) in an attempt to allege manufacture a claim for conversion out of whole cloth. *Berman v. Sugo, LLC,* 580 F.Supp.2d 191, 206-07 (S.D.N.Y. 2008) (citations omitted) (citing *Volt Delta Resources LLC v. Soleo Comm's Inc.,* No. 601443/05, 2006 WL 800791, at *3 (N.Y. Sup. Ct. Mar. 29, 2006) ("The plaintiff must allege that the defendant converted a specific, identifiable piece of property in order to sustain the cause of action."); *see also Thys v. Fortis Securities LLC,* 74 A.D.3d 546, 903 N.Y.S.2d 368 (1st Dep't 2010) ("An action for conversion of money may be made out where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question [quotations and citations omitted]... [T]he action must be for recovery of a particular and definite sum on money[.]").

Finally, because the Conversion claim for relief is insufficient, the claim for Civil Conspiracy of Conversion must also be dismissed. *McCall v. Chesapeake Energy Corp.*, 817 F. Supp. 2d 307, 321 (S.D.N.Y. 2011), *aff'd*, 509 F. App'x 62 (2d Cir. 2013) ("Under the laws of New York…there is no independent tort of conspiracy and a claim of civil conspiracy must be dismissed if the underlying torts are also dismissed.") (citing *Kirch v. Liberty Media Corp.,* 449 F.3d 388, 401 (2d Cir.2006)) (other citations omitted)..

## F.  Breach of Contract

The Complaint's Eighth Claim for Relief is for Breach of Contract.  However, plaintiff never alleges that defendants had a contractual relationship with plaintiffs – it claims that defendants had a contractual relationship with *Filardo*, but not with plaintiff.  The Eighth Claim for Relief is therefore untenable.

### G.  Constructive Trust

The Complaint's Ninth for Relief is for a constructive trust.  It is well established that: "[u]nder New York law, 'in order to establish a constructive trust claim, there generally must be proof of; (1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment.'"  *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 949 F. Supp. 2d 486, 515 (S.D.N.Y. 2013).

The Complaint does not allege the second or third elements.  Moreover, as noted above, plaintiff has failed to adequately allege either a fiduciary relationship or unjust enrichment and, because of this, the first and fourth elements remain unsatisfied.  Defendants respectfully submit that the claim for a constructive trust must therefore be dismissed.

### POINT III.

### If the Complaint Survives Dismissal, Defendants Should be Granted Leave to Serve a Third-Party Complaint Upon Douglas Filardo.

Defendants respectfully submit that if the Complaint survives dismissal, they should be granted leave of Court to serve a Third-Party Complaint upon Filardo for the reasons described above.  It is well established that motions for leave to implead non-parties should be freely granted to promote efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or foster an obviously unmeritorious claim.  *New York Bay Capital, LLC v. Cobalt Holdings, Inc.*, 19 cv 3618 (GHW), 2020 WL 3181661, *2 (S.D.N.Y. Jun. 12, 2020); *Sidik v. Royal Sovereign International, Inc.*, 17 cv 7020 (ADS) (ARL), 2019 WL 8275239, *2 (E.D.N.Y. Mar. 5, 2019); *Farrell Family Ventures, LLC v. Sekas & Associates, LLC*, 863 F.Supp.2d 324 (S.D.N.Y. 2012).

In the instant matter, Filardo's inclusion will not cause prejudice or delay, and will not

14

involve the assertion of an unmeritorious claim, because the Complaint is about plaintiff's interactions with defendants.  As noted above, it is Filardo, and not defendants, who is the architect of the scheme alleged by plaintiff.  Moreover, upon information and belief, plaintiff does not object to the inclusion of Filardo as a third-party defendant.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the Court grant the instant motion and issue an Order: a) dismissing the Complaint for failure to state a claim upon which relief can be granted, pursuant FRCP 12(b)(6), and for failure to join a necessary party, pursuant to FRCP 12(b)(7) and 19; or, in the alternative, b) granting defendants leave of court to serve a Third-Party Summons and Complaint against Douglass Filardo, pursuant to FRCP 14(a)., together with such other and further relief as the Court deems just and proper.

Dated: Great Neck, New York
          May 17, 2021

Respectfully submitted,

By:    /s/ Brian L. Greben
       _____
       Brian L. Greben, Esq.

15