UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
STAR AUTO SALES OF QUEENS LLC
d/b/a STAR SUBARU,                                    Civil Case No.: 19-06791 (MKB) (ST)


                              Plaintiff,


            -against-


HANIE ISKANDER, a/k/a "John Alexander"
AND NAGWA YOUSEIF a/k/a "Nagwa F Youseif,


                              Defendants.
-------------------------------------------------------------------x


### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS


**MILMAN LABUDA LAW GROUP PLLC**

**Date of Service:** June 17, 2021          Jamie S. Felsen, Esq.
                                            *Attorneys for Plaintiff*
                                            3000 Marcus Ave., Suite 3W8
                                            Lake Success, NY 11042
                                            (516) 328-8899

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................ 1

FACTS ................................................................................................................... 4

ARGUMENT .......................................................................................................... 5

   POINT I ............................................................................................................... 5

      DOUGLAS FILARDO IS NOT A NECESSARY PARTY ............................... 5

   POINT II .............................................................................................................. 8

      PLAINTIFF'S CLAIMS ARE SUFFICIENTLY PLED.................................... 8

      **A.**    Plaintiff's Claims for Fraud, Aiding and Abetting Fraud, and Civil
Conspiracy of Fraud Are Sufficiently Pled ........................................................ 8

      **B.**    Plaintiff's Unjust Enrichment Claim Is Sufficiently Pled ................................ 10

      **C.**    Plaintiff's Aiding and Abetting Breach of Fiduciary Duty Claim Is Sufficiently
Pled ................................................................................................................ 12

      **D.**    Plaintiff's Conversion and Civil Conspiracy for Conversion Claims Are
Sufficiently Pled ............................................................................................. 15

      **E.**    Plaintiff's Breach of Contract Claim Is Sufficiently Pled ............................... 16

      **F.**    Plaintiff's Constructive Trust Claim Is Sufficiently Pled ................................ 16

   POINT III ........................................................................................................... 19

      DEFENDANTS SHOULD NOT BE GRANTED LEAVE TO SERVE A THIRD-
PARTY COMPLAINT ON FILARDO ......................................................... 19

   CONCLUSION ................................................................................................... 20

# **TABLE OF AUTHORITIES**

**Cases**

Acquard v. Big Heart Pet Brands, 2020 U.S. Dist. LEXIS 224712 (W.D.N.Y. Nov. 30, 2020) . 12

ADP Inv. Commun. Servs. v. In House Atty. Servs., 390 F. Supp. 2d 212, 224-225 (E.D.N.Y. 2005) ................................................................................................................... 15

Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 209 (2d Cir. 1985) .............................................................................................................. 6

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)........................................ 5

Bancorp Servs., LLC v Am. Gen. Life Ins. Co., 2016 U.S. Dist. LEXIS 18330 (S.D.N.Y. Feb. 11, 2016)............................................................................................................. 11

Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ......... 5

Blank v. Baronowski, 959 F. Supp. 172, 178 (S.D.N.Y. 1997)................................................. 18

Burton v Iyogi, Inc., 2015 U.S. Dist. LEXIS 33809, *32 (S.D.N.Y. Mar. 16, 2015) ................ 11

Carnegie Deli, Inc. v. Levine, 2015 N.Y. Misc. LEXIS 2228 (N.Y. Sup. Ct. Jan. 15, 2015) ..... 12

E.W. Lines v. Bank of Am. Nat'l Trust Sav. Ass'n, 743 F. Supp. 176, 179-80 (S.D.N.Y. 1990) 17

Eldesouky v. Aziz, 2014 U.S. Dist. LEXIS 176224, *37-40 (S.D.N.Y. Dec. 19, 2014)............ 15

Fairfield Fin. Mortg. Group, Inc. v. Luca, 584 F. Supp. 2d 479 (E.D.N.Y. 2008) ................... 13

Front, Inc. v. Khalil, 103 A.D.3d 481 (1st Dept 2013)......................................................... 12

Granda v. Trujillo, 2019 U.S. Dist. LEXIS 14884, *34 (S.D.N.Y. Jan. 30, 2019)........ 7

Haberberg v. G.F.A. Advanced Sys. Ltd., 137 A.D.3d 481, 483, 28 N.Y.S.3d 12 (N.Y. App. Div. 2016) ................................................................................................................ 17, 18

Hamilton Exhibition, LLC v. Imagine Exhibitions, Inc., 2019 U.S. Dist. LEXIS 99578 (S.D.N.Y. June 11, 2019) ...................................................................................................... 19

Haraden Motorcar Corp. v. Bonarrigo, 2020 U.S. Dist. LEXIS 68666 (N.D.N.Y. Apr. 20, 2020) ............................................................................................................................. 11

Hoffman v. Unterberg, 9 A.D.3d 386, 388, (2nd Dep't 2004) .............................................. 16

Impax Media, Inc. v. Northeast Adv., Corp., 2018 U.S. Dist. LEXIS 139972 (S.D.N.Y. Aug. 17, 2018) ................................................................................................................ 17

In re Cardiac Devices Qui Tam Litig., 221 F.R.D. 318, 333 (D. Conn 2004) ............................ 9

In re Koreag, Controle et Revision S.A., 961 F.2d 341, 353 (2d Cir 1992) ............... 17

Janel World Trade, Ltd. v. World Logistics Servs., 2009 U.S. Dist. LEXIS 30256, *29-31
   (S.D.N.Y. Mar. 20, 2009) ............................................................................... 15

Kaprov v Stalinsky, 145 AD3d 869, 871 (2d Dept 2016) ...................................... 18

Levin v. Kitsis, 82 A.D.3d 1051, 1052 (2d Dep't 2011). ........................................ 16

