UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STAR AUTO SALES OF QUEENS LLC,

                Plaintiff,                      **MEMORANDUM AND ORDER**

        v.                                            19-CV-06791 (RPK) (ST)

HANIE ISKANDER A/K/A "JOHN
ALEXANDER," NAGWA YOUSEIF A/K/A
"NAGWA F. YOUSEIF,"

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        Plaintiff Star Subaru Sales of Queens, LLC, filed this action against defendants Hanie Iskander (a/k/a John Alexander) and Nagwa Youseif. Plaintiff alleges that both defendants are liable for fraud, conspiracy to commit fraud, aiding and abetting breach of fiduciary duty, conversion, civil conspiracy to commit conversion, unjust enrichment, and constructive trust. Plaintiff also alleges that Iskander committed breach of contract, and that Youseif aided and abetted fraud. Defendants have moved to dismiss the complaint. For the reasons stated below, defendants' motion is granted in part and denied in part.

## BACKGROUND

        The following facts are drawn from the complaint and are assumed true for the purposes of this order. According to plaintiff, defendants took part in a decade-long scheme between 2007 and 2017 to defraud it by charging marketing fees for work that defendants never performed. *See* Compl. ¶¶ 13-15. The scheme begins with one of plaintiff's own employees and allegedly worked as follows.

        For over a decade, plaintiff employed Douglas Filardo as a sales manager. *Id.* ¶¶ 19–20. Acting as plaintiff's agent, Filardo hired defendants to perform advertising services on behalf of

1

plaintiff. *Id.* ¶ 21. In fact, though, Filardo schemed with defendants to invoice plaintiff for work that defendants never performed. *Id.* ¶ 23. To accomplish the fraud, Filardo registered a sole proprietorship in his name called Subaru Motorsports d/b/a Motorsports Advertising. *Id.* ¶ 24. Filardo then hired Subaru Motorsports to partially manage plaintiff's advertising. *Ibid.* Subaru Motorsports, in turn, hired defendants (operating under the unincorporated business names of New Vision and NV) to perform advertising services. *Ibid.* To hide the fact that Subaru Motorsports was not performing advertising services itself, Filardo told defendants not to speak with the dealer-principal for plaintiff, and he entered Subaru Motorsports's Tax Identification Number in plaintiff's system where defendants' tax number should have gone. *Id.* ¶¶ 26–27.

Defendants then faked work product and disguised their fraud by creating fake invoices. *Id.* ¶¶ 24, 29-30, 35-36. The complaint gives two specific examples of defendants' fake work. In the first, defendants created fake advertising mailers that were never sent out. *Id.* ¶ 30. To hide this fraud, defendants marked the mailers as having been produced by a phony company with a name and address close to those of a well-known production company. *Id.* ¶¶ 31-34. In the second, defendants claimed to have made a commercial for broadcast on Chinese television. *Id.* ¶ 35. But these supposed commercials were simply a copy of a clip from a different Subaru commercial with plaintiff's information added at the end. *Ibid.* Moreover, these commercials never aired on any channel. *Id.* ¶ 36.

Filardo deposited the payments from plaintiff into a Subaru Motorsports bank account and then wired part of the money to defendants. *Id.* ¶ 28.

The complaint alleges that Alexander, as sole proprietor of New Vision and NV, is directly responsible for any fraud committed by those companies. *Id.* ¶ 16. The complaint further alleges

that Youseif assisted Alexander in that fraud by creating false advertisements that she knew would never be used and by generating bogus invoices. *Id.* ¶ 25.

Plaintiff filed the complaint on December 3, 2019. *See* Dkt. # 1. In a letter, Alexander answered the complaint on February 18, 2020. *See* Dkt. # 11. On July 1, 2021, defendants moved to dismiss. *See* Dkt. # 56.

