UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STAR AUTO SALES OF QUEENS LLC
d/b/a STAR SUBARU,                                                       Case No.: 1:19-cv-06791 (RPK) (ST)

        Plaintiff,

  -against-

HANIE ISKANDER, a/k/a "John Alexander"
AND NAGWA YOUSEIF a/k/a "Nagwa F Youseif",

        Defendants.
------------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO AMEND ITS COMPLAINT**

        Jamie S. Felsen, Esq.
        Jeremy M. Koufakis, Esq.
        Milman Labuda Law Group, P.C.
        3000 Marcus Ave, Suite 3W8
        Lake Success, NY 11042
        (516) 328-8899 (office)
        (516) 328-0082 (facsimile)
        jamie@mllaborlaw.com
        jeremy@mllaborlaw.com

        *Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

Plaintiff Star Auto Sales of Queens LLC d/b/a Star Subaru ("Star" or "Plaintiff") respectfully submits this Memorandum of Law in Support of its Motion to Amend the Complaint following the Court's recent dismissal of some its claims against Defendants Hanie Iskander a/k/a John Alexander ("Alexander") and Nagwa Youseif a/k/a Nagwa F. Youseif ("Youseif") for fraud and deceit, aiding and abetting of fraud, civil conspiracy of fraud, unjust enrichment, aiding and abetting breach of fiduciary duty, conversion, civil conspiracy of conversion, breach of contract, and constructive trust.

Defendants waited more than one and one-half years after this lawsuit was commenced and after substantial discovery was conducted before moving to dismiss the Complaint. Plaintiff has not delayed in seeking the instant relief; the court granted Plaintiff permission to file the instant motion when it granted Defendants' motion to dismiss, in part. Defendants will suffer no prejudice if Plaintiff is permitted to amend its complaint. To the extent Defendants claim prejudice, any such prejudice would be caused by their own delay in asserting deficiencies in some of Plaintiff's claims.

Accordingly, Plaintiff's motion to amend the complaint should be granted.

## PROCEDURAL HISTORY & FACTS

Plaintiff commenced the instant action on December 03, 2019, (Docket Entry No. 1.) The parties have been engaged in discovery since the Court entered a discovery Order on February 09, 2020. (Docket Entry No. 10.)

On July 01, 2021, approximately nineteen (19) months later, with discovery almost complete, Defendants filed a motion to dismiss the entire Complaint for failure to state a claim (Docket Entry No.'s 56-58.)

On March 15, 2022, this Honorable Court granted in part and denied in part Defendants' motion to dismiss. (Docket Entry No. 74) (The "Court's Order").  The Court denied Defendants' motion to dismiss Plaintiff's claims for breach of contract and unjust enrichment and granted Defendants' motion to dismiss the claims for fraud, aiding and abetting fraud, civil conspiracy to commit fraud, conversion, civil conspiracy to commit conversion, aiding and abetting a breach of fiduciary duty, and constructive trust are dismissed without prejudice.

A proposed Amended Complaint, which cures the deficiencies addressed in the Court's Order, is annexed to the declaration of Jamie S. Felsen.

### STANDARD

Under Fed. R. Civ. Proc. 15, a party may amend its pleading with the Court's leave, which lies "within the sound discretion of the court." Fed. R. Civ. Proc. 15(a)(2); *DiFilippo v. Barclays Capital, Inc.*, No. 05 Civ 4990 (VM) (JCF), 2006 WL 1716860, at *2 (S.D.N.Y. June 20, 2006). A court should freely give leave when "justice so requires." FED. R. CIV. P. 15(a)(2); *see Forman v. Davis*, 371 U.S. 178, 182 (1962).

The purpose of Rule 15 "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Siegel v. Converters Transp., Inc.,* 714 F.2d 213, 216 (2d Cir. 1983.) "Unless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend" *Turano v. Zucker,* No. 17-cv-3397 (ADS)(AKT), 2017 U.S. Dist. Lexis 183546, at *2-3 (E.D.N.Y. Nov. 4 2017). Mere delay, in the absence of bad faith or prejudice, is not a sufficient reason for denying a motion to amend. *Ruotolo v. City of New York,* 514 F. 3d 184, 191 (2nd Cir. 2008).

### ARGUMENT

### POINT I

3

# **LEAVE TO AMEND THE COMPLAINT MUST BE GRANTED**

### A. Courts Routinely Permit Plaintiffs To Amend a Complaint After Granting a Motion to Dismiss

After litigating this case for nineteen (19) months, Defendants filed a motion to dismiss arguing, *inter alia*, that Star did not plead its claims sounding in fraud with sufficient specificity. An Amended Complaint would allow Star to cure the pleading deficiencies addressed by the Court within the time frame permitted in the Court Order.

Courts routinely permit Plaintiffs to amend their Complaint after granting a Defendant's motion to dismiss. See *Orange Transp. Servs. V. Volvo Group N. Am., LLC*, 2021 U.S. Dist. LEXIS 104299 (W.D.N.Y. Jan. 13, 2021) (granting motion to amend fraud claim that was previously dismissed); *Weaver v. Chrysler Corp.,* 172 F.R.D. 96, 98, 1997 U.S. Dist. LEXIS 3769, *1 (S.D.N.Y. March 31, 1997) (granting Plaintiff's motion to amend their Complaint after a fraud claim was dismissed); *Valentini v. Grp. Health Inc.*, 2021 U.S. Dist. LEXIS 112081, *48, 2021 WL 2444649 (S.D.N.Y. June 15, 2021) ("given the liberal standard on a motion to amend, the Court will dismiss Plaintiffs' fraud claim without prejudice and will permit Plaintiffs leave to amend their allegations as to fraud.")

