UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

STAR AUTO SALES OF QUEENS LLC,

        Plaintiff,                        **REPORT AND RECOMMENDATION**

  v.                                            19-CV-06791 (RPK) (ST)

HANIE ISKANDER A/K/A "JOHN
ALEXANDER," and NAGWA YOUSEIF
A/K/A "NAGWA F. YOUSEIF,"

        Defendants.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

Before this Court is a motion by *pro se* Defendants to dismiss Plaintiff's amended complaint. Star Auto Sales of Queens LLC, ("Plaintiff") brought this action alleging numerous tort claims against Hanie Iskander, A/K/A "John Alexander," and Nagwa Youseif (each a "Defendant" and collectively "Defendants") arising out of an alleged fraud scheme in which Defendants contracted to provide advertising for Plaintiff with no intention of ever providing such services. Defendants' motion pertains to Plaintiff's amended complaint after much of the original complaint was dismissed for failure to state a claim. For the reasons below, I recommend Defendants' motion be GRANTED, in part, and DENIED, in part.

## BACKGROUND

At this stage, this Court is required to assume Plaintiff's alleged facts are true. This statement of facts is drawn from Plaintiff's amended complaint. Plaintiff alleges one of its employees, Doug Filardo, conspired with Defendants in a near decade-long scheme to induce Plaintiff to pay for advertising services that were never provided. Am. Compl. ¶¶ 13-18, ECF No. 77.

Doug Filardo was employed as a sales manager for Plaintiff from about March 2006 until he quit in November of 2017. *Id* at ¶ 19. Filardo's was responsible for overseeing Plaintiff's advertising. *Id* at ¶ 20. According to Plaintiff, rather than contract for genuine advertising services, Filardo conspired with Defendants to defraud Plaintiff by invoicing for ad services never performed. *Id* at ¶ 24. Filardo did so by forming a business called Subaru Motorsports, which Plaintiff did not know was a sole proprietorship owned by Filardo. *Id* at ¶ 25a-b. Plaintiff, through Filardo, hired Subaru Motorsports to manage its advertising services. *Id* at ¶ 25c. In turn, Subaru Motorsports hired NV and New Vision, business entities owned and operated by Defendant Alexander, to perform advertising services. *Id* at ¶¶ 8-10, 25d. Youseif served as Executive Producer for both businesses. *Id* at ¶ 11. She also resides with Defendant Alexander. *Id* at ¶ 12.

However, neither Defendants nor Filardo ever intended on performing any advertising services. *Id* at ¶ 14. Instead, Defendants would generate fake invoices to induce Plaintiff into paying despite never actually providing advertising services. *Id* at ¶ 25e. Plaintiff, relying on these invoices and other statements by Defendants as evidence that work was being performed, would pay Subaru Motorsports. *Id* at ¶¶ 25f-g, 44. Subaru Motorsports would in turn pay Defendants, allowing Defendants and Filardo to split the profits of their scheme. *Id* at ¶¶ 25f-g. In total, Plaintiff alleges it made well over one hundred payments to Defendants during this period due to these false invoices, resulting in damages of upwards of one million dollars. *Id* at ¶¶ 39a, 45. Defendants were able to hide their fraud by providing false mail advertisements to Plaintiff to give the impression that the mailers were distributed. *Id* at ¶ 37. In reality, no such mailers were ever sent. *Id* at ¶ 31. In total, at least a dozen fraudulent mailers were sent to Plaintiff during the relevant period. *Id* at ¶ 38.

Plaintiff maintains that Defendant Alexander, as the founder and executive director of both NV and New Vision, is primarily responsible for the fraud. *Id* at ¶ 16. At all times during the period, Plaintiff alleges Defendants knew Filardo was employed by Plaintiff and that Filardo owed Plaintiff a fiduciary duty. *Id* at ¶ 23. Plaintiff further alleges that Defendant Youseif had actual knowledge of the scheme and assisted Defendant Alexander by generating false mailers and false invoices in order to induce Plaintiff's payments. *Id* at ¶ 26.

Plaintiff filed this action on December 3, 2019. *See* Compl., ECF No. 1. Defendants have previously moved to dismiss for failure to state a claim, which was granted in part and denied in part by Judge Kovner. *See* Mem. and Order, ECF No. 74. Plaintiff then successfully moved to amend the complaint and filed an amended complaint on April 19, 2022. *See* Am. Compl., ECF No. 77. *Pro se* Defendants then filed a two-page letter motion to dismiss the amended complaint. *See* Def. Br., ECF No. 90. Judge Kovner referred the motion to dismiss to me for a Report and Recommendation. *See* Referral Order dated Jan. 27, 2023.

