

**U.S. Department of Justice**
**Tax Division**
*Civil Trial Section, Northern Region*

| | |
|---|---|
| Attorney: Ryan D. Galisewski<br>Tel: 202-305-3719 / Fax: 202-514-5238<br>Email: ryan.d.galisewski@usdoj.gov | *Please reply to*:   P.O. Box 55, Ben Franklin Station<br>Washington, D.C. 20044 |

DAH:DMK:RDGalisewski
DJ 5-52-20827
CMN 2025100257

## Letter-Motion for Extension of Time

December 31, 2024

*By Electronic Case Filing (ECF)*

Magistrate Judge Steven L. Tiscione
U.S. District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom N504
Brooklyn, NY 11201

      Re:   *Star Auto Sales of Queens LLC v. Hanie Iskander et al.*,
              Case No. 1:19-cv-06791-RPK-ST

Dear Magistrate Judge Tiscione:

      I represent non-party Internal Revenue Service ("IRS") in connection with a subpoena issued in the above-referenced action. I write to request a three-week extension of time, until Monday, January 27, 2025, for the IRS to comply with or seek relief from the Court's Order concerning the subpoena (Doc. 120). The Department of Justice Tax Division was recently referred this matter from the IRS, right before the end-of-year holidays, and we need more time to gather information and explore options. The plaintiff Star Auto Sales of Queens LLC consents to this extension request.

      On November 18, 2024, the plaintiff filed a letter-motion seeking an Order directing the IRS to comply with a subpoena. Doc. 116. Later that day, Your Honor ordered a conference to discuss the motion and instructed a representative of the IRS to participate. Text Order dated 11/18/2024. For reasons the government is still trying to learn, no representative for the IRS appeared at the conference. Following the conference, Your Honor ordered the IRS to comply with the subpoena by January 5, 2025. Doc. 120. After receiving notice of this Order, the IRS referred the matter to my office in the Department of Justice, Tax Division, on Friday, December 20, 2025, right before the weeks of the federal holidays for Christmas and New Year.

      The government has been diligently researching the circumstances of the documents requested in the subpoena. The requested documents have not yet been located. A substantive response is not feasible by January 5, which is this coming Sunday. It is possible that the government will need to seek relief from the subpoena and the Court's order by motion. Section 6103 of the Internal Revenue Code, 26 U.S.C. § 6103, prohibits release of taxpayers' returns and

return information unless expressly authorized within the confines of the statute. One exception involves the taxpayer's consent to disclosure, *see* 26 U.S.C. § 6013(c), which was the path the plaintiff took to resolve an earlier dispute over tax-related requests to the IRS in this very case.[1] If the government cannot legally disclose the requested documents directly to the plaintiff, the most practical solution is likely to ensure the documents have been properly given to the taxpayer or other authorized person, who can then share them with the plaintiff.

For these reasons, the Court should grant the requested three-week extension to Monday, January 27, 2025, for the government to comply with or seek relief from the Court's order.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

RYAN D. GALISEWSKI
Trial Attorney

**Service List:**

To Plaintiff by CM/ECF

To Defendant John Alexander via email: jalexander@myhst.com

By U.S. Mail to both Defendants:

| | |
|---|---|
| Hanie Iskander | Nagwa Youseif |
| a/k/a John Alexander | 8259 Enclave Way, Unit 103 |
| 8259 Enclave Way, Unit 103 | Sarasota, FL 34243 |
| Sarasota, FL 34243 | |

---

[1] The plaintiff earlier obtained an Order from the Court directing the IRS to produce tax returns of defendants. After a Department of Justice attorney informed plaintiff's counsel of statutory restrictions on disclosure of taxpayer information without specific authorization, plaintiff opted instead to seek an Order directing the defendants to sign forms to authorize the release of their tax information. Doc. 70. Representing that the defendants executed tax authorizations, the plaintiff requested that the Court rescind its Order directed to the IRS. Doc. 73. The Department of Justice attorney involved at that time has since left the Department.