

**U.S. Department of Justice**
**Tax Division**
*Civil Trial Section, Northern Region*

| | |
|---|---|
| Attorney: Ryan D. Galisewski | |
| Tel: 202-305-3719 / Fax: 202-514-5238 | *Please reply to*: P.O. Box 55, Ben Franklin Station |
| Email: ryan.d.galisewski@usdoj.gov | Washington, D.C. 20044 |

DAH:DMK:RDGalisewski
DJ 5-52-20827
CMN 2025100257

### <u>Unopposed</u> Letter-Motion for Extension of Time

January 24, 2025

*By Electronic Case Filing (ECF)*

Magistrate Judge Steven L. Tiscione
U.S. District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom N504
Brooklyn, NY 11201

      Re:    *Star Auto Sales of Queens LLC v. Hanie Iskander et al.*,
                  Case No. 1:19-cv-06791-RPK-ST

Dear Magistrate Judge Tiscione:

      I represent non-party Internal Revenue Service ("IRS") in connection with a subpoena issued by plaintiff Star Auto Sales of Queens LLC in the above-referenced action. Shortly after my appearance in this case, the Court granted additional time, until January 25, for the IRS to comply with or seek relief from the Court's Order concerning the subpoena. (Text Order dated 12/31/2024.) The United States now requests another three weeks, until February 14, 2025, to comply with or seek relief from the subpoena. Plaintiff's counsel consents to this extension.

      On January 17, I provided substantive information concerning the subpoena's topics to plaintiff's counsel Jamie Felsen. When providing this new information, I requested plaintiff's written commitment to relieve the IRS of the subpoena. Plaintiff's counsel informed me that he has been busy preparing for trial and has not had time to review the new information.

      If plaintiff does not agree to relieve the IRS of the subpoena after reviewing the new information,[1] the IRS expects that it will move for relief from the subpoena and the Court's order for the IRS to comply with the subpoena. Section 6103 of the Internal Revenue Code prohibits release of taxpayers' returns and return information unless expressly authorized within the confines of the statute. Subpoenas generally are not valid against the government. *See Touhy v.*

---

[1] Earlier in this case, plaintiff requested the Court rescind an order directed to the IRS to produce tax returns. The plaintiff earlier obtained an Order from the Court directing the IRS to produce tax returns of defendants. After corresponding with a Department of Justice attorney and obtaining signed Forms 4506 from the defendants, the plaintiff requested that the Court rescind its Order directed to the IRS. Doc. 73.

*Ragen*, 340 U.S. 462 (1951). In addition, we have doubts that service of the subpoena was effective.

For these reasons, the Court should grant the requested three-week extension to Friday, February 14, 2025, for the IRS to comply with or seek relief from the subpoena and/or the Court's order.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Ryan Galisewski*
RYAN D. GALISEWSKI
Trial Attorney

**Service List:**

To Plaintiff by CM/ECF

To Defendant John Alexander via email: jalexander@myhst.com

By U.S. Mail to both Defendants:

Hanie Iskander
a/k/a John Alexander
8259 Enclave Way, Unit 103
Sarasota, FL 34243

Nagwa Youseif
8259 Enclave Way, Unit 103
Sarasota, FL 34243