*** Filed *** 06:08 PM, 28 Oct, 2025 U.S.D.C., Eastern District of New York

Magistrate Judge Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom N504
Brooklyn, New York 11201

Re:   Star Auto Sales of Queens LLC v. Hanie Iskander, et. al.
Case No.: 1:19-cv-06791-RPK-ST

Dear Magistrate Judge Tiscione:

I, Nagwa Youssef, am a pro se party in the above referenced matter. I hereby respectfully make an application for pro bono counsel pursuant to 28 U.S.C. § 1915(e) and in accordance with the Court's procedures which provide that in each civil action commenced in the Eastern District of New York, by or against a pro se party, the District Judge or Magistrate Judge (hereinafter "Judge") to whom the action is assigned may request pro bono counsel. See Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 310 (1989).

A pro se litigant who is seeking pro bono counsel may submit an application to the Judge assigned to the action. The Court considers the following factors to decide whether or not to grant an application for pro bono counsel: (i) the nature and complexity of the action; (ii) the potential merit of the claims; (iii) the inability of the pro se party to retain counsel by other means; (iv) the degree to which the interests of justice will be served by seeking pro bono counsel for the litigant; and (v) any other factors deemed appropriate by the Judge. See Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 204 (2d Cir. 2003); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).

For the Court's consideration of my application: (i) this case is a highly complex one that involves the same conduct at issue in a pending criminal case against my husband in New York State court; (ii)(a) I am not, and have never been, a party to the criminal case, (b) I have not been asked to testify in the criminal case, and, if I was asked to testify, I could not be compelled to do so because of spousal privilege, (c) as a result of the criminal case, this Court stayed the continued deposition of my husband in this civil case, and (d) I contend that the plaintiff has named me in this civil case

and requested to depose me in order to go on a fishing expedition and circumvent my spousal privilege; (iii) I do not have the financial means to hire and pay for an attorney; and (iv) for the foregoing reasons, I respectfully submit that the interests of justice would not be well served if I were compelled to submit to a deposition in this case without the assistance of pro bono counsel.

Respectfully submitted,
Nagwa Youssef
04/23/2025