**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

**STAR AUTO SALES OF QUEENS LLC**
**d/b/a STAR SUBARU,**

**Plaintiff,**

**-against-**

**HANIE ISKANDER, a/k/a "John Alexander"**
**AND NAGWA YOUSEIF a/k/a "Nagwa F Youseif",**

**Defendants.**

---------------------------------------------------------------x

**Case No.: 1:19-cv-06791 (MKB) (ST)**

**DECLARATION OF SERVICE**

SOPHIA FREIMAN declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

On November 4, 2026, deponent mailed the within modified November 4, 2026 Court Order via overnight mail return-receipt requested, to:

Hanie Iskander a/k/a John Alexander
Nagwa F. Youseif
36535 Garden Wall Way
Zephyrhills , FL 33541

I declare under penalty of perjury that the foregoing is true and correct.
Executed November 4, 2026

SOPHIA FREIMAN

ORIGIN ID:RMEA (516) 328-8899
JAMIE FELSEN, ESQ.
MILMAN LABUDA LAW GROUP
3000 MARCUS AVE
STE 3W8
LAKE SUCCESS, NY 11042
UNITED STATES US

SHIP DATE: 04NOV26
ACTWGT: 0.10 LB
CAD: 102101570/INET4535

BILL SENDER

TO **HANIE ISKANDER AKA JOHN ALEXANDER**
**NAGWA YOUSEIF**
**36535 GARDEN WALL WAY**

**ZEPHYRHILLS FL 33541**
(516) 328-3737 REF: STAR SUBARU - ALEXANDER
INV:
PO: DEPT:

58KJ7/80FA/484B

FedEx Express

J262026101501uv

TRK# 0201 **8797 4220 7722**

**THU - 05 NOV 5:00P**
**STANDARD OVERNIGHT**

**XA LALA**

**ASR**
**33541**

**FL-US TPA**

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**Jamie Felsen**

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **Sent:** | Wednesday, November 4, 2026 1:22 PM |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 1:19-cv-06791-RPK-ST Star Auto Sales of Queens LLC v. Iskander et al Order |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.**

*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 11/03/2026 at 4:14:39 PM EST and filed on 11/03/2026

**Case Name:** Star Auto Sales of Queens LLC v. Iskander et al
**Case Number:** 1:19-cv-06791-RPK-ST
**Filer:**
**Document Number:**

**Docket Text:**
**ORDER. Defendant's [180] Letter request dated October 30, 2026 is denied. Defendant Youssef must appear for her deposition by Zoom as previously ordered. Substituting written questions for oral testimony is inappropriate in a case where the value of Defendant witnesses' testimony "will turn on credibility determinations that cannot be adequately explored or assessed through defendant's proposed use of written questions." Horvath v. Deutsche Lufthansa, AG, No. 02 CIV. 3269 (PKC), 2004 WL 241671, at *4 (S.D.N.Y. Feb. 9, 2004) (see also Sadowski v. Technical Career Institutes, Inc., No. 93 Civ. 455, 1994 WL 240546 (S.D.N.Y. May 27, 1994) (denying request that defendant be limited to taking deposition on written questions of plaintiff: The use of oral depositions is often crucial to an attorney's assessment of the opposing party's case and to preparation for a trial. That is particularly true when, as here, the key issues involve a fairly tangled set of facts that are not susceptible to proof by**

**documentation, and there are potentially significant questions of credibility. Moreover, it has often, and appropriately, been observed that depositions on written questions are a generally inadequate substitute for an oral deposition since there is no meaningful possibility of follow-up questioning and the inquiring party is denied any opportunity to assess the demeanor, and thus the credibility, of the witness in responding to specific question [sic].); MillRun Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 549 (S.D.N.Y. Feb.17, 1989) (denying motion for protective order seeking to direct that depositions be taken by written questions where the interrogatory format does not permit the probing follow-up questions necessary in all but the simplest litigation[, and] without oral deposition, counsel are unable to observe the demeanor of the witness and evaluate his credibility in anticipation of trial... [and] written questions provide an opportunity for counsel to assist the witness in providing answers so carefully tailored that they are likely to generate additional discovery disputes.) (citations omitted).**

**Defendant's request for a protective order was denied because Defendant Youssef is a party to the case and cannot avoid deposition merely with the unsubstantiated claim by co-defendant Alexander that she does not possess information relevant to the claims. Moreover, the warning Defendant seeks is unnecessary, as opposing counsel is an officer of the Court and is therefore obligated to conduct the deposition with professional courtesy and to avoid asking personal questions that do not pertain to relevant issues in the case. If Defendants believe particular questions or conduct are inappropriate, they may object on the record at the deposition or, if necessary, contact chambers for a ruling on a deposition dispute.**

***Plaintiff's counsel is directed to serve a copy of this Order on the pro se Defendants by overnight mail, return-receipt requested, and file proof of such service on the docket.***

**So ordered by Magistrate Judge Steven Tiscione on 11/3/2026. (SAS) Modified on 11/4/2026 (SAS).**

**1:19-cv-06791-RPK-ST Notice has been electronically mailed to:**

Joseph M. Labuda joe@mllaborlaw.com, Bryan@mllaborlaw.com, annette@mllaborlaw.com, hdevito@mllaborlaw.com, info@mllaborlaw.com, kharper@mllaborlaw.com

Jamie Scott Felsen jamiefelsen@mmmlaborlaw.com

Jeremy Michael Koufakis jeremy@mllaborlaw.com, jkoufakis@recap.email

Kyle Francis Oakes Monaghan kmonaghan@nyrainc.com

**1:19-cv-06791-RPK-ST Notice will not be electronically mailed to:**

Hanie Iskander
a/k/a John Alexander
36535 Garden Wall Way
Zephyrhills, FL 33541

Nagwa Youseif

8259 Enclave Way, Unit 103
Sarasota, FL 34243

The following document(s) are associated with this transaction:

*This is a re-generated NEF. Created on 11/4/2026 at 1:22 PM EST*