Libreros v. Gallo, 2016 N.Y. Misc. LEXIS 4642, 5-6 (N.Y. Sup. Ct. Dec. 13, 2016) ......... 12, 13

Lusins v Cohen, 49 A.D.3d 1015, 1018 (3d Dep't 2008) ........................................ 17

Mastercard Intl., Inc. v. Visa Intl. Serv. Assn., 471 F3d 377, 387 (2d Cir 2006) .... 6, 7

Meese v. Miller, 79 A.D.2d 237, 243 (4th Dep't 1981) ........................................... 15

Membler.com LLC v. Barber, 2013 U.S. Dist. LEXIS 135862, at *40 (E.D.N.Y. Sept. 23, 2013)
   ............................................................................................................... 11

Metro-Gem Leasing & Funding Corp. v. Dancy, No. 16-CV-5245 (SJF)(AYS), 2017 U.S. Dist.
   LEXIS 133379 (E.D.N.Y. June 19, 2017) ...................................................... 17, 18

N. K. Intl., Inc. v. Dae Hyun Kim, 68 A.D.3d 608 (1st Dept 2009) .......................... 12

O'Brien v. Amman, 21 Misc. 3d 1118 (Sup. Ct., Alleghany Co. 2008) ..................... 18

Republic of Haiti v. Duvalier, 211 A.D.2d 379, 384, 626 N.Y.S.2d 472, 475 (1st Dep't 1995) . 16

Republic of Philippines v. Marcos, 806 F.2d 344, 355 (2d Cir. 1986) ...................... 17

Rocchio v. Biondi, 40 A.D.3d 615 (2d Dep't 2007) ............................................... 18

Salomon v. Burr Manor Estates, Inc., 2008 U.S. Dist. LEXIS 119803, *6-7 (E.D.N.Y. Oct. 21,
   2008) .................................................................................................... 5, 7

Schiro v. Cemex, 396 F. Supp. 3d 283, 308-309 (S.D.N.Y. 2019) .......................... 19

SEC v. Levine, 689 F. Supp. 317, 321-23 (S.D.N.Y. 1988) ................................... 17

Sheehy v. New Century Mtge. Corp., 690 F. Supp. 2d 51, 70-71 (E.D.N.Y. 2010) ................. 12

Simonds v. Simonds, 380 N.E.2d 189 (N.Y. 1978) ............................................. 18

*Socci v. JP Morgan Chase & Co.*, 2018 U.S. Dist. LEXIS 157301 (E.D.N.Y. Sep. 14, 2018) . 5, 6

*Superior Site Work, Inc. v. NASDI, LLC,* 2018 U.S. Dist. LEXIS 130932 (E.D.N.Y. Aug. 3, 2018) ................................................................................................................ 10

*United States ex rel. Mooney v. Americare, Inc.*, 2013 U.S. Dist. LEXIS 48398, *10 (E.D.N.Y. Mar. 29, 2013) ........................................................................................................ 9

*United States ex rel. Taylor v. Gabelli*, 345 F. Supp. 2d 313, 326 (S.D.N.Y. 2004) .................. 9

*Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000) .................................. 6

*Weider Health & Fitness v. AusTex Oil Ltd.*, 2018 U.S. Dist. LEXIS 172072, *17-22 (S.D.N.Y. Sep. 30, 2018) ................................................................................................... 19

*Yash Raj Films United States v. Kumar*, 2006 U.S. Dist. LEXIS 113427 (E.D.N.Y. June 20, 2006) ................................................................................................................ 20

**Rules**

Fed. R. Civ. Proc. 12(b)(6) ............................................................................... 5

Fed. R. Civ. Proc. 12(b)(7) ......................................................................... 4, 7, 8

Fed. R. Civ. Proc. 19 ............................................................................... passim

<u>**PRELIMINARY STATEMENT**</u>

Plaintiff, Star Auto Sales of Queens LLC (hereinafter "Plaintiff" or "Star Subaru"), respectfully submits this memorandum of law in opposition to the motion of Defendants Hanie Iskander (hereinafter "Iskander" or "Alexander") and Nagwa Youseif (hereinafter "Youseif") to dismiss the complaint and, in the alternative, for leave to file a Third-Party Complaint against Douglas Filardo ("Filardo"). Defendants' motion should be denied in its entirety.

Defendants first seek to have the case dismissed for failure to name Filardo, who they argue is a necessary party merely because they believe that Filardo, and not them, is the person responsible for engaging in the wrongdoings alleged in the Complaint. This does not make Filardo a necessary party. Accordingly, the Complaint should not be dismissed for failure to name a necessary party.

Defendants also seek to have all of the claims dismissed for failure to state claims. However, each claim asserted in the Complaint has been sufficiently pled.

Plaintiff has sufficiently pled fraud claims. The heightened pleading standard for fraud claims is relaxed where, as here, the fraud is alleged to have occurred over a lengthy period of time. Plaintiff alleges that Defendants engaged in their fraudulent scheme over the course of a decade warranting a relaxed pleading standard. In any event, Plaintiff has stated with particularity the circumstances constituting fraud. To wit, they allege the details of the decade-long scheme in which Defendants purportedly were providing advertising services for Plaintiff which were never actually provided. The Complaint alleges that Defendants created fake mailers that were never circulated and created fake commercials that never aired and issued fake invoices to Plaintiff for work they never performed. The Complaint provides specific examples of this scheme.

1

Defendant Youseif's argument that Plaintiff fails to allege any details of her involvement in her husband's business establishes that she has not read the Complaint.  Had she read the Complaint, she would have to concede it alleges that as the executive producer of her husband's businesses, she substantially assisted Iskander in creating false advertisements she knew would never be used and generating bogus invoices in order to receive payment for no services that they rendered.