## STANDARD OF REVIEW

I construe defendants' motion as a motion to dismiss for failure to state a claim on behalf of Youseif and a motion for judgment on the pleadings on behalf of Alexander.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6). As to Youseif, the motion to dismiss precedes the filing of a responsive pleading. Defendants' motion is therefore a timely motion to dismiss as to Youseif.

The motion to dismiss is not timely as to Alexander, because Alexander filed a responsive pleading before defendants' motion. *See* Letter re complaint filed by John Alexander (Dkt. # 11) ("Letter"). To respond to a complaint, a litigant need only "(A) state in short and plain terms its defense to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). "[T]here are no magic words needed to deny an allegation." *Koch v. Pechota*, 10-CV-9152 (RWS), 2013 WL 3892827, at *7 (S.D.N.Y. July 25, 2013) (citation omitted). Alexander's letter qualifies as a responsive pleading under this rule. In his letter, Alexander acknowledged that he contracted with Filardo "for years" with the approval of "Subaru Corporate" to send mailers and create a television ad. Letter 1. Alexander also admitted that the video never aired. *Ibid.* Alexander disputes, however, that he never sent the mailers and that he was paid for the video. *Ibid.* These statements admitting a prior business

3

relationship with Filardo and otherwise generally denying the allegations in the complaint are sufficient to constitute an answer. Defendants' motion is therefore appropriately treated as a motion for judgment on the pleadings under Rule 12(c) with respect to Alexander. *See Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001); *see also Azor v. City of New York*, No. 08-CV-04473 (RJD) (LB), 2012 WL 1117256, at *2 (E.D.N.Y. Mar. 30, 2012).

Motions for judgment on the pleadings under Rule 12(c) and motions to dismiss under Rule 12(b)(6) are evaluated under the same standard. *See Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004). In evaluating either motion, a court must "accept[ ] all factual claims in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor." *Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014) (quoting *Famous Horse v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010)). To avoid dismissal, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint, in other words, must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. While the plausibility standard "is not akin to a 'probability requirement,'" it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

Defendants argue that plaintiff has failed to state claims upon which relief can be granted. For the reasons outlined below, defendants' motion on this ground succeeds as to some claims and fails as to others. Defendants also argue that this suit should be dismissed because Filardo is a

necessary party whose joinder is required under Federal Rule of Civil Procedure 19. But Filardo is not a necessary party. Accordingly, defendants' motion to dismiss on that ground is denied.[*]

## I. Defendants' Motion is Granted-in-Part and Denied-in-Part.

Plaintiff has adequately pleaded some of its claims but not others.

### A. Plaintiff Has Adequately Pleaded Breach of Contract.

Plaintiff has adequately pleaded breach of contract under New York law. "Under New York law, an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *First Invs. Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998) (citation and quotation marks omitted). In addition, "to recover as a third-party beneficiary of a contract, a claimant must establish that the parties to the contract intended to confer a benefit on the third party." *Subaru Distributors Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2d Cir. 2005) (citing *State of Cal. Pub. Employees' Ret. Sys. v. Shearman & Sterling*, 741 N.E.2d 101, 104 (N.Y. 2000)).

Defendants allege that plaintiff's breach-of-contract claim is deficient because plaintiff "claims that defendants had a contractual relationship with *Filardo*, but not with plaintiff." Defs.' Mem. 13 (emphasis in original). But plaintiff has adequately pleaded breach of contract on a third-party-beneficiary theory, because it has pleaded a contractual relationship between defendants and Subaru Motorsports that was intended to benefit plaintiff. Specifically, plaintiff alleges that it hired Subaru Motorsports to handle its advertising. It alleges that, Subaru Motorsports, in turn, entered into an advertising contract with defendants "to perform advertising services for Star Subaru." Compl. ¶¶ 21, 23-24. Plaintiff then alleges that defendants breached the contract with Subaru Motorsports by failing to provide advertising services for plaintiff. *Id.* ¶¶ 15, 24, 29-36.