### B. Plaintiff Has Not Unduly Delayed

Plaintiff has not unduly delayed in seeking leave to amend its complaint. Indeed, Plaintiff has sought the instant relief within the timeframe set by the Court in the Court Order.

To the extent there is any delay, it has been caused by Defendants waiting until significant discovery was conducted before filing a motion to dismiss. Had Defendants moved to dismiss at the outset, Plaintiff would have sought the same relief it seeks herein at that time. Plaintiff should not be punished for failing to cure defects it did not know previously existed.

Although Plaintiff has not delayed, courts have granted leave to amend where there was significant delay in amending a complaint. *See Commander Oil Corp. v. Barlo Equipment Corp.*, 215 F.3d 321, 333 (2d Cir. 2000) (no abuse of discretion in grant of leave to amend after seven year delay, in absence of prejudice); *Rachman Bag Co. v. Liberty Mutual Insurance Co*., 46 F.3d 230, 235 (2d Cir. 1995) (leave to amend properly granted after four-year delay); *Block v. First Blood Assocs.,* 988 F.2d 344, 346, 1993 U.S. App. LEXIS 4852, *2, (2d Cir. 1993) (amendment allowed four years after complaint filed).

### C. Defendants will Suffer No Prejudice

In determining what constitutes prejudice, courts in this Circuit generally consider whether "the assertion of the new claim or defense would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Monahan v. N.Y.C. Dep't of Corr.,* 214 F.3d 275, 284 (2d Cir. 2000) (internal citation omitted).

The filing of an Amended Complaint will not result in undue prejudice to Defendants as it will merely provide additional facts in further support of the claims that were previously dismissed. This supplementation will not change the scope of litigation, nor will it delay the litigation, which is still in the discovery phase. Defendants have not yet deposed the Plaintiff and will be afforded the opportunity if they choose.

### D. The Proposed Amendments are not Futile

When a party objects to a motion to amend on futility grounds, "the moving party must merely show that it has at least colorable grounds for relief." *See Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09-CV-1608, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (internal quotation

omitted). In deciding whether an amended pleading asserts colorable claims, a court "is required to accept the material facts alleged in the amended [pleading] as true and draw reasonable inferences in the [movant's] favor." *Alkhatib v. New York Motor Group, LLC*, No. 13-CV-2337, 2015 WL 3507340, at *7 (E.D.N.Y. June 3, 2015) (*quoting Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014)); see also *Panther Partners, Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) ("In assessing whether the proposed [amended] complaint *states a claim*, [courts] consider the proposed amendments along with the remainder of the complaint ... *accept as true* all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether *the allegations plausibly give rise to an entitlement to relief*") (emphasis added).

"A court is not required to make a final determination on the merits of a proposed claim or defense, but instead, must only "satisfy itself that [the claim or defense] is colorable and not frivolous.'" *See Rodriguez v. Ridge Pizza Inc.*, No. 16-CIV.-254, 2018 WL 1335358, at *3-4 (E.D.N.Y. Mar. 15, 2018) (*quoting UMG Recordings, Inc. v. Lindor*, No. 05-CIV.-1095, 2006 WL 3335048, at *2 (E.D.N.Y. Nov. 9, 2006)). Therefore, the moving party "is not required to 'establish a probability it would prevail on the merits in order for the court to grant its motion to amend ... [i]nstead ... [movant] is merely required to assert proposed amendments which are not frivolous on their face.'" *See UMG*, 2006 WL 3335048, at *2.

Plaintiff's proposed Amended Complaint meets this standard. Indeed, Plaintiff has added the following allegations that address the deficiencies addressed in the Court Order:

1) The fraud cause of action alleged in the proposed Amended Complaint now meets the pleading requirements in Rule 9(b) because it alleges "where and when" the fraudulent

statements were made and thus is adequately pleaded. See Felsen Decl., **Exhibit B** ¶¶ 28, 37-39, 42, 46, 48-50.

2) Civil conspiracy to commit fraud is adequately pleaded because the underlying fraud claim is also adequately pleaded.

3) Aiding and abetting fraud is adequately pleaded because the underlying fraud claim is also adequately pleaded.

4) Aiding and abetting breach of fiduciary duty is adequately pleaded because Plaintiff now alleges that Defendants had actual knowledge of Filardo's fiduciary obligations. See Felsen Decl., **Exhibit B** ¶¶ 23, 63.

5) Civil conspiracy to commit fraud is adequately pleaded because the underlying fraud claim is also adequately pleaded.

6) Plaintiff's conversion claim is adequately pleaded because it alleges conversion of a specific identifiable thing. See Felsen Decl., **Exhibit B** ¶¶ 46, 69.

7) Civil conspiracy to commit conversion is adequately pleaded because the underlying conversion claim is also adequately pleaded.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the Complaint should be granted and Plaintiff should be permitted to file the proposed Amended Complaint.

Dated: Lake Success, New York
April 13, 2022

**MILMAN LABUDA LAW GROUP PLLC**

By: ____/s/_____
Jamie S. Felsen, Esq.

7

3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamie@mllaborlaw.com

*Attorneys for Plaintiff*