## LEGAL STANDARD

When assessing a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint states a legally cognizable claim by making allegations that, if proven, would show that the Plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). *Twombly* and *Iqbal* command that all elements of the Plaintiff's claim must be plausibly alleged in the complaint, such that the complaint contains more than "naked assertions," or allegations that amount to "sheer possibility," containing instead "factual content that allows the court to draw the reasonable inference that the Defendant

3

is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

In assessing a motion to dismiss under Rule 12(b)(6), the Court "must accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving party." *Giambrone v. Meritplan Ins. Co.*, 13-CV-7377 (MKB) (ST), 2017 WL 2303980 at *3 (E.D.N.Y. Feb. 28, 2017) (internal quotation marks, citation omitted) (*adopted by Giambrone v. Meritplan Ins. Co.,* 13-CV-7377, 2017 WL 2303507 (E.D.N.Y. May 24, 2017)).

"When considering a motion to dismiss drafted by a *pro se* defendant, the Court is mindful that a *pro se* party's pleadings must be liberally construed in favor of that party and are held to less stringent standards than formal pleadings drafted by lawyers." *Water Resources Group, LLC v. Powers*, No. 12-CV-3779, 2013 WL 5202679, at *5 (S.D.N.Y. Sept. 13, 2013) (quoting *Peirez, Ackerman & Levine v. Starr*, No. 92-CV-7958 (PKL), 1994 WL 48811, at * 1 (S.D.N.Y. Feb.17, 1994) (internal quotations omitted)). That said, blanket denials of a plaintiff's factual allegations cannot be the basis of a motion to dismiss as the Court is required to accept all of plaintiff's allegations at this stage. *Id*.

## DISCUSSION

### I.  Defendant Alexander's Motion to Dismiss is not Procedurally Barred.

Defendants' letter is unsigned, but as the letter seeks dismissal of both Defendants, this Court interprets the letter as filed on behalf of both Defendants. Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6). Defendant Youseif has not filed an answer to either

Plaintiff's original or amended complaints. Therefore, there is no question that this motion to dismiss is proper as to Defendant Youseif.

Defendant Alexander, however, previously filed a letter that Judge Kovner determined to be an answer in her previous Memorandum and Order dismissing much of Plaintiff's original complaint. *See* Mem. and Order at 3, ECF No. 74. Thus, this Court must determine whether Defendant Alexander's motion to dismiss is proper as to Plaintiff's amended complaint after answering the original. A motion to dismiss an amended complaint may be timely even where a defendant has filed a responsive pleading if the amended complaint contains additional factual allegations strengthening the plaintiff's case. *Sullivan v. Aircraft Services Group, Inc.*, No. 19-CV-6500 (MKB), 2021 WL 76836, at *2 (E.D.N.Y. Jan 8, 2021). In such cases, a defendant is entitled to an opportunity to respond and may file a motion to dismiss despite having previously filed an answer. *See Kalin v. Xanboo, Inc.* 526 F. Supp. 2d 392, 398 (S.D.N.Y. 2007). Plaintiff has added substantial factual allegations to the amended complaint in an effort to eliminate deficiencies in the original complaint as detailed in Judge Kovner's previous order. As such, Defendant Alexander is entitled to an opportunity to respond and his motion to dismiss is proper.

## II.     Defendants Letter Cannot Support a Motion to Dismiss.

Defendants' two-page letter largely denies the factual allegations contained in the amended complaint. *See* Def. Br. at 1-2, ECF No. 90. Interpreting the letter to raise the strongest claims that it could possibly suggest I find that Defendants have raised a motion to dismiss for failure to join a necessary party and failure to state a claim upon which relief can be granted. *See Hogan v. Fischer,* 738 F.3d 509, 515 (2d Cir. 2013) (requiring liberal readings of *pro se* filings).