Plaintiff has also sufficiently pled a claim for unjust enrichment.  Where, as here, Defendants dispute the existence of a contract, an unjust enrichment claim can be asserted in the alternative to a breach of contract claim.  Moreover, contrary to Defendants' argument, Plaintiff's unjust enrichment claim is not duplicative of its fraud claim as it is conceivable that Plaintiff can establish that Defendants were unjustly enriched by receiving monies from Plaintiff for services Defendants did not provide for Plaintiff but Plaintiff may not establish that Defendants' conduct rises to the level of fraud.

Plaintiff has also sufficiently pled a claim for aiding and abetting a breach of fiduciary duty.  Plaintiff has alleged that a fiduciary relationship existed between it and Filardo, who was Plaintiff's Sales Manager, and that Defendants were aware of this fiduciary relationship. Contrary to Defendants' argument, Plaintiff is not required to establish a fiduciary relationship between Plaintiff and Defendants as Plaintiff is not asserting a claim against Defendants for breach of fiduciary duty; Plaintiff is alleging a claim against Defendants for aiding and abetting Filardo's breach of fiduciary duty.  Plaintiff also, contrary to Defendants' argument, alleges facts that Defendants were aware that Filardo breached his fiduciary duty.  Indeed, Plaintiff alleges in detail how Defendants assisted Filardo in breaching his fiduciary duty.  Moreover, Plaintiff's claim for aiding and abetting a breach of fiduciary duty is not duplicative of its fraud claim as it

is conceivable that Plaintiff can establish that Defendants aided and abetted a breach of Filardo's fiduciary duty without being able to establish a fraud claim.

Plaintiff has sufficiently alleged claims for conversion and civil conspiracy for conversion as Plaintiff alleges that Defendants collected fees from Plaintiff for advertisements that Defendants never placed.

Plaintiff's breach of contract claim is sufficiently pled and Defendants' argument that Plaintiff does not allege that it had a contractual relationship is belied by the Complaint which alleges that Filardo, on behalf of Plaintiff, entered into an agreement with Defendants.

Dismissal of Plaintiff's constructive trust claim is not warranted.   Contrary to Defendants' argument, a constructive trust may be imposed notwithstanding the lack of a fiduciary relationship.   But, in any event, Plaintiff alleges a fiduciary relationship with Defendants through their decade-long business relationship.   Additionally, contrary to Defendants' argument, Plaintiff does, in fact, allege that Defendants made a promise to Plaintiff, that Plaintiff made a transfer in reliance on that promise, and that Defendants were unjustly enriched by Defendants' conduct.

Accordingly, Defendants' motion to dismiss the Complaint must be denied.

Finally, Defendants' request for leave to file a Third-Party Complaint against Filardo should be denied because Defendants have delayed in seeking this relief and granting them this relief will significantly prejudice Plaintiff as it will delay this case which is close to being ready for trial.   Defendants concede that the basis for filing a Third-Party Complaint against Filardo is derived form the allegations in the Complaint concerning Filardo's involvement.   Defendants should have filed a Third-Party Complaint when they were served with the Complaint in December 2019.   Instead, they have waited until this case is close to the finish line.

## FACTS

Plaintiff commenced this action against Defendants on December 3, 2019 to recover damages from a decade-long scheme in which Defendants (Iskander, and his wife, Youseif), through Iskander's businesses, New Vision Advertising and NV Productions, promised to provide marketing and advertising services to Plaintiff and portrayed that these services were being provided through advertisements that were never sent and commercials that never aired. (Complaint ¶¶ 8-15, 22-25, 29).  In furtherance of their scheme, Defendants were instructed by Filardo, the Sales Manager of Plaintiff, with whom Defendants orchestrated the scheme, that the scheme would end if Defendants communicated with the owner of Plaintiff.  (Complaint ¶ 26).

To further disguise their fraud, in their fake advertisements, Defendants included the name of a fake marketing production company – Velaasis – which sounds similar to but is spelled different than a real marketing production company actually used by auto dealers – Valassis.   (Complaint ¶ ¶ 31-32, 34).  The address Defendants utilized for Velaasis in Windsor, Connecticut is different than the address in Windsor, Connecticut for Valassis.  (Id.)

On several occasions, Defendants pirated commercials from another Subaru dealership and added Plaintiff's name at the end of the commercial but never actually aired the commercials.  (Complaint ¶¶ 35-36).

Plaintiff suffered significant monetary damages as a result of the money it paid to Defendants for services that were never provided over the course of a decade.  (Complaint ¶ 39).

## STANDARD

Fed. R. Civ. Proc. 12(b)(7) requires than an action must be dismissed if plaintiff has failed to join a party under Fed. R. Civ. Proc. 19. Defendants, as the moving party, bear the

burden of establishing that joinder of necessary parties is required. Salomon v. Burr Manor Estates, Inc., 2008 U.S. Dist. LEXIS 119803, *6-7 (E.D.N.Y. Oct. 21, 2008).

A motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) challenges the legal sufficiency of a complaint.  Fed. R. Civ. Proc. 12(b)(6).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

## ARGUMENT

### POINT I

### DOUGLAS FILARDO IS NOT A NECESSARY PARTY

The court in Socci v. JP Morgan Chase & Co., 2018 U.S. Dist. LEXIS 157301 (E.D.N.Y. Sep. 14, 2018) articulated the test under Fed. R. Civ. Proc. 19 for analyzing whether an action must be dismissed:

> Rule 19 establishes a two-part test to determine whether an action must be dismissed.  First, the court must determine whether the absent party must be joined to the suit under Rule 19(a).  Second, if the absent party is required under Rule 19(a) and cannot be joined for jurisdictional or other reasons, the court must evaluate whether the party is, "in the traditional terminology," indispensable under Rule 19(b).  If the absent party is indispensable, then the action must be dismissed.