---

[*] Defendants initially asked for leave to implead Filardo if the Court determined that he was not a necessary party, *see* Defs.' Mem. 14, but they have since withdrawn that request, *see* Minute Entry on 2/11/2022.

5

Since plaintiff's complaint describes a contract between Subaru Motorsports and defendants that was intended "to confer [the] benefit" of advertising services on plaintiff, *Subaru Distributors Corp.*, 425 F.3d at 124, defendants' challenge to plaintiff's breach-of-contract claim lacks merit. Defendants' motion with respect to plaintiff's breach-of-contract claim is denied.

### B. Plaintiff's Claims of Fraud, Conspiracy to Commit Fraud, and Aiding and Abetting Fraud Are Inadequately Pleaded.

Plaintiff has failed to adequately allege fraud, conspiracy to commit fraud, or aiding-and-abetting fraud.

1. Fraud

Plaintiff has failed to plead fraud with the requisite particularity. To plead fraud under New York law, a plaintiff must allege "that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., In*c., 98 F.3d 13, 19 (2d Cir. 1996) (quoting *Banque Arabe et Internationale D'Investissement v. Md. Nat'l Bank*, 57 F.3d 146, 153 (2d Cir. 1995)) (internal quotation marks omitted); *see Eurycleia Partners, LP v. Seward & Kissel*, LLP, 910 N.E.2d 976 (N.Y. 2009). A plaintiff cannot proceed on a fraud claim if "the only fraud charged relates to a breach of [a] contract and not to its inducement or making," *Stewart v. Jackson & Nash*, 976 F.2d 86, 88 (2d Cir. 1992) (citation omitted), but a plaintiff can recover for fraud by "demonstrat[ing] a fraudulent misrepresentation collateral or extraneous to the contract," *Bridgestone/Firestone*, 98 F.3d at 20 (citation omitted).

Fraud must be pleaded with specificity under Federal Rule of Civil Procedure 9(b). To do so, a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the

6

statements were fraudulent." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 197 (2d Cir. 2013) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) (citation omitted)). "Although scienter need not be alleged with great specificity, plaintiffs are still required to plead the factual basis which gives rise to a 'strong inference' of fraudulent intent." *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990) (quoting *Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46, 50 (2d Cir. 1987), *cert. denied*, 484 U.S. 1005 (1988)).

Plaintiff has not satisfied the pleading requirements in Rule 9(b). Plaintiff identifies several statements it contends were fraudulent. First, the complaint alleges that defendants falsely represented to plaintiff that they had circulated mailers, when they had not done so. Compl. ¶¶ 15, 30-34. Second, the complaint alleges that on multiple occasions, defendants falsely represented that they had placed certain television advertisements that they had not in fact placed. *Id*. ¶¶ 15, 34-36. Third, plaintiff alleges that defendants sent invoices to Subaru Motorsports to collect for this work that was never performed. *Id.* ¶¶ 15, 24-25. Subaru Motorsports then used these invoices to bill plaintiff. *Id.* ¶ 24.

Plaintiff's allegations are deficient because plaintiff fails to "state where and when" any of the allegedly fraudulent statements were made. *Nakahata*, 723 F.3d at 197. Courts routinely find complaints run afoul of Rule 9(b) under similar circumstances. *See, e.g.*, *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986) (finding complaint insufficient when it alleged that misstatement occurred "both before the Close, and thereafter"); *Hatteras Enters. Inc. v. Forsythe Cosm. Grp., Ltd.*, No. 15-CV-05887 (ADS) (ARL), 2018 WL 1935984, at *11 (E.D.N.Y. Apr. 23, 2018) ("[I]t is insufficient to state that the misrepresentations occurred over a six-to-seven-month period.") (collecting cases).