Defendants' motion to dismiss for failure to join a necessary party stems from his repeated insistence that Doug Fillardo, a former employee of Plaintiff, is responsible for any

fraud that occurred. *See* Def. Br. at 1, ECF No. 90. ("It is Star Subaru who allowed his employee to build an agency inside their company and any fraud claimed should be of their knowledge! I wonder how they never question him for 6 years or more about the same thing unless they were happy with the results!"). Defendants raised the same claim in their previous motion to dismiss, which Judge Kovner denied on the grounds that Filardo was not a necessary party. *See* Mem. and Order at 14-15, ECF No. 74. Defendants have not shown any new facts that would lead this Court to reassess Judge Kovner's previous conclusion. Accordingly, I recommend that Defendants motion to dismiss for failure to join a necessary party be denied.

As for Defendants' motion to dismiss for failure to state a claim, Defendants rely entirely on denials of Plaintiff's factual allegations. However, on a motion to dismiss, in deference to the non-moving party, this Court is required to assume the facts Plaintiff has alleged are true. *Giambrone*, 2017 WL 2303980 at *3. As this Court cannot consider Defendants' factual denials in this posture, Defendants should instead be directed by this Court to file such denials as an answer to the amended complaint.

### III. Plaintiff has Sufficiently Pled Its Claims Except Claims Related to Conversion.

While *pro se* Defendants have not pointed to any specific deficiencies in Plaintiff's amended complaint, this Court has reviewed the amended pleading and recommends that each claim, with the exception of claims relating to conversion, have been sufficiently pled. Plaintiff's amended complaint brings eight claims; 1.) fraud and deceit, 2.) aiding and abetting fraud, 3.) civil conspiracy of fraud, 4.) unjust enrichment, 5.) aiding and abetting breach of fiduciary duty, 6.) conversion, 7.) civil conspiracy of conversion, and 8.) breach of contract. For the reasons discussed below, I recommend that this Court GRANT Defendants' motion to dismiss as to claims six and seven but DENY the motion as to all other claims.

### A. As Previously Determined, Plaintiff has Adequately Pled Breach of Contract and Unjust Enrichment.

Judge Kovner previously determined that Plaintiff adequately pled breach of contract and unjust enrichment. *See* Mem. and Order at 5-6, 12-13, ECF No. 74. Defendants have not alleged a specific manner in which these claims are deficient, and this Court has found none. As such, this Court finds no reason to disturb Judge Kovner's previous determination and recommends that Plaintiff's breach of contract and unjust enrichment claims are sufficiently pled.

### B. Plaintiff has Pled His Fraud Claims with Sufficient Particularity.

Plaintiff's three claims related to fraud; fraud and deceit, aiding and abetting fraud, and civil conspiracy of fraud, were each dismissed by Judge Kovner in her previous order. *See id* at 6-9. Plaintiff had failed to plead fraud with sufficient particularity, and because fraud is a necessary element of Plaintiff's aiding and abetting and civil conspiracy claims, all three claims were dismissed without prejudice. *Id*. Plaintiff has since filed an amended complaint. *See* Am. Compl., ECF No. 77. After reviewing the amended complaint, I recommend that this Court find that Plaintiff has sufficiently pled each of his fraud claims.

  *i.*  *Plaintiff's Fraud Claim.*

In order to plead a claim of fraud under New York law, a plaintiff must allege "that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19 (2d Cir. 1996) (internal quotations and citations omitted). Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard on claims of fraud or mistake. A party must "state with particularity the circumstances constituting fraud . . .

.” Fed. R. Civ. P. 9(b). This Circuit has interpreted rule 9(b) to require that a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 197 (2d Cir. 2013) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) (citation omitted)).

While Plaintiff's original complaint was otherwise sufficient, Plaintiff failed to allege the "where and when" of Defendants' allegedly fraudulent ad mailers and invoices. *See* Mem. and Order at 7-8, ECF No. 74. Plaintiff has since provided a list of approximate dates spanning five years on which Plaintiff received fraudulent mailings or invoices from Defendants. Am. Compl. ¶¶ 38-39, ECF No. 77. These dates are sufficient to correct the deficiencies in Plaintiff's original complaint. *See In re Crazy Eddie Securities Litigation*, 812 F. Supp. 338, 349 (E.D.N.Y. 1993) (approximate dates of allegedly fraudulent mailings and wire communication sufficient to plead fraud with particularity). I therefore recommend this Court conclude that Plaintiff has sufficiently pled fraud.

      ii.    *Plaintiff's Aiding and Abetting Fraud Claim.*

Plaintiff further alleges a claim of aiding and abetting fraud against Defendant Youseif. To plead a claim of aiding and abetting fraud a plaintiff must allege facts sufficient to show "(1) the existence of a fraud; (2) [the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006) (quoting *JP Morgan Chase Bank v. Winnick*, 406 F.Supp.2d 247, 252 (S.D.N.Y.2005)). As discussed above, Plaintiff has sufficiently pled the existence of a fraud.