> Under Rule 19(a)(1), an absent party is "required" if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

> If a party is required under Rule 19(a) and joinder is infeasible, the court must consult Rule 19(b) and "consider whether, in equity and good

5

> conscience, the party is one without whom the action between the remaining parties cannot proceed[.]"  The Second Circuit has noted that "[f]ederal courts are extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result."

Id. (internal citations omitted).  If the absent party is not necessary, then the Court need not determine whether the party is indispensable.  Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000).

In construing Fed. R. Civ. Proc. 19(a)(1)(B), the Second Circuit has noted that:

> [i]t is not enough . . . for a third party to have an interest, even a very strong interest, in the litigation. Nor is it enough for a third party to be adversely affected by the outcome of the litigation. Rather, necessary parties under [Rule 19(a)(1)(B)(i)] are only those parties whose ability to protect their interests would be impaired because of that party's absence from the litigation.

Mastercard Intl., Inc. v. Visa Intl. Serv. Assn., 471 F3d 377, 387 (2d Cir 2006) (emphasis in original).

In Socci, the defendant moved to dismiss under Fed. R. Civ. Proc. 12(b)(7) for failure to join required parties on the grounds that, inter alia, the alleged wrongdoers were required parties because "their actions and authority to act on Plaintiff's behalf relates [to] Plaintiff's claims." Because the alleged wrongdoers were not claiming an interest relating to the subject of the action under Rule 19(a)(1)(B), the only question was whether the Court could accord complete relief among the existing parties under Rule 19(a)(1)(A).  As explained by the Court "complete relief refers only to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought."  Id. quoting Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 209 (2d Cir. 1985).  The court concluded "[e]ven if Plaintiff were to prevail here, the fact that there may be further litigation between Defendant and the alleged wrongdoers to recover the stolen funds does not mean the Court cannot accord complete

relief between the parties in this action." Id. at 11 citing Mastercard Intern. Inc. v. Visa Intern. Service Ass'n, Inc., 471 F.3d 377, 385 (2d Cir. 2006) ("While there is no question that further litigation between [defendant] and the [absent party] . . . is inevitable if Mastercard prevails in this lawsuit, Rule 19(a)(1) is concerned only with those who are already parties.") Therefore, the Court found that the alleged wrongdoers were not required parties under Rule 19(a).

Here, Defendants' argument boils down to their belief that Filardo – not Defendants – was the wrongdoer and therefore he is a necessary party. Defendants provide no legal authority for their argument that "We didn't do it, he did" is a basis to add a party under Rule 19(a), as no such legal authority exists. To the extent that Defendants believe that they did nothing wrong and that the only wrongdoer was Filardo, they can assert that in their defense and can depose Filardo in this action. But that is merely a defense to liability and certainly does not make Filardo a necessary party; it merely makes Filardo a witness. See Granda v. Trujillo, 2019 U.S. Dist. LEXIS 14884, *34 (S.D.N.Y. Jan. 30, 2019); Salomon, 2008 U.S. Dist. LEXIS 119803, *8 (although they may serve as important witnesses, the Feldmans need not be joined as parties in order for the Defendants to prove that the Plaintiff aided and abetted the Feldmans' alleged breaches of fiduciary duty.")

Defendants provide no basis for which Plaintiff cannot obtain full relief from Defendants with respect to Plaintiff's claims against Defendants in this action. Their denial of the claims against them and pinning the blame on Filardo does not cut it. Filardo is not a required party.

Based on the foregoing, Defendants' motion to dismiss under Fed. R. Civ. Proc. 12(b)(7) must be denied.[1]

## POINT II

### PLAINTIFF'S CLAIMS ARE SUFFICIENTLY PLED

**A.     Plaintiff's Claims for Fraud, Aiding and Abetting Fraud, and Civil Conspiracy of Fraud Are Sufficiently Pled**

Defendants' recitation of the allegations in the Complaint curiously omits the facts that support Plaintiff's fraud claims.[2] Defendants' omissions do not end there.  Defendants argue that Plaintiffs assert conclusory allegations in support of their fraud claims, but Defendants do not identify the purported conclusory allegations.

Plaintiff has stated with particularity the circumstances constituting fraud as required by Fed. R. Civ. P. Proc. 9(b).  The Complaint alleges that from November 2007 until in or around December 2017, Iskander, through his companies New Vision Advertising and NV Productions, which claim to provide marketing and advertising services, was paid by Plaintiff to provide advertisements with local television/cable stations and circulate mailer advertisements, none of which they circulated, although they portrayed to Plaintiff that they had been circulated and aired.  (Complaint ¶¶ 8-10, 13-15, 29-36).  The Complaint provides an example of a fake mailer

---

[1] Defendants' speculative argument that Plaintiff did not name Filardo as a defendant because "plaintiff apparently prefers litigating in Federal Court", must be rejected.  On December 15, 2017, almost two (2) years prior to the commencement of the instant action (which was commenced on December 3, 2019), Plaintiff commenced an action against Filardo in the Supreme Court of New York, Queens County. Plaintiff amended this complaint on March 1, 2017. (Felsen Decl. Ex. A).  This establishes that Plaintiff does not prefer litigating in federal court.  Notably, in the state court action, Filardo's answer has been struck and an inquest will be conducted.  (Felsen Decl. Ex. B).