7

Plaintiff argues that it should be excused from specifying where and when the alleged fraudulent misstatements were made because "courts have relaxed Rule 9(b)'s heightened pleading requirements" when "fraud is alleged to have occurred over a lengthy period of time." Mem. in Opp'n to Mot. to Dismiss 9 (Dkt. # 59) ("Pl.'s Opp'n"). Some courts have indeed relaxed the constraints of Rule 9(b) "in cases involving complex fraudulent schemes or those occurring over a lengthy period of time and involving thousands of billing documents." *U.S. ex rel. Mooney v. Americare, Inc.*, No. 06-CV-1806 (FB) (VVP), 2013 WL 1346022, at *3 (E.D.N.Y. Apr. 3, 2013) (quoting *United States ex rel. Tiesinga v. Dianon Sys.*, 231 F.R.D. 122, 123 (D. Conn. 2005)) (internal quotation marks omitted); *see, e.g.*, *United States v. Astrazeneca Biopharmaceuticals, Inc.*, No. 14-CV-1718 (FB), 2017 WL 1378128, at *3 (E.D.N.Y. Apr. 17, 2017) (relaxing standard in a "complex fraudulent scheme" occurring over a twelve-year period and "involving thousands of billing documents"); *State Farm Mut. Auto. Ins. Co. v. Valery Kalika*, No. 04-CV-4631 (CBA), 2006 WL 6176152, at *11 (E.D.N.Y. Mar. 16, 2006) (holding that plaintiff was not required to note a specific date and time for each misrepresentation where plaintiff specifically alleged 1256 fraudulent claims over a period of years). Those courts have reasoned that "[t]o approach the issue otherwise would allow the more sophisticated to escape liability . . . due to the complexity of their scheme and their deviousness in escaping detection." *In re Cardiac Devices*, 221 F.R.D. 318, 333 (D. Conn. 2004).

But no pleading in this case indicates that compliance with the ordinary Rule 9(b) requirements would be similarly impracticable here. While plaintiff alleges that defendants lied about providing marketing services over a period of years, they have not alleged a scheme involving deceptions so numerous or complex that it would be impracticable to identify them with greater specificity. Indeed, plaintiff does not explain how many times defendants fraudulently

8

billed plaintiff or offer any argument as to why it is infeasible to provide additional details on the nature and scope of the fraud. Plaintiff has therefore failed to plead fraud with the requisite specificity.

### 2. Civil Conspiracy to Commit Fraud

This pleading deficiency also dooms plaintiff's claim for civil conspiracy to commit fraud. A claim for civil conspiracy is only actionable if the complaint states a claim for the underlying tort. *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). Since plaintiff has failed to state a claim for fraud, its civil conspiracy to commit fraud must fail too.

### 3. Aiding and Abetting Fraud

Plaintiff's claim of aiding and abetting fraud similarly falls short. Under New York law, a claim of aiding and abetting fraud requires proof of (1) a fraud, (2) the defendant's "actual knowledge" of the fraud, and (3) the defendant's "substantial assistance" in the fraud's commission. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006). Since plaintiff has failed to adequately plead an underlying fraud, its aiding and abetting fraud claim must also fail. *See 484 Assocs., L.P. v. Moy*, No. 06-CV-2290, 2007 WL 683999, at *4 (S.D.N.Y. Mar. 5, 2007) (dismissing aiding and abetting fraud where plaintiff could not demonstrate an underlying fraud) (citation omitted).

### C. Plaintiff's Claim of Aiding and Abetting Breach of Fiduciary Duty is Inadequately Pleaded.

Plaintiff has not adequately pleaded that defendants aided and abetted a breach of fiduciary duty. To plead that claim under New York law, a plaintiff must allege (1) a breach by a fiduciary of obligations to another of which the defendant had actual knowledge; (2) that the defendant knowingly induced or participated in the breach; and (3) that the plaintiff suffered damage as a result of the breach. *See In re Sharp Int'l Corp.*, 403 F.3d 43, 49-50 (2d Cir. 2005) (citing *Kaufman*

*v. Cohen*, 307 A.D.2d 113, 124 (N.Y. App. 2003)). Here, plaintiff's theory is that Filardo had a fiduciary duty to plaintiff because he was plaintiff's employee, and that defendants knowingly induced or participated in Filardo's breach of that duty. *See* Pl.'s Opp'n. 12-15.