New York courts have interpreted the knowledge requirement of an aiding and abetting claim to require actual knowledge. *Kolbeck v. LIT America, Inc.*, 939 F. Supp. 240, 246 (S.D.N.Y. 1996). While Federal Rule of Civil Procedure 9(b) does not require knowledge to be pled with particularity, a plaintiff must allege sufficient facts to give rise to a "strong inference" of knowledge. *Lerner*, 459 F. 3d at 293. "An inference is 'strong' if it is 'cogent and at least as compelling as any opposing inference one could draw from the facts alleged.'" *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 176-77 (2d Cir. 2015) (quoting *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007)).

Plaintiff has pled facts sufficient to give rise to a strong inference that Defendant Youseif had actual knowledge of Defendant Alexander's fraudulent scheme. Defendant Youseif is the Executive Producer of NV and New Vision, the unincorporated business entities through which Defendants conducted the alleged fraud scheme. Am. Compl. ¶¶ 10-11, ECF No. 77. Defendant Youseif also resides with Defendant Alexander. *See id* at ¶ 12. According to Plaintiff, it was Defendant Youseif who created the false ad mailers and invoices despite knowing that NV and New Vision had not performed such services and did not intend to do so. *Id* at ¶ 26. If it is true, as this Court is required to presume at this stage of the litigation, that NV and New Vision were not conducting any advertising services for Plaintiff, then the fact that Defendant Youseif, the Executive Producer of the business entities, prepared mailers and invoices raises a strong inference that Defendant Youseif did so with actual knowledge of Defendant Alexander's fraud. *See id*.

The final element of Plaintiff's aiding and abetting claim, substantial assistance, requires that a defendant "affirmatively assists, helps conceal, or by virtue of failing to act when required to do so enables the fraud to proceed" *Ryan v. Hunton & Williams*, No. 99-CV-5938 (JG), 2000

9

WL 1375265 at *9 (E.D.N.Y. Sept. 20, 2000) (internal quotations omitted) (alterations incorporated). Plaintiff has sufficiently alleged substantial assistance as Defendant Youseif is alleged to have created the fraudulent mailers and invoices, without which Plaintiff would not have been induced to pay Defendants. Am. Compl. ¶ 26, ECF No. 77. I therefore recommend that Plaintiff has sufficiently pled aiding and abetting fraud.

     *iii.* *Plaintiff's Civil Conspiracy of Fraud Claim.*

A claim for civil conspiracy of fraud requires a plaintiff to allege (1) a claim of fraud, "(2) a corrupt agreement between two or more parties, (3) an overt act in furtherance of the agreement, (4) the parties' intentional participation in the furtherance of the agreed to plan, and (5) resulting damage or injury." *Green v. Beer*, No. 06-CV-4156 (KMW) (JCF), 2009 WL 911015 at *9, (S.D.N.Y. Mar. 31, 2009). Plaintiff has sufficiently pled civil conspiracy based on facts discussed in greater detail above. First, Plaintiff has pled fraud with sufficient particularity. Second, Plaintiff alleges that "Filardo schemed with Defendants to defraud [Plaintiff] by invoicing [Plaintiff] for advertising that was never actually performed." Am. Compl. ¶ 24, ECF No. 77. Third, Plaintiff has alleged numerous overt acts in which Defendants produced fraudulent mailings and invoices for advertising work never performed. *Id* at ¶¶ 25e, 26, 38-39. Fourth, Plaintiff's repeatedly allege that Defendants intended to solicit payments for services never performed through the use of these fraudulent mailings and invoices. *Id* at ¶¶ 24-26. Finally, Plaintiff alleges it did pay the invoices despite never receiving actual advertising services resulting in damages alleged in the complaint. *Id* at ¶ 46. I therefore recommend that Plaintiff's civil conspiracy claim has been sufficiently pled.