[2] Notably, in opposition to Defendants' request for a pre-motion conference, Plaintiffs identified these paragraphs which Defendants also omitted from their pre-motion conference letter.  (ECF Doc. No. 48).  Notwithstanding, Defendants omitted these allegations when they filed the instant motion.

that listed a fake company, Velaasis, as a marketing production company.  (Complaint ¶ 31). Defendants used "Velaasis" as it is similar to Valassis, which is an actual marketing production company used by auto dealers.  (Complaint ¶ 32).  The Complaint also alleges that on New Vision's Facebook page, website, and on YouTube, it uploaded a Chinese commercial from a different Subaru dealership (not Star Subaru) and simply added Star Subaru's information at the end of the commercial which commercial never, in fact, aired.  (Complaint ¶ 35).  New Vision did this on multiple occasions with commercials in various languages.  (Complaint ¶ 36).  The Complaint alleges that all of Defendants' representations about these advertisements and commercials were false and Defendants engaged in this conduct to induce Plaintiff to pay them. (Complaint ¶ 37).

These allegations, which Defendants conveniently fail to identify in their motion, are far from conclusory.  Although Plaintiff provides sufficient particularity to support its fraud claims, notably, where, as here, fraud is alleged to have occurred over a lengthy period of time, courts have relaxed Rule 9(b)'s heightened pleading requirements.  See United States ex rel. Mooney v. Americare, Inc., 2013 U.S. Dist. LEXIS 48398, *10 (E.D.N.Y. Mar. 29, 2013); United States ex rel. Tiesinga v. Dianon Sys., 231 F.R.D. 122, 2005 U.S. Dist. LEXIS 13998 (D. Conn. 2005). United States ex rel. Taylor v. Gabelli, 345 F. Supp. 2d 313, 326 (S.D.N.Y. 2004).  "To approach the issue otherwise would allow the more sophisticated to escape liability . . . due to the complexity of their scheme and their deviousness in escaping detection."  In re Cardiac Devices Qui Tam Litig., 221 F.R.D. 318, 333 (D. Conn 2004).

Accordingly, Plaintiff has sufficiently alleged a claim for fraud.

With regard to the aiding and abetting fraud claim against Youseif, her denial through her attorney of having any involvement in her husband's business, of course, cannot be considered on a motion to dismiss.[3]

Youseif's argument that Plaintiff fails to allege any details of her involvement in her husband's business, like with the fraud claim, intentionally omits the allegations contained in the Complaint that belie her argument.   Indeed, the Complaint alleges Youseif is the executive producer of NV and New Vision who is in a relationship with Iskander and resides with him and substantially assisted him in committing fraud against Plaintiff by creating false advertisements she knew would never be used and generating bogus invoices in order to receive payment for no services that they rendered.  (Complaint ¶¶ 11-12, 17, 25).

Accordingly, Plaintiff has sufficiently alleged a claim for aiding and abetting fraud against Youseif.

With regard to the claim for civil conspiracy of fraud, because Plaintiff sufficiently alleges a fraud claim, this claim is likewise not subject to dismissal.

## B.     Plaintiff's Unjust Enrichment Claim Is Sufficiently Pled

Under New York Law, the elements of a claim for unjust enrichment are: (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover.  Superior Site Work, Inc. v. NASDI, LLC, 2018 U.S. Dist. LEXIS 130932 (E.D.N.Y. Aug. 3, 2018).

---

[3] Notably, during discovery in this case, it was uncovered that defendant Youseif was listed on the website for New Vision with a detailed profile of the work she provides for New Vision's clients.  (Felsen Decl., Ex. C).

On one side of his mouth Iskander argues that he had no contract with Plaintiff while on the other side of his mouth he argues that Plaintiff cannot allege an unjust enrichment claim against him because it also alleges a breach of contract claim against him.  Iskander can't have it both ways and the cases he cites do not preclude an unjust enrichment claim when a breach of contract claim is also asserted.  Critically, in the cases upon which Iskander relies, it was undisputed that there was a contract between the parties.  Here, however, Iskander is disputing there was a contract between him and Plaintiff.

Because Iskander disputes the existence of a contract between him and Plaintiff, Plaintiff is permitted to plead a claim for unjust enrichment in the alternative to the breach of contract claim.  See Bancorp Servs., LLC v Am. Gen. Life Ins. Co., 2016 U.S. Dist. LEXIS 18330 (S.D.N.Y. Feb. 11, 2016); Burton v Iyogi, Inc., 2015 U.S. Dist. LEXIS 33809, *32 (S.D.N.Y. Mar. 16, 2015).

Moreover, Plaintiff's unjust enrichment claim is not duplicative of its fraud claim as it is conceivable that Plaintiff can establish that Defendants were unjustly enriched by receiving monies from Plaintiff for services Defendants did not provide for Plaintiff but Plaintiff may not establish that Defendants' conduct rises to the level of fraud.  See Haraden Motorcar Corp. v. Bonarrigo, 2020 U.S. Dist. LEXIS 68666 (N.D.N.Y. Apr. 20, 2020) (refusing to dismiss unjust enrichment claim allegedly duplicative of fraud claim because "Plaintiff could, for instance, ultimately fail to prove its fraud or conversion claims while still establishing that Defendant 'received a benefit . . . that aught to in 'equity and good conscience' be turned over to [Plaintiff]"); Membler.com LLC v. Barber, 2013 U.S. Dist. LEXIS 135862, at *40 (E.D.N.Y. Sept. 23, 2013) ("While Plaintiff's unjust enrichment and conversion claims may ultimately seek duplicative relief, at [the motion to dismiss] stage the Court will not dismiss the unjust

enrichment claim"); Acquard v. Big Heart Pet Brands, 2020 U.S. Dist. LEXIS 224712 (W.D.N.Y. Nov. 30, 2020) (unjust enrichment claim not duplicative of other claims, including fraud claim, because the other claims require proof of an element that is distinct from what is required to prove unjust enrichment).

Accordingly, Defendants' motion to dismiss Plaintiff's unjust enrichment claim must be denied.

### C.    Plaintiff's Aiding and Abetting Breach of Fiduciary Duty Claim Is Sufficiently Pled

To establish a claim for aiding and abetting a breach of fiduciary duty, a plaintiff must establish (1) a breach of fiduciary duty; (2) the defendant knowingly participated in or induced the breach; and (3) that plaintiff suffered damages as a result of the breach. Sheehy v. New Century Mtge. Corp., 690 F. Supp. 2d 51, 70-71 (E.D.N.Y. 2010).

Defendants mistakenly argue that Plaintiff must allege a fiduciary relationship between Plaintiff and Defendants. Plaintiff has to allege a fiduciary relationship between it and another (not between it and the defendant) about which Defendants were aware. Id.

An employee has a fiduciary duty toward his or her employer. Front, Inc. v. Khalil, 103 A.D.3d 481 (1st Dept 2013); N. K. Intl., Inc. v. Dae Hyun Kim, 68 A.D.3d 608 (1st Dept 2009); Libreros v. Gallo, 2016 N.Y. Misc. LEXIS 4642, 5-6 (N.Y. Sup. Ct. Dec. 13, 2016) (holding plaintiff employed as a domestic worker/nanny had a fiduciary duty towards her employer); Carnegie Deli, Inc. v. Levine, 2015 N.Y. Misc. LEXIS 2228 (N.Y. Sup. Ct. Jan. 15, 2015) (holding fiduciary relationship existed between corporation and its former employee); New York v. Joseph L. Balkan, Inc., 656 F. Supp. 536 (E.D.N.Y. 1987) ("New York law establishes that an employee-employer relationship is fiduciary). This applies even to low level employees (which

Plaintiff was not).  Libreros, 2016 N.Y. Misc. LEXIS 4642, at 4; Fairfield Fin. Mortg. Group, Inc. v. Luca, 584 F. Supp. 2d 479 (E.D.N.Y. 2008).

Plaintiff has unquestionably pled details sufficient to establish a fiduciary relationship existed between Plaintiff and Filardo which was known to Defendants.  Indeed, Plaintiff alleges that Defendants knew that as the Sales Manager for Plaintiff, Filardo was a fiduciary. (Complaint ¶¶ 19-20, 54).  This is sufficient.

Defendants' argument that Plaintiff fails to allege that Defendants had actual knowledge of Filardo's breach of his fiduciary duties once again blatantly ignores the detailed allegations of the scheme in which Defendants assisted Filardo that was in breach of Filardo's fiduciary duty. These allegations are that instead of hiring a legitimate advertising firm, Filardo schemed with Defendants to defraud Plaintiff by invoicing it for advertising that was never actually performed, provides a detailed description of how the scheme between Defendants and Filardo worked, and that Filardo directed Defendants to not speak with the owner of Plaintiff or the scheme would end:

> 23. Instead of hiring a legitimate advertising firm, Filardo schemed with Defendants to defraud Star Subaru by invoicing Star for advertising that was never actually performed.
>
> 24. The scheme was not complicated. It worked as follows:
>
> a. Filardo created a business, Subaru Motorsports d/b/a Motorsports Advertising (a sole proprietorship) ("Motorsports") which was used as an intermediary between Star Subaru and Defendants;
>
> b. Star Subaru had no knowledge that Motorsports was a sole proprietorship operated by Filardo;
>
> c. Star Subaru hired Motorsports to manage, in part, its advertising;
>
> d. Motorsports, in turn, hired Defendants to perform advertising services for Star Subaru;
>
> e. Defendants created fake invoices for advertising services that were never actually provided to Star Subaru;

f. Star Subaru paid Motorsports as per Defendants' invoices for Defendants' work; and

g. Motorsports and Defendants split the income generated by these false advertisements and false invoices.

26. In furtherance of the scheme, Filardo told Defendants not speak with Michael Koufakis, the dealer principal for Star Subaru or they would lose Star Subaru's business.

29. In reality, Defendants provided zero advertising services for Star Subaru.

30. For example, Defendants created fake advertising mailers for Star Subaru which were never distributed.

31. The marketing production company listed on one of the mailers is Velaasis, located at 101 Targeting Center, Windsor, Connecticut 06093. Upon information and belief, this company and address do not exisit.

32. There is another marketing production company used by many auto dealers which has a similar name called, Valassis, which is located at 235 Great Pond Drive, Windsor, CT 06095.

33. Moreover, upon information and belief, an affiliate of Valassis, RedPlum.com, is or was located nearby at "1 Targeting Center."

34. Defendants used a similar name and address as a means to further disguise their fraud on Plaintiff.

35. Additionally, on New Vision's Facebook page, website, and on YouTube, there is a video commercial New Vision allegedly made to broadcast on Chinese TV channels/networks. Instead, New Vision pirated this video clip from another Subaru Chinese commercial and simply added Star Subaru's information at the end of the commercial. New Vision did this on multiple occasions with commercials in various languages.

36. These commercials were never aired on any channel.

37. Defendants knew their representations about the advertisements were false in order to induce Star Subaru to pay Defendants.

(Complaint ¶¶ 23-24, 26, 29-37).

Lastly, as with the unjust enrichment claim, Plaintiff's claim for aiding and abetting a breach of fiduciary duty is not duplicative of its fraud claim as is conceivable that Plaintiff can

establish that Defendants aided and abetted a breach of Filardo's fiduciary duty without being able to establish a fraud claim.

Accordingly, Defendants' motion to dismiss the aiding and abetting breach of fiduciary duty claim must be denied.

### D.   Plaintiff's Conversion and Civil Conspiracy for Conversion Claims Are Sufficiently Pled

Contrary to Defendants' argument that Plaintiff does not allege that it had ownership of the money before it was converted and does not identify the specific property that was allegedly converted, Plaintiff, in fact, alleges that Defendants collected fees from Plaintiff for advertisements that they never placed.  (Complaint ¶ 15).  This is sufficient to meet the pleading requirement of a conversion claim as it alleges that Plaintiff had the money in its possession which it transferred to Defendants.  ADP Inv. Commun. Servs. v. In House Atty. Servs., 390 F. Supp. 2d 212, 224-225 (E.D.N.Y. 2005) (allegation that defendant converted money sent by plaintiff to defendant via wire transfer sufficient to state conversion claim); Eldesouky v. Aziz, 2014 U.S. Dist. LEXIS 176224, *37-40 (S.D.N.Y. Dec. 19, 2014); Janel World Trade, Ltd. v. World Logistics Servs., 2009 U.S. Dist. LEXIS 30256, *29-31 (S.D.N.Y. Mar. 20, 2009). Notwithstanding the fact that the Complaint sufficiently asserts that Plaintiff has legal ownership of the money converted, such an allegation is not required. Notably, "[a]ny use of such property beyond the authority which an owner confers upon a user or in violation of instructions given is a conversion." Meese v. Miller, 79 A.D.2d 237, 243 (4th Dep't 1981). Plaintiff alleges that Defendants collected fees from Plaintiff for advertisements that were never placed, which satisfies this requirement. (Complaint ¶ 15).

Defendants also argue that Plaintiff does not identify the specific property that was allegedly converted. Money can be the subject of a conversion action if it is specifically

identifiable.  Hoffman v. Unterberg, 9 A.D.3d 386, 388, (2nd Dep't 2004).  "The funds of a specific, named bank account are sufficiently identifiable" to state a conversion claim.  Republic of Haiti v. Duvalier, 211 A.D.2d 379, 384, 626 N.Y.S.2d 472, 475 (1st Dep't 1995).  Here, Plaintiff alleges that the converted funds were in Motorsports' bank account before being wired to Defendants, which is sufficient to maintain a conversion claim.  (See Complaint ¶ 28).

Lastly, Defendants argue that the cause of action for civil conspiracy of conversion must be dismissed because the underlying tort of conversion should be dismissed. As discussed *supra*, Plaintiff sufficiently pled a cause of action for conversion, so Plaintiff's claim for civil conspiracy of conversion must survive.  Levin v. Kitsis, 82 A.D.3d 1051, 1052 (2d Dep't 2011).

Accordingly, Defendants' motion to dismiss the conversion and civil conspiracy for conversion claims must be denied.

### E.    Plaintiff's Breach of Contract Claim Is Sufficiently Pled

Defendants argue that Plaintiff alleges Defendants had a contractual relationship with Filardo and not with Plaintiff.  They are mistaken.

Naturally, a corporation requires an individual to enter into a contract on its behalf.  The Complaint alleges that Filardo, in his capacity as Sales Manager for Plaintiff, entered into an agreement with Iskander (through his sole proprietorships, NV and New Vision) whereby Defendants would perform advertising services and Plaintiff would pay for those services. (Complaint ¶¶ 22, 64).  There is no doubt that this allegation sufficiently alleges the existence of a contract between Plaintiff and Defendants.

Accordingly, Defendants' motion to dismiss the breach of contract claim must be denied.

### F.    Plaintiff's Constructive Trust Claim Is Sufficiently Pled

Defendants argue that Plaintiff's constructive trust claim must be dismissed because Plaintiff has not alleged that Defendants are fiduciaries.   However, Plaintiff alleges that, by virtue of Defendants' decade-long business relationship with Plaintiff, they had a confidential or fiduciary relationship with defendants.   (Complaint ¶¶ 13, 22, 69); Impax Media, Inc. v. Northeast Adv., Corp., 2018 U.S. Dist. LEXIS 139972 (S.D.N.Y. Aug. 17, 2018) (advertising agent deemed a fiduciary); Lusins v Cohen, 49 A.D.3d 1015, 1018 (3d Dep't 2008) (fiduciary relationship may be inferred where there is a business relationship).

Even assuming *arguendo* that Plaintiff has not sufficiently alleged that there was a fiduciary relationship (which it has sufficiently alleged), a constructive trust may be imposed notwithstanding the lack of a fiduciary relationship.   In re Koreag, Controle et Revision S.A., 961 F.2d 341, 353 (2d Cir 1992); E.W. Lines v. Bank of Am. Nat'l Trust Sav. Ass'n, 743 F. Supp. 176, 179-80 (S.D.N.Y. 1990) (constructive trust imposed, applying New York law, despite absence of fiduciary relationship); SEC v. Levine, 689 F. Supp. 317, 321-23 (S.D.N.Y. 1988) (same), modified on other grounds, 881 F.2d 1165 (2d Cir. 1989); Republic of Philippines v. Marcos, 806 F.2d 344, 355 (2d Cir. 1986) ("constructive trust is simply a remedy to prevent unjust enrichment and may or may not involve a fiduciary relationship").

To establish a claim for a constructive trust, "what is necessary is that the court identify a party who is holding property under such circumstances that in equity and good conscience he ought not to retain it." Metro-Gem Leasing & Funding Corp. v. Dancy, No. 16-CV-5245 (SJF)(AYS), 2017 U.S. Dist. LEXIS 133379 (E.D.N.Y. June 19, 2017); see also Haberberg v. G.F.A. Advanced Sys. Ltd., 137 A.D.3d 481, 483, 28 N.Y.S.3d 12 (N.Y. App. Div. 2016) (holding that even absent a confidential or fiduciary relationship, a constructive trust may be imposed in the interests of justice in order to prevent unjust enrichment); Blank v. Baronowski,

17

959 F. Supp. 172, 178 (S.D.N.Y. 1997) ("The key factor in deciding whether to impose a constructive trust is the prevention of unjust enrichment.").[4]  Since a constructive trust may be imposed to prevent unjust enrichment (which as discussed *supra*, is sufficiently plead), Plaintiffs have sufficiently plead this cause of action.

Moreover, contrary to Defendants' argument, Plaintiff does, in fact, allege that Defendants made a promise to Plaintiff, that Plaintiff made a transfer in reliance on that promise, and that Defendants were unjustly enriched by Defendants' conduct.  To wit, Plaintiff alleges that Defendants promised to provide advertising services for Plaintiff, that Plaintiff transferred money in reliance on Defendants' promise to provide advertising services, and Defendants were unjustly enriched because they received money from Plaintiff for services that they never rendered.  (Complaint ¶¶ 13-15, 21-24, 29, 39, 70-71).

Accordingly, Plaintiff has sufficiently alleged a claim for constructive trust warranting denial of Defendants' motion to dismiss this claim.

***               ***               ***

---

[4] Although Defendants argued that the elements of a constructive trust are: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment, courts have held that the elements of a constructive trust "serve only as a guideline, [and] a constructive trust may still be imposed even if all of the elements are not established." Kaprov v Stalinsky, 145 AD3d 869, 871 (2d Dept 2016).  The "constructive trust doctrine is given broad scope to respond to all human implications of a transaction in order to give expression to the conscience of equity and to satisfy the demands of justice." Id.  "It is well settled that the elements of a constructive trust are to be applied flexibly rather than literally." See O'Brien v. Amman, 21 Misc. 3d 1118 (Sup. Ct., Alleghany Co. 2008); Simonds v. Simonds, 380 N.E.2d 189 (N.Y. 1978); Rocchio v. Biondi, 40 A.D.3d 615 (2d Dep't 2007).  In other words, a constructive trust is the formula through which the conscience of equity finds expression. Id.  When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts her into a trustee. Kaprov, at 871.  Thus, the Complaint does not need to allege all four elements of a constructive trust.  "[W]hat is necessary is that the court identify a party who is holding property under such circumstances that in equity and good conscience he ought not to retain it." Metro-Gem, 2017 U.S. Dist. LEXIS 133379 (E.D.N.Y. 2017); see also Haberberg, 137 A.D.3d 481, 483 (N.Y. App. Div. 2016).

In the event that Defendants' motion to dismiss for failure to state a claim is granted in any respect, Plaintiff should be granted leave to amend its complaint.  Schiro v. Cemex, 396 F. Supp. 3d 283, 308-309 (S.D.N.Y. 2019) (dismissing fraud claims and granting leave to amend and noting "the Second Circuit has admonished district courts that '[c]omplaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend'"); Hamilton Exhibition, LLC v. Imagine Exhibitions, Inc., 2019 U.S. Dist. LEXIS 99578 (S.D.N.Y. June 11, 2019) (dismissing fraud claim, the negligent representation claim, and the breach of contract claim with leave to amend).

## POINT III

## DEFENDANTS SHOULD NOT BE GRANTED LEAVE TO SERVE A THIRD-PARTY COMPLAINT ON FILARDO[5]

Defendants request leave to file a Third-Party Complaint based on the allegations in the Complaint filed on December 3, 2019 that involve Filardo.  Defendants have been in possession of the Complaint that forms the basis of their motion to file a Third-Party Complaint against Filardo for the past 1 ½ years but have waited until now – after paper discovery has been exchanged and depositions have been conducted – to file a Third-Party Complaint.

Defendants have unduly delayed and granting them this relief will significantly prejudice Plaintiff as it will delay this case which is close to being ready for trial, from concluding.  Weider Health & Fitness v. AusTex Oil Ltd., 2018 U.S. Dist. LEXIS 172072, *17-22 (S.D.N.Y. Sep. 30, 2018) (denying motion to file third-party complaint based on, inter alia, undue delay); Yash Raj Films United States v. Kumar, 2006 U.S. Dist. LEXIS 113427 (E.D.N.Y. June 20,

---

[5] To avoid motion practice, at the pre-motion conference, Plaintiffs stated they would consent to having Filardo joined as a third-party counterclaim defendant.  Defendants refused and filed this motion.

2006) ("To permit the defendants to implead third-parties now, after this case has been pending for ten months, and where fact discovery is nearing completion, would substantially delay the scheduling of a trial and/or dispositive motions, and thereby cause significant prejudice to the plaintiff.")

There will be no prejudice to Defendants if their motion is denied because they are free to commence a separate action against Filardo.

Accordingly, Defendants' request for leave to file a Third-Party Complaint should be denied.

## <u>CONCLUSION</u>

Based on the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss the Complaint and motion to file a Third-Party Complaint and for all such other and further relief as the Court deems just and proper.

Dated: Lake Success, New York
      June 17, 2021

/s/ Jamie S. Felsen, Esq.
MILMAN LABUDA LAW GROUP PLLC
*Attorneys for Plaintiff*
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899
Fax: (516) 328-0082
jamiefelsen@mllaborlaw.com