Plaintiff's claim is deficient because plaintiff has failed to adequately allege defendants' actual knowledge of Filardo's fiduciary obligations. Plaintiff adequately alleges that Filardo was an employee of plaintiff—which would mean he owed the company a fiduciary duty. *Fairfield Fin. Mortg. Grp., Inc. v. Luca*, 584 F. Supp. 2d 479, 485 (E.D.N.Y. 2008) (citation omitted); *Wallack Freight Lines, Inc. v. Next Day Express, Inc.*, 273 A.D.2d 462, 463 (N.Y. App. 2000). But the complaint does not allege that defendants knew Filardo was an employee of Star Subaru.

Nor does the complaint allege facts that would support an inference of such knowledge. The complaint alleges that Filardo hired defendants to perform advertising services as owner of Subaru Motorsports—rather than while holding himself out as an employee of Star Subaru. Compl. ¶ 24. And it does not allege other facts indicating that defendants had knowledge of Filardo's employee status. Plaintiff highlights its allegation that "Filardo told Defendants not to speak with Michael Koufakis, the dealer principal for Star Subaru, or they would lose Star Subaru's business." *Id.* ¶ 26; *see* Pl.'s Opp'n 13. But such a warning does not naturally convey that Filardo was an employee of the victim company—much less that defendants actually inferred that fact.

### D. Plaintiff's Conversion Claims Are Inadequately Pleaded.

Plaintiff has failed to state a claim for conversion or for conspiracy to commit conversion.

1. Conversion

Plaintiff's conversion claim is not adequately pleaded. To state a claim for conversion under New York law, a plaintiff must allege: "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its

10

conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Moses v. Martin*, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004) (citations and internal quotation marks omitted).

Defendants correctly argue that plaintiff has failed to allege conversion of a "specific, identifiable thing." *Ibid*. To state a conversion claim under New York law, a plaintiff must identify "a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question." *Bascunan v. Elsaca*, 874 F.3d 806, 821 n.56 (2d Cir. 2017) (quoting *Mfrs. Hanover Tr. Co. v. Chem. Bank*, 160 A.D.2d 113, 124 (N.Y. App. 1990)) (internal quotation marks omitted). Essentially, the money must be capable of being identified in the same way as chattel. *High View Fund, L.P. v. Hall*, 27 F. Supp. 2d 420, 429 (S.D.N.Y. 1998) (citing *Interior by Mussa, Ltd. V. Town of Huntington*, 664 N.Y.S.2d 970, 972 (N.Y. App. 1997)). While plaintiff has alleged that it paid a total of over $500,000 to defendants (through Motorsports) for invoices, Compl. ¶¶ 24, 39, it has failed to allege that "once that money was paid to defendant[s] it remained intact, as opposed to pooling in with [their] other funding." *Ford v. Rensselaer Polytechnic Inst.*, 507 F. Supp. 3d 406, 420-21 (N.D.N.Y. 2020); *Mazzola v. Roomster Corp.*, 849 F. Supp. 2d 395, 409 (S.D.N.Y. 2012) ("Because the plaintiff seeks the return of the money charged to her debit card, and does not 'claim ownership of a specifically identifiable, segregated' fund, she has failed to allege adequately a claim for conversion.") (quoting *High View Fund, L.P. v. Hall*, 27 F. Supp. 2d 420, 429 (S.D.N.Y. 1998) (quoting, in turn, *Chem. Bank*, 559 N.Y.S.2d at 712)).

Plaintiff argues that it is sufficient to allege that plaintiff had the money in its possession before transferring it to defendants. Pl.'s Opp'n 15. But the cases on which plaintiff relies do not support this argument. Two of the cases held that a plaintiff could satisfy the requirement of a specific, identifiable fund by seeking to obtain specific sums transferred into a particular named

11

bank account. *ADP Investor Communication Services, Inc. v. In House Attorney Services, Inc*, 390 F. Supp. 2d 212, 224-25 (E.D.N.Y. 2005) (holding that plaintiff had adequately pleaded conversion when it sought to recover a specific sum sent by wire transfer to "In House's bank account at California Bank & Trust c/o ILCS."); *see Eldesouky v. Aziz*, No. 11-CV-6986 (JLC), 2014 WL 7271219, at *14 (S.D.N.Y. Dec. 19, 2014) ("In New York, the funds of a specific, named bank account are sufficiently identifiable for purposes of a conversion claim") (alterations and quotation marks omitted). Those cases do not help plaintiff, because plaintiff has not sought funds it transferred to a specific, named bank account. The final case plaintiff cites makes no mention of specific, identifiable funds. *See Janel World Trade, Ltd. v. World Logistics Servs., Inc.*, No. 08-CV-1327 (RJS), 2009 WL 735072, at *11-12 (S.D.N.Y. Mar. 20, 2009).

2. Civil Conspiracy

As noted above, a claim for civil conspiracy is only actionable if the complaint states a claim for the underlying tort. *Kirch*, 449 F.3d at 401. Since plaintiff has failed to state a claim for conversion, its claim for civil conspiracy must fail too.

**E. Plaintiff's Unjust Enrichment Claim is Not Duplicative of its Breach of Contract Claim.**

Plaintiff's unjust enrichment claim survives because contrary to defendants' arguments, that claim is not duplicative of plaintiff's contract and tort claims.

An "unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). But "[w]here there is a bona fide dispute as to whether a relevant contract exists or covers the disputed issue . . . courts have permitted plaintiffs to pursue both unjust enrichment and breach of contract claims." *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 471 (S.D.N.Y. 2014) (collecting cases); *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 663 (2d Cir.

12

1996). Here, there is no dispute that Filardo had a contract with defendants. But plaintiff might fail to prove that it was a third-party beneficiary of Filardo's contract with defendants. If so, they might still have an unjust enrichment claim. *See Bancorp Servs., LLC v. Am. Gen. Life Ins. Co.*, No. 14-CV-9687 (VEC), 2016 WL 4916969, at *8 (S.D.N.Y. Feb. 11, 2016) ("If Addle Management is found not to be a third party beneficiary of the 2010 NDA, Addle Management's breach of contract claim would fail, but it may still have an unjust enrichment claim in the absence of a governing contract.") (citing *Maalouf v. Salomon Smith Barney, Inc.*, No. 02-CV-4770 (SAS), 2003 WL 1858153, at *7 (S.D.N.Y. Apr. 10, 2003)).

Accordingly, plaintiff may continue to pursue its unjust enrichment claim.

**F.  Plaintiff's Constructive-Trust Claim is Inadequately Pleaded.**

Because plaintiff has not demonstrated that money damages are an inadequate remedy, plaintiff's constructive-trust claim is inadequately pleaded.

"Under New York law, a party claiming entitlement to a constructive trust must ordinarily establish four elements: (1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer made in reliance on that promise; and (4) unjust enrichment." *In re Koreag, Controle et Revision S.A.*, 961 F.2d 341, 352 (2d Cir. 1992) (citations omitted). Additionally, "a constructive trust is appropriate only if 'the party seeking relief . . . demonstrate[s] that [its] remedies at law are incomplete and inadequate to accomplish substantial justice.'" *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 61 (2d Cir. 2004) (quoting *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 262 (2d Cir. 2002)). Accordingly, where money damages suffice, a constructive trust is inappropriate. *See Lucente*, 310 F.3d at 262 ("There is simply no reason why . . . money damages would not adequately compensate Lucente[.]"); *Evans v. Winston & Strawn*, 757 N.Y.S.2d 532, 534 (N.Y. App. 2003) (same) (citation omitted).

Plaintiff has failed to allege why money damages would be an inadequate remedy for the harm it allegedly suffered. Its complaint references and seeks only money damages. *See* Compl. 9-10; *id.* ¶ 39. In similar circumstances, courts dismiss constructive trust claims. *See, e.g.*, *Pena v. Guzman*, No. 03-CV-5130 (SHS), 2004 WL 253331, at *3 (S.D.N.Y. Feb. 11, 2004) (dismissing constructive trust claim because plaintiff had not "demonstrated that . . . money damages [were] inadequate"); *Hartman v. Harris*, No. 90-CV-6203 (RLC), 1990 WL 212973, at *2 n.4 (S.D.N.Y. Dec. 18, 1990) (dismissing constructive trust claim while allowing unjust enrichment claim to proceed because plaintiff sought money damages). Accordingly, plaintiff's constructive trust claim is dismissed.

## II. Plaintiff Has Not Failed to Join a Necessary Party.

Defendants alternatively argue that this lawsuit should be dismissed under Federal Rule of Procedure 19 because of plaintiffs' failure to join Filardo, whom defendants claim is a necessary party. Defs.' Mem. 3-4. Federal Rule of Civil Procedure 19(a)(1) defines the parties who are "necessary" to an action. *Jonesfilm v. Lions Gate Int'l.*, 299 F.3d 134, 139 (2d Cir. 2002). It provides that a party "must be joined" if either of two conditions is satisfied. Fed. R. Civ. P. 19(a)(1). First, a party must be joined if "in that party's absence, the court cannot accord relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Alternatively, a party must be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

14

Filardo is not a necessary party. Even without Filardo, complete relief can be afforded between the current parties in the suit. "[C]omplete relief refers only 'to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir. 1985) (quoting 3A J. Moore, *Moore's Federal Practice* ¶ 19.07–1[1], at 19-96 (2d ed. 1984)). Defendants have not explained how Filardo's absence limits plaintiff's ability to obtain relief. To be sure, plaintiff or defendants may later bring a separate suit against Filardo. But a determination that defendants have breached their contract with, defrauded, or otherwise wronged plaintiff will provide complete relief between the parties—even without Filardo's presence. *See United States v. Michel*, 879 F. Supp. 2d 291, 301 (E.D.N.Y. 2012); *Socci v. JPMorgan Chase & Co.*, No. 17-CV-5469 (DRH) (AYS), 2018 WL 4388454, at *4 (E.D.N.Y. Sept. 14, 2018) ("Even if Plaintiff were to prevail here, the fact that there may be further litigation between Defendant and the alleged wrongdoers to recover the stolen funds does not mean the Court cannot accord complete relief between the parties in this action.").

The second disjunctive condition in Rule 19 is also inapplicable because Filardo has not "claimed" an interest related to the current litigation. Fed. R. Civ. P. 19(a)(1)(B); *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 48 (2d Cir. 1996) ("[Defendant's] attempt to assert on behalf of the Ministry its supposed concern about the dilution of its interest . . . falls outside the language of the rule. It is the absent party that must 'claim an interest.'").

Accordingly, Filardo is not a necessary party, and his joinder is not required.

## CONCLUSION

Plaintiff's claims for fraud, aiding and abetting fraud, civil conspiracy to commit fraud, conversion, civil conspiracy to commit conversion, aiding and abetting a breach of fiduciary duty,

15

and constructive trust are dismissed without prejudice.  Defendants' motion is otherwise denied. Plaintiff may file a motion to amend the complaint within thirty days.  Any such motion must attach the proposed amended complaint.

    SO ORDERED.

                                                      */s/ Rachel Kovner*
                                                      RACHEL P. KOVNER
                                                      United States District Judge

Dated:  March 15, 2022
         Brooklyn, New York