  **C.** **Plaintiff Has Sufficiently Alleged Aiding and Abetting Breach of Fiduciary Duty.**

In order to state a claim under New York law of aiding and abetting breach of a fiduciary duty, a plaintiff must allege "(1) a breach by a fiduciary of obligations to another of which the defendant had actual knowledge; (2) that the defendant knowingly induced or participated in the breach; and (3) that the plaintiff suffered damage as a result of the breach." Mem. and Order at 9, ECF No. 74 (citing *In re Sharp Int'l Corp.*, 403 F.3d 43, 49-50 (2d Cir. 2005)). As above, Plaintiff must sufficiently allege Defendants had actual knowledge of Filardo's fiduciary duty to Plaintiff in order to adequately state a claim for aiding and abetting a breach of that duty. *See Kolbeck*, 939 F. Supp. at 246.

Judge Kovner's previous order acknowledged that Filardo, as an employee of Plaintiff, owed a fiduciary duty to the same. *See* Mem. and Order at 10, ECF No. 74 (citing *Fairfield Fin. Mortg. Grp., Inc. v. Luca*, 584 F. Supp. 2d 479, 485 (E.D.N.Y. 2008)). Plaintiff has also sufficiently alleged knowing participation and damages through allegations that Defendants contracted with Plaintiff through Filardo to provide advertising services and collect payments without ever providing said services. Am. Compl. ¶¶ 21-26, ECF No. 77.

Plaintiff's original claim of aiding and abetting breach of fiduciary duty was dismissed because Plaintiff failed to allege that Defendants had actual knowledge of Filardo's fiduciary duty. *See* Mem. and Order at 10, ECF No. 74. Plaintiff has since rectified that deficiency and alleged in the amended complaint that Defendants were aware Filardo was an employee of, and owed a fiduciary duty to, Plaintiff. Am. Compl. ¶ 23, ECF No. 77. I therefore recommend that Plaintiff has sufficiently pled a claim for aiding and abetting breach of fiduciary duty.

### D. Plaintiff's Conversion Claims Should be Dismissed.

Plaintiff claims both conversion and civil conspiracy of conversion. For the reasons discussed below, I recommend both claims be dismissed.

11

### i. *Plaintiff has Failed to Adequately Plead Conversion.*

To state a claim for conversion, a plaintiff must allege "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; . . . (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights[;]" and (4) plaintiff demanded the property be returned and was refused by defendant. Mem. and Order at 10-11, ECF No. 74 (quoting *Moses v. Martin*, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004)); *see also ADP Investor Communication Services, Inc. v. In House Attorney Services, Inc.*, 390 F. Supp 2d 212, 223 (E.D.N.Y 2005).

Judge Kovner dismissed Plaintiff's initial claim for failing to identify a "specific identifiable thing." *See* Mem. and Order at 11, ECF No. 74. Plaintiff has since rectified this deficiency by identifying the specific named bank accounts Defendants used to deposit Plaintiff's payments. *See* Am. Compl. ¶ 46, 69, ECF No. 77; *ADP Investor Communication Services, Inc.*, 390 F. Supp 2d at 224 ("The identification of a named bank account has been found to satisfy the identifiable fund requirement.") However, Plaintiff's claim ultimately remains deficient as Plaintiff has failed to allege that it made a demand on Defendants to return the funds or that Defendants refused such a request. As dismissal is proper when a plaintiff fails to allege a demand or a refusal to return converted property, I recommend that the Court dismiss Plaintiff's conversion claim. *See Schloss v. Danka Business Systems PLC*, No. 99-CV-817 (DC), 2000 WL 282791 at *7 (S.D.N.Y. Mar. 16, 2000) (dismissing conversion claim where, among other reasons, plaintiff failed to allege defendants refused to return converted stock certificates).

### ii. *Plaintiff's Civil Conspiracy of Conversion Claim Fails as Plaintiff has Failed to Plead an Underlying Tort.*

12

Claims of civil conspiracy require an underlying tort in order to be sufficiently pled. *See Green*, 2009 WL 911015 at *9. As Plaintiff has failed to state a claim of conversion, I recommend that Plaintiff's civil conspiracy of conversion claim be dismissed as well.

## CONCLUSION

For the reasons given, I recommend that the Court GRANT, in part, and DENY, in part, Defendants' motion to dismiss. Should this Report and Recommendation be adopted I recommend that Defendants be directed to file an answer to the Amended Complaint no later than two weeks following the date of adoption.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                              /s/ Steven Tiscione
                                              Steven L. Tiscione
                                              United States Magistrate Judge
                                              Eastern District of New York

Dated: Central Islip, New York
        April 20